ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS  #890149
Assistant Attorney-in-Charge
JESSICA SPOONER #105919
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
          Jessica.Spooner@doj.state.or.us

Marc Abrams as Attorney for Defendants State of Oregon, Legislative Assembly; State of Oregon, Senate Committee on Conduct; Floyd Prozanski, and Chuck Thomsen; Jessica Spooner as attorney for Sara Gelser

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON, LEGISLATIVE ASSEMBLY; STATE OF OREGON, SENATE COMMITTEE ON CONDUCT; SARA GELSER, individually; FLOYD PROZANSKI, individually; CHUCK THOMSEN, individually,,<br><br>Defendant. | Case No.  6:21-cv-00780_____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 42 U.S.C. 1983** |

PLEASE TAKE NOTICE that the civil case of the above captioned case *Laura Hanson*

*v. State of Oregon, Legislative Assembly, et al.,* Multnomah County Circuit Court Case No.

21CV19878 is hereby removed to the United States District Court for the District of Oregon,

Eugene Division, pursuant to 28 USC § 1331 and 1446.  The grounds for removal are as follows:

Page 1 -   **NOTICE OF REMOVAL OF ACTION UNDER 42 U.S.C. 1983**

1.      On May 17, 2021, plaintiffs filed their Complaint in the Multnomah County Circuit Court, Case No. 21CV19878, though proper venue was in Marion County.  Pursuant to 28 USC § 1446(a), a copy of the Complaint is attached hereto as **Exhibit 1**.

2.      The Complaint contains claims for violation of the United States Constitution, pursuant to 42 U.S.C. § 1983 and well as claims under the federal Americans with Disabilities Act, and the federal Family and Medical Leave Act.  The Court has jurisdiction over the civil rights claim pursuant to 28 U.S.C. § 1331, since that claim raises federal questions.

3.      A copy of the Complaint was received on May 17, 2021.

4.      Pursuant to 28 USC § 1446(d), a copy of this Notice of removal is being served upon Plaintiffs and a copy has been e-filed with the Multnomah County Circuit Court, attached hereto as **Exhibit 2**.

WHEREFORE, the above captioned case is removed from the Multnomah County Circuit Court and to the U.S. District Court for the District of Oregon.

DATED May __21__, 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


        *s/ Marc Abrams*
MARC ABRAMS #890149
Assistant Attorney-in-Charge
Attorney for Oregon Legislature, Senate
Committee on Conduct, Floyd Prozanski, and
Chuck Thomsen
JESSICA SPOONER #105919
Assistant Attorney General
Attorney for Sara Gelser
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
Jessica.Spooner@doj.state.or.us
Trial Attorneys

Page 2 -   **NOTICE OF REMOVAL OF ACTION UNDER 42 U.S.C. 1983**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY

| | |
|---|---|
| LAURA HANSON,<br>            Plaintiff,<br><br>v.<br><br>STATE OF OREGON, LEGISLATIVE ASSEMBLY; STATE OF OREGON, SENATE COMMITTEE ON CONDUCT; SARA GELSER, individually; FLOYD PROZANSKI, individually; CHUCK THOMSEN, individually;<br><br>            Defendants. | Case No.<br><br>COMPLAINT<br>(Employment Disability Discrimination, Medical Leave Interference, Medical Leave Retaliation, Whistleblower Retaliation, Civil Rights Violations)<br><br>Prayer: $1,200,000<br>Fee Authority: ORS 21.160(1)(d)<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Jury Trial Requested |

Plaintiff Laura Hanson alleges as follows:

## PARTIES AND VENUE

1.

Plaintiff Laura Hanson is a resident of Multnomah County, Oregon. Ms. Hanson is a qualified person with multiple disabilities. She has been diagnosed with mental and/or physical impairments that substantially limit many of her major life activities. At all times relevant to this Complaint, Defendants were aware of Ms. Hanson's disabilities. At all times relevant to this Complaint, Ms. Hanson was

COMPLAINT – Page 1

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

able to perform all of the essential functions of her job with or without accommodation.

2.

Defendants State of Oregon, Legislative Assembly (Defendant Legislature), and State of Oregon, Senate Conduct Committee (Defendant Conduct Committee), (collectively the Government Defendants) are state government entities, governing throughout the State of Oregon. At all times relevant to this Complaint, Defendant Legislature was Plaintiff's employer until it terminated her employment on October 7, 2020.

3.

Defendant Sara Gelser is a resident of Benton County, Oregon. At all times relevant to this Complaint, Defendant Gelser was a Senator in the Oregon Legislature and Plaintiff's direct supervisor acting in the scope and course of her position as a legislator, agent, employee, or proxy for Defendant Legislature. Defendant Gelser is sued in her individual capacity.

4.

Defendant Floyd Prozanski is a resident of Lane County, Oregon. At all times relevant to this Complaint, Defendant Prozanski was a Co-Chair of the Oregon Senate Conduct Committee and was acting in the scope or course of his position as a legislator, agent, employee, or proxy for the Government Defendants. Defendant Prozanski is sued in his individual capacity.

5.

Defendant Chuck Thomsen is a resident of Hood River County, Oregon. At all times relevant to this Complaint, Defendant Thomsen was a Co-Chair of the Oregon Senate Conduct Committee and was acting in the scope or course of his

COMPLAINT – Page 2

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

position as a legislator, agent, employee, or proxy for the Government Defendants or as a proxy for the Government Defendants. Defendant Thomsen is sued in his individual capacity.

6.

Venue is proper in Multnomah County because the cause of this action, or some part of it, arose in that county in that Defendants directed their actions towards Multnomah County, where Plaintiff worked from home and resided when she was suspended from work and assigned to home.

**FIRST CLAIM FOR RELIEF – ORS 659A.112**
**FAILURE TO ACCOMMODATE DISABILITY**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

7.

Plaintiff incorporates paragraphs 1-6 herein as though fully set forth.

8.

In December 2018, the Government Defendants hired Ms. Hanson as Chief of Staff for Defendant Gelser. Defendant Gelser and the Government Defendants knew Ms. Hanson had been diagnosed with multiple disabilities.

9.

At all times in acting as Ms. Hanson's supervisor, Defendant Gelser was acting in the scope and course of her employment with the Government Defendants or as a proxy for the Government Defendants.

10.

In October 2019, Ms. Hanson sustained an injury and required medical leave to recover. When Ms. Hanson returned, Defendant Gelser seemed angry, and it seemed like she was angry because Ms. Hanson took medical leave in that

COMPLAINT – Page 3

Defendant Gelser tried to oppose Ms. Hanson receiving paid days off for medical leave.

11.

On December 10, 2019, medical providers diagnosed Ms. Hanson with another disability. Ms. Hanson immediately reported this diagnosis to Defendant Gelser. Defendant Gelser did not say anything about accommodations or attempt to engage in any interactive process.

12.

On December 17, 2019, Ms. Hanson had a severe experience of impairment related to her disabilities. Ms. Hanson saw her therapist that afternoon and the therapist said it was urgent that Ms. Hanson take medical leave because of her disabilities.

13.

Later on December 17, 2019, Ms. Hanson wrote to Defendant Gelser, "I'm thinking about taking the 20th as a mental health day because the need is urgent[.]" Defendant Gelser knew that Ms. Hanson's disabilities are related to her mental health.

14.

On December 18, 2019, Defendant Gelser told Ms. Hanson she should wait until the next week to take time off. Because Defendant Gelser had been angry with Ms. Hanson about her recent medical leave, Ms. Hanson was afraid to insist she be allowed to take medical leave.

COMPLAINT – Page 4

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

15.

Later on December 18, 2019, Ms. Hanson texted Defendant Gelser that she had a severe symptom of illness. Defendant Gelser texted Ms. Hanson back, without acknowledging the illness or need for medical leave, and asked about a work task.

16.

Ms. Hanson worked on December 19 and 20, 2019, and through the weekend because Senator Gelser said she needed to and Ms. Hanson was afraid to demand to take medical leave.

17.

Through the week of December 23, 2019, Defendant Gelser pressured Ms. Hanson to continue working, texting her about a cell phone SIM card she wanted Ms. Hanson to change, telling her it cost "$5/day!!" "I'm on the hook for an additional $80z [sic]" "please do it ASAP." Defendant Gelser had purchased the phone in December 2018, and it was not until a year later, During Ms. Hanson's time off, that she decided this was an issue. Ms. Hanson complied with what Senator Gelser asked, continuing to stay in touch and work to the extent she was able.

18.

When Ms. Hanson returned to work on December 30, 2019, Defendant Gelser had made an error on a Legislative Facebook post. It was an easily correctable error, but Defendant Gelser was very angry about it. She texted Ms. Hanson: "There are so many consistent errors and that is not sustainable," blaming Ms. Hanson for her own error. It seemed like she was actually angry that Ms. Hanson had attempted to take time off.

COMPLAINT – Page 5

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

19.

Ms. Hanson texted Defendant Gelser, "This is a toxic and emotionally abusive work environment and no one can be successful within it." Ms. Hanson told Defendant Gelser she felt she was being forced out of her position. Ms. Hanson did not know at the time she might be eligible for disability accommodations, but she hoped her response would start a conversation with Defendant Gelser. When the Government Defendants first hired Ms. Hanson, she intended to make her position with Defendant Gelser a career, but because Defendant Gelser did not accommodate Ms. Hanson, and punished her for taking days off, Ms. Hanson felt she was having to choose between her job and her health.

20.

On December 31, 2019, Jessica Knieling, the HR Director for the Government Defendants, called Ms. Hanson. She told Ms. Hanson her days off may have been protected under medical leave law, that Ms. Hanson may have been entitled to disability accommodations. This was the first Ms. Hanson learned she might have legal protections for what she was experiencing. HR Director Knieling told Ms. Hanson there would be a mandatory investigation into Ms. Hanson's text to Defendant Gelser, under the legislature's Rule 27, even though Ms. Hanson did not want that. It seemed like Defendant Legislature was investigating Ms. Hanson in retaliation for complaining about her work environment.

21.

On January 2, 2020, Ms. Hanson emailed HR Director Knieling, "My understanding is that I am legally obligated to comply with the investigation, despite not wanting to or realizing that my text to the senator would prompt one." The HR Director did not respond.

COMPLAINT – Page 6

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

22.

On January 6, 2020, HR Director Knieling and Defendant Gelser required Ms. Hanson to meet with them in person in Defendant Gelser's office in the Capitol. Ms. Hanson was so anxious that morning that she texted Defendant Gelser that she had not slept the night before and had symptoms of illness in the morning. When Ms. Hanson arrived, her badge did not work in the building. HR Director Knieling and Defendant Gelser told Ms. Hanson she would be restricted from work and that they were taking her phone and computer. Ms. Hanson was crying and so anxious that she did not fully understand what was going on. Ms. Hanson asked how she would be able to manage Defendant Gelser's calendar if she did not have her phone and her computer. They told Ms. Hanson that she could spend a few hours with her computer and legislative email account to gather any evidence to "prove her claims" or materials she needed to support Defendant Gelser while she was on leave.

23.

On January 10, 2020, the Government Defendants required Ms. Hanson to meet with an investigator for their Rule 27 investigation. The Government Defendants hired an investigator who is an attorney for an insurance defense firm. Upon information and belief, this investigator has litigated against employees alleging discrimination and retaliation for approximately 30 years. In the interview, Ms. Hanson expressed that she was fearful regarding confidentiality and did not want to go through this process. Early in the meeting, the investigator emailed HR Director Knieling to ask whether Ms. Hanson was required to participate in the interview. HR Director Knieling did not respond. The Government Defendants' investigator told Ms. Hanson that she would never find that a person with mental

COMPLAINT – Page 7

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

health impairments falls under a protected class. Nevertheless, the investigator continued the interview. At the end of the interview, Defendant Legislature sent out a Memo clarifying that a person complaining of illegal conduct under Rule 27 could opt for a "confidential disclosure and process counseling." Ms. Hanson had not been offered that option.

24.

Around January 13, 2020, Ms. Hanson learned that there was a rumor going around Defendant Legislature's workplace that Ms. Hanson was suspended from work because someone had accused her of sexual assault. Ms. Hanson was shocked, as this clearly was not the case, and she asked HR Director Knieling whether there could be an announcement that Ms. Hanson was on "medical leave" to make it clear she was not accused of wrongdoing. HR Director Knieling said that was not possible because Ms. Hanson was on leave pending an investigation. This, again, made it clear that the Government Defendants were investigating Ms. Hanson in retaliation for her attempts to take medical leave related to her disabilities, for reporting and opposing interference with medical leave related to her disabilities, and/or retaliation for attempting to take medical leave related to her disabilities.

25.

On January 24, 2020, after learning of the Memo released January 10, 2019, Ms. Hanson emailed Defendant Legislature's Equity Officer (LEO), Jackie Sandmeyer, "Under Rule 27, section 11, it is my understanding that you are able to make the investigation confidential if I would like it to be. From my understanding, you are also able to stop the investigation if I so choose. Is that correct?"

COMPLAINT – Page 8

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

26.

On January 27, 2020, LEO Sandmeyer responded, "I'll talk to the investigators about the complaint and get back to you about what options you have." Later that day, LEO Sandmeyer emailed that because Defendant Gelser had made the complaint against herself under the Government Defendants' mandatory reporting requirements through Rule 27, the investigator was moving forward with the investigation no matter what Ms. Hanson wanted. Essentially, because Defendant Gelser complained against herself, the investigator was giving Defendant Gelser any benefits under Rule 27 to "complainants," although Defendant Gelser was the one accused of illegal retaliation.

27.

On January 29, 2020, LEO Sandmeyer reiterated that if Ms. Hanson declined to participate in the Government Defendants' investigation, the investigation would still go forward.

28.

On February 13, 2020, the Government Defendants' investigator interviewed Ms. Hanson again. Ms. Hanson complied with the interview, fearful that it seemed the Government Defendants appeared to be investigating Ms. Hanson under the guise of responding to Defendant Gelser's complaint about herself, although Ms. Hanson was accused of no wrongdoing.

29.

On March 12, 2020, the Government Defendants' investigator required Ms. Hanson to meet again for six hours. Ms. Hanson began crying and exhibiting severe distress during this meeting. Ms. Hanson expressed that this process had triggered suicidal thinking for her. The investigator provided no accommodations

COMPLAINT – Page 9

LAW OFFICE OF MEREDITH HOLLEY
207 E 5ᵗʰ Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

for Ms. Hanson through the investigation process, although Ms. Hanson showed and reported severe symptoms.

30.

On July 2, 2020, Ms. Hanson learned a hearing was set for July 15, 2020, in front of Defendant Conduct Committee regarding the Government Defendants' investigation into Defendant Gelser. Ms. Hanson asked for a postponement in the hearing because her doctor advised her she may have COVID-19 and to accommodate her disabilities. The Government Defendants denied her request. The Government Defendants now said Ms. Hanson was not required to attend the hearing, but because Ms. Hanson was the one suspended from work, not Defendant Gelser, Ms. Hanson was fearful that not attending could impact her employment.

31.

On July 15, 2020, Defendant Conduct Committee held a public hearing, questioning Ms. Hanson, and asking her to provide evidence. At that hearing, LEO Sandmeyer testified, "The only authority I have to put a party on administrative leave would be related to a Respondent as an interim measure. So, I could say that a responding party, you know, that I would have concern from my expertise or from information an investigator has, to say that that person may cause future reoccurrence of harm to an individual or may cause sort of a larger concern for harm to the capitol community." Although Ms. Hanson had not been accused of anything, this again confirmed that Ms. Hanson, as the one suspended from work, was being investigated in retaliation for her attempts to take medical leave related to her disabilities, for reporting and opposing interference with

COMPLAINT – Page 10

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

medical leave related to her disabilities, and/or retaliation for attempting to take medical leave related to her disabilities.

32.

Also at the July 15, 2020, hearing, Defendant Conduct Committee acknowledged that it had not considered any of Ms. Hanson's disabilities in its investigation and said Ms. Hanson would be required to initiate another public hearing process in order for Defendant Conduct Committee to consider her disabilities.

33.

On September 24, 2020, LEO Sandmeyer testified before Defendant Legislature that in the previous year, Defendant Legislature had paid over $600,000 to outside investigators under Rule 27. Upon information and belief, the Government Defendants paid that $600,000, for investigation of only 3-4 cases under Rule 27. Upon information and belief, the Government Defendants paid that $600,000, to insurance defense lawyers whose experience was in litigating against employees like Ms. Hanson.

34.

On October 7, 2020, Defendant Conduct Committee again held a public hearing, discussing Ms. Hanson's medical issues and whether they qualified her for protected class status under Rule 27. Defendant Conduct Committee voted that Ms. Hanson was protected under medical leave law.

35.

Later, on October 7, 2020, Defendant Gelser terminated Ms. Hanson's employment, accusing her of "errors" with no clarification. The only example of an "error" Defendant Gelser pointed to is an error Defendant Gelser herself made. Defendant Gelser also accused Ms. Hanson of deleting emails from her inbox. At

COMPLAINT – Page 11

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

Defendant Gelser's instruction, when Ms. Hanson was suspended from work on January 6, 2020, Ms. Hanson did delete "sent" notifications of emails Defendant Gelser and HR Director Knieling instructed her to forward to avoid crowding Defendant Gelser's outbox. Ms. Hanson did not delete original emails.

36.

On December 29, 2020, Plaintiff filed a complaint with the Bureau of Labor and Industries and the Equal Employment Opportunity Commission.

37.

On April 21, 2021, the Bureau of Labor and Industries issued Plaintiff a 90-day right-to sue-letter.

38.

The Government Defendants violated ORS 659A.112 in failing to accommodate Plaintiff in one or more of the following:

a) Opposing Ms. Hanson's paid leave after her October 2019 injury;

b) Interfering with time off Ms. Hanson needed related to her disabilities between December 17, 2019, and December 30, 2019;

c) Suspending Ms. Hanson from work after she reported that her work environment was not safe;

d) Requiring Ms. Hanson to go through hours and hours of a public investigation process with an investigator trained to litigate against employees, who openly stated she does not believe mental health diagnoses are protected under the law;

e) Requiring Ms. Hanson to participate in an investigation, when it claimed to have an informal reconciliation process, in which it did not allow Ms. Hanson to participate;

COMPLAINT – Page 12

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

f) Refusing to delay public hearings despite Ms. Hanson's requests for accommodation;

g) Discussing in public hearings whether Ms. Hanson's physical and/or mental health concerns qualified her for protection under employment law; and/or

h) Terminating Ms. Hanson because of "errors" made by someone else.

39.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

40.

Plaintiff is entitled to prevailing party costs and reasonable attorney fees and costs under ORS 659A.885.

**SECOND CLAIM FOR RELIEF – 42 USC § 12112**
**FAILURE TO ACCOMMODATE DISABILITY**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

41.

Plaintiff incorporates paragraphs 1-40 as though fully set forth herein.

COMPLAINT – Page 13

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

42.

The Government Defendants violated 42 USC § 12112 in failing to accommodate Plaintiff in one or more of the following:

    a) Opposing Ms. Hanson's paid leave after her October 2019 injury;

    b) Interfering with time off Ms. Hanson needed related to her disabilities between December 17, 2019, and December 30, 2019;

    c) Suspending Ms. Hanson from work after she reported that her work environment was not safe;

    d) Requiring Ms. Hanson to go through hours and hours of a public investigation process with an investigator trained to litigate against employees, who openly stated she does not believe mental health diagnoses are protected under the law;

    e) Requiring Ms. Hanson to participate in an investigation, when it claimed to have an informal reconciliation process, in which it did not allow Ms. Hanson to participate;

    f) Refusing to delay public hearings despite Ms. Hanson's requests for accommodation;

    g) Discussing in public hearings whether Ms. Hanson's physical and/or mental health concerns qualified her for protection under employment law; and/or

    h) Terminating Ms. Hanson because of "errors" made by someone else.

43.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame,

COMPLAINT – Page 14

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

44.

Plaintiff is entitled to reasonable attorney fees and costs under 42 USC § 12205.

**THIRD CLAIM FOR RELIEF – ORS 659A.112**
**DISABILITY DISCRIMINATION - TERMINATION**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

45.

Plaintiff incorporates paragraphs 1-44 as though fully set forth herein.

46.

The Government Defendants violated ORS 659A.112 in that they terminated Ms. Hanson's employment, rather than accommodate her, because of her disabilities.

47.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for

COMPLAINT – Page 15

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

48.

Plaintiff is entitled to prevailing party costs and reasonable attorney fees and costs under ORS 659A.885.

**FOURTH CLAIM FOR RELIEF – 42 USC § 12112
DISABILITY DISCRIMINATION - TERMINATION
(AGAINST THE GOVERNMENT DEFENDANTS)**

49.

Plaintiff incorporates paragraphs 1-48 as though fully set forth herein.

50.

The Government Defendants violated 42 USC § 12112 in that they terminated Ms. Hanson's employment, rather than accommodate her, because of her disabilities.

51.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

52.

Plaintiff is entitled to reasonable attorney fees and costs under 42 USC § 12205.

COMPLAINT – Page 16

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

**FIFTH CLAIM FOR RELIEF – ORS 659A.109**
**DISABILITY DISCRIMINATION - RETALIATION**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

53.

Plaintiff incorporates paragraphs 1-52 as though fully set forth herein.

54.

The Government Defendants violated ORS 659A.109 in that they terminated Ms. Hanson's employment, rather than accommodate her, after she reported retaliation related to her disabilities.

55.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

56.

Plaintiff is entitled to prevailing party costs and reasonable attorney fees and costs under ORS 659A.885.

COMPLAINT – Page 17

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

**SIXTH CLAIM FOR RELIEF – 42 USC § 12203**
**DISABILITY DISCRIMINATION - RETALIATION**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

57.

Plaintiff incorporates paragraphs 1-56 as though fully set forth herein.

58.

The Government Defendants violated 42 USC § 12203 in that they terminated Ms. Hanson's employment, rather than accommodate her, because she reported retaliation related to her disabilities.

59.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

60.

Plaintiff is entitled to reasonable attorney fees and costs under 42 USC § 12205.

**SEVENTH CLAIM FOR RELIEF – ORS 659A.112**
**DISABILITY DISCRIMINATION – DISPARATE IMPACT**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

61.

Plaintiff incorporates paragraphs 1-60 though fully set forth herein.

COMPLAINT – Page 18

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

62.

The Government Defendants violated ORS 659A.112 in creating, interpreting, and/or implementing internal policies that adversely impact employees because they protected under the law, such as Plaintiff as a person who attempted to take medical leave for disabilities, in one or more of the following:

a) In requiring employees to report other employees, such as Plaintiff, for talking about their protected class status or adverse treatment related to their protected status;

b) In requiring employees, such as Plaintiff, who are allegedly impacted by protected class harassment, discrimination, or retaliation to engage in investigation processes, even if they wish to opt out, in order to protect their jobs after reporting potential violations; and/or

c) In requiring employees, such as Plaintiff, to engage in public hearings regarding their protected class status.

63.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

COMPLAINT – Page 19

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

64.

Plaintiff is entitled to prevailing party costs and reasonable attorney fees and costs under ORS 659A.885.

**EIGHTH CLAIM FOR RELIEF – 42 USC § 12112**
**DISABILITY DISCRIMINATION – DISPARATE IMPACT**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

65.

Plaintiff incorporates paragraphs 1-64 though fully set forth herein.

66.

The Government Defendants violated 42 USC § 12112 in creating, interpreting, and/or implementing internal policies that adversely impact employees because they protected under the law, such as Plaintiff as a person who attempted to take medical leave for disabilities, in one or more of the following:

a) In requiring employees to report other employees, such as Plaintiff, for talking about their protected class status or adverse treatment related to their protected status;

b) In requiring employees, such as Plaintiff, who are allegedly impacted by protected class harassment, discrimination, or retaliation to engage in investigation processes, even if they wish to opt out, in order to protect their jobs after reporting potential violations; and/or

c) In requiring employees, such as Plaintiff, to engage in public hearings regarding their protected class status.

67.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame,

COMPLAINT – Page 20

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

68.

Plaintiff is entitled to reasonable attorney fees and costs under 42 USC § 12205.

## NINTH CLAIM FOR RELIEF – ORS 659A.183
### MEDICAL LEAVE INTERFERENCE
### (AGAINST THE GOVERNMENT DEFENDANTS)

69.

Plaintiff repeats and realleges paragraphs 1-68 as though fully set forth.

70.

At all times relevant to this Complaint, the individual defendants were acting in the scope of their positions as legislators, agents, employees, or proxies for the Government Defendants.

71.

The Government Defendants violated ORS 659A.183 by interfering with Plaintiff's medical leave in one or more of the following:

   a) In opposing Plaintiff's attempt to be paid for medical leave taken in October 2019;

   b) In telling Plaintiff it was not convenient to take medical leave on December 18, 2019;

COMPLAINT – Page 21

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

c) In failing to respond to Plaintiff's report of acute illness symptoms on December 18, 2019, and continuing to require her to work; and/or

d) Knowing Plaintiff's therapist said medical leave was urgent, in requiring Plaintiff to respond to work issues between December 18-30, 2019.

72.

Plaintiff is entitled to back pay, prevailing party costs, and reasonable attorney fees and costs under ORS 659A.885.

**TENTH CLAIM FOR RELIEF – 29 USC § 2601 ET SEQ**
**MEDICAL LEAVE INTERFERENCE**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

73.

Plaintiff repeats and realleges paragraphs 1-72 as though fully set forth.

74.

At all times relevant to this Complaint, the individual defendants were acting in the scope of their positions as legislators, agents, employees, or proxies for the Government Defendants.

75.

The Government Defendants violated 29 USC § 2601 *et seq.* by interfering with Plaintiff's medical leave in one or more of the following:

a) In opposing Plaintiff's attempt to be paid for medical leave taken in October 2019;

b) In telling Plaintiff it was not convenient to take medical leave on December 18, 2019;

c) In failing to respond to Plaintiff's report of acute illness symptoms on December 18, 2019, and continuing to require her to work;

COMPLAINT – Page 22

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

d) In refusing to reset public hearings regarding Plaintiff's protected class status when Plaintiff requested accommodation of a short delay in hearing date; and/or

e) Knowing Plaintiff's therapist said medical leave was urgent, in requiring Plaintiff to respond to work issues between December 18-30, 2019.

76.

Plaintiff is entitled to back pay, prevailing party costs, and reasonable attorney fees and costs under ORS 659A.885.

### ELEVENTH CLAIM FOR RELIEF – ORS 659A.183
### MEDICAL LEAVE RETALIATION
### (AGAINST THE GOVERNMENT DEFENDANTS)

77.

Plaintiff repeats and realleges paragraphs 1-76 as though fully set forth.

78.

At all times relevant to this Complaint, the individual defendants were acting in the scope of their positions as legislators, agents, employees, or proxies for the Government Defendants.

79.

The Government Defendants violated ORS 659A.183 by retaliating against Plaintiff for taking medical leave in one or more of the following:

a) In opposing Plaintiff's attempt to be paid for medical leave taken in October 2019;

b) In accusing Plaintiff of "errors" that were actually Defendant Gelser's error after Plaintiff attempted to take medical leave;

c) In suspending Plaintiff from work after she attempted to take medical leave and reported interference with that leave;

COMPLAINT – Page 23

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

d) In refusing to stop the Rule 27 hearing process after Plaintiff expressed that she did not wish it to go forward;

e) In holding public hearings regarding Plaintiff's protected class status when she did not wish to participate in any investigation process;

f) In refusing to reset public hearings regarding Plaintiff's protected class status when Plaintiff requested accommodation of a short delay in hearing date;

g) In requiring Plaintiff to go through three interviews with an investigator when she asked for an investigation not to happen;

h) In considering allegations regarding Plaintiff's performance in its investigation regarding Defendant Gelser; and/or

i) In terminating Plaintiff for reporting interference with medical leave related to her disabilities and retaliation for attempting to take medical leave.

80.

Plaintiff is entitled to back pay, prevailing party costs, and reasonable attorney fees and costs under ORS 659A.885.

**TWELFTH CLAIM FOR RELIEF – 29 USC § 2601 ET SEQ**
**MEDICAL LEAVE INTERFERENCE**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

81.

Plaintiff repeats and realleges paragraphs 1-80 as though fully set forth.

COMPLAINT – Page 24

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

Exhibit 1, Page 24 of 40

82.

At all times relevant to this Complaint, the individual defendants were acting in the scope of their positions as legislators, agents, employees, or proxies for the Government Defendants.

83.

The Government Defendants violated 29 USC § 2601 *et seq.* by retaliating against Plaintiff for taking medical leave in one or more of the following:

    a) In opposing Plaintiff's attempt to be paid for medical leave taken in October 2019;

    b) In accusing Plaintiff of "errors" that were actually Defendant Gelser's error after Plaintiff attempted to take medical leave;

    c) In suspending Plaintiff from work after she attempted to take medical leave and reported interference with that leave;

    d) In refusing to stop the Rule 27 hearing process after Plaintiff expressed that she did not wish it to go forward;

    e) In holding public hearings regarding Plaintiff's protected class status when she did not wish to participate in any investigation process;

    f) In refusing to reset public hearings regarding Plaintiff's protected class status when Plaintiff requested accommodation of a short delay in hearing date;

    g) In requiring Plaintiff to go through three interviews with an investigator when she asked for an investigation not to happen;

    h) In considering allegations regarding Plaintiff's performance in its investigation regarding Defendant Gelser; and/or

COMPLAINT – Page 25

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

i) In terminating Plaintiff for reporting interference with medical leave related to her disabilities and retaliation for attempting to take medical leave.

84.

Plaintiff is entitled to back pay, prevailing party costs, and reasonable attorney fees and costs under ORS 659A.885.

### THIRTEENTH CLAIM FOR RELIEF – ORS 659A.199 WHISTLEBLOWER RETALIATION (AGAINST THE GOVERNMENT DEFENDANTS)

85.

Plaintiff repeats and realleges paragraphs 1-84 as though fully set forth.

86.

Defendants violated ORS 659A.199 in one or more of the following:

a) In suspending Plaintiff from work;

b) In pursuing a purported investigation of Defendant Gelser with an investigator who stated she did not believe mental health disabilities are protected under the law;

c) In continuing to pursue an investigation regardless of Plaintiff's requests to follow an informal reconciliation process;

d) In holding public hearings regarding whether Plaintiff's medical diagnoses fall under a protected class; and/or

e) In terminating Plaintiff for reporting interference with medical leave related to her disabilities and retaliation for attempting to take medical leave.

COMPLAINT – Page 26

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

All because Plaintiff reported in good faith information that she believed to be evidence of a violation of a state or federal law, rule, or regulation by reporting she believed Defendants interfered with medical leave related to her disabilities.

87.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

88.

Plaintiff is entitled to prevailing party costs and reasonable attorney fees and costs under ORS 659A.885.

**FOURTEENTH CLAIM FOR RELIEF – ORS 659A.203**
**PUBLIC EMPLOYER WHISTLEBLOWER RETALIATION**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

89.

Plaintiff repeats and realleges paragraphs 1-88 as though fully set forth.

90.

Defendants violated ORS 659A.203 in one or more of the following:

    a) In suspending Plaintiff from work;

COMPLAINT – Page 27

LAW OFFICE OF MEREDITH HOLLEY
207 E 5ᵗʰ Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

b) In pursuing a purported investigation of Defendant Gelser with an investigator who stated she did not believe mental health disabilities are protected under the law;

c) In continuing to pursue an investigation regardless of Plaintiff's requests to follow an informal reconciliation process;

d) In holding public hearings regarding whether Plaintiff's medical diagnoses fall under a protected class; and/or

e) In terminating Plaintiff for reporting interference with medical leave related to her disabilities and retaliation for attempting to take medical leave.

All because Plaintiff in good faith reported information that she believed to be evidence of a violation of a law, rule, regulation, mismanagement, gross waste of funds, or abuse of authority.

91.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

COMPLAINT – Page 28

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

92.

Plaintiff is entitled to prevailing party costs and reasonable attorney fees and costs under ORS 659A.885.

### FIFTEENTH CLAIM FOR RELIEF – ORS 659A.030
### AIDER AND ABETTOR
### (AGAINST DEFENDANT GELSER)

93.

Plaintiff repeats and realleges paragraphs 1-92 as though fully set forth.

94.

Defendant Gelser violated ORS 659A.030 by aiding abetting, inciting, compelling or coercing the Government Defendants to discriminate and retaliate against Plaintiff as described above because she took medical leave related to her disabilities in one or more of the following:

a) In opposing Plaintiff receiving paid leave for her injury in October 2019;

b) In interfering with Plaintiff taking "urgent" medical leave between December 17 and 30, 2019;

c) In accusing Plaintiff of making an "error," which was Defendant Gelser's own error, in retaliation for Plaintiff attempting to take leave between December 17 and 30, 2019;

d) Knowing it would initiate a public hearings process, in reporting Plaintiff to Human Resources when Plaintiff told Defendant Gelser her behavior was abusive;

e) In terminating Plaintiff's employment after Plaintiff engaged in the Government Defendants' Rule 27 process, reporting Defendant Gelser's discriminatory conduct related to Plaintiff's attempts to take medical leave for her disabilities.

COMPLAINT – Page 29

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

95.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

96.

Plaintiff is entitled to prevailing party costs and reasonable attorney fees and costs under ORS 659A.885.

### SIXTEENTH CLAIM FOR RELIEF – ORS 659A.030
### AIDER AND ABETTOR
### (AGAINST DEFENDANTS PROZANSKI, AND THOMSEN)

97.

Plaintiff repeats and realleges paragraphs 1-96 as though fully set forth.

98.

Defendants Prozanski and Thomsen violated ORS 659A.030 by aiding abetting, inciting, compelling or coercing the Government Defendants to discriminate and retaliate against Plaintiff as described above because she took medical leave related to her disabilities in one or more of the following:

   a)  In imposing Rule 27 on employees, including Plaintiff, when Rule 27 blatantly targets employees who fall under protected classes with

COMPLAINT – Page 30

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

retaliation in the form of public, invasive, investigations and hearings for reporting discrimination or retaliation related to their protected class;

b) In refusing to stop or delay the Rule 27 process despite Plaintiff's requests for accommodation;

c) In relying on an insurance defense lawyer whose experience is in litigating against employees for determination in Plaintiff's Rule 27 process;

d) In refusing to consider evidence Plaintiff offered for their determination, but instead relying solely on evaluation provided by an insurance defense lawyer whose experience is in litigating against employees who have reported discrimination and retaliation;

e) In refusing to consider Plaintiff's disabilities in their determination regarding whether Defendant Gelser interfered with Plaintiff's medical leave related to her disabilities, unless Plaintiff participated in a second investigation; and/or

f) In finding against Plaintiff without considering her evidence and while refusing to take her disabilities into consideration.

99.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for

COMPLAINT – Page 31

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

100.

Plaintiff is entitled to prevailing party costs and reasonable attorney fees and costs under ORS 659A.885.

**SEVENTEENTH CLAIM FOR RELIEF – 42 U.S.C. § 1983
FOURTEENTH AMENDMENT EQUAL PROTECTION – MONELL
(AGAINST THE GOVERNMENT DEFENDANTS)**

101.

Plaintiff repeats and realleges paragraphs 1-100 as though fully set forth.

102.

At all material times, the individual defendants were acting individually and jointly under color of state law and within the scope of their employment with the Government Defendants.

103.

The actions of Defendants, individually and jointly, targeted Plaintiff as a person with a disability, in violation of her right to equal protection under the law guaranteed by the Fourteenth Amendment to the US Constitution. The Government Defendants are liable for violation of Plaintiff's right to equal protection under the Fourteenth Amendment in one or more of the following:

a) In creating, interpreting, and/or implementing Rule 27, which is a policy that directly targets employees, like Plaintiff, who complain about employment violations related to protected characteristics or actions under the law with public investigation and hearings processes;

COMPLAINT – Page 32

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

b) In creating, interpreting, and/or implementing Rule 27, which requires employees of the Government Defendants to report anyone who complains of an employment violation related to a protected class through a mandatory reporting requirement, subjecting employees, like Plaintiff, reporting violations to invasive investigation and hearings processes in order to attempt to protect their positions; and/or

c) In that the Government Defendant's final policy makers, Defendants Gelser, Prozanski, and/or Thomsen took actions and/or ratified actions that discriminated against Plaintiff as described above and incorporated herein.

104.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

105.

Plaintiff is entitled to reasonable attorney fees and costs under 42 U.S.C. § 1988.

**EIGHTEENTH CLAIM FOR RELIEF – 42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT EQUAL PROTECTION**
**(AGAINST DEFENDANT GELSER)**

106.

Plaintiff repeats and realleges paragraphs 1-105 as though fully set forth.

COMPLAINT – Page 33

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

107.

At all times Defendant Gelser was individually under color of state law, within the scope of her duties for Defendant Legislature.

108.

Defendant Gelser violated Plaintiff's right to equal protection under the Fourteenth Amendment to the US Constitution, as a person with disabilities, in one or more of the following:

a) In opposing Plaintiff receiving paid leave for her injury in October 2019;

b) In interfering with Plaintiff taking "urgent" medical leave between December 17 and 30, 2019;

c) In accusing Plaintiff of making an "error," which was Defendant Gelser's own error, in retaliation for Plaintiff attempting to take leave between December 17 and 30, 2019;

d) Knowing it would initiate a public hearings process, in reporting Plaintiff to Human Resources when Plaintiff told Defendant Gelser her behavior was abusive;

e) In terminating Plaintiff's employment after Plaintiff engaged in the Government Defendants' Rule 27 process, reporting Defendant Gelser's discriminatory conduct related to Plaintiff's attempts to take medical leave for her disabilities.

109.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career

COMPLAINT – Page 34

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

110.

Plaintiff is entitled to reasonable attorney fees and costs under 42 U.S.C. § 1988.

### NINETEENTH CLAIM FOR RELIEF – 42 U.S.C. § 1983
### FOURTEENTH AMENDMENT EQUAL PROTECTION
### (AGAINST DEFENDANTS PROZANSKI AND THOMSEN)

111.

Plaintiff repeats and realleges paragraphs 1-110 as though fully set forth.

112.

At all times Defendants Prozanski and Thomsen were acting individually under color of state law, within the scope of their duties for the Government Defendants.

113.

Defendants Prozanski and Thomsen violated Plaintiff's right to equal protection under the Fourteenth Amendment to the US Constitution, as a person with disabilities, in one or more of the following:

   a) In imposing Rule 27 on employees, including Plaintiff, when Rule 27 blatantly targets employees who fall under protected classes with retaliation in the form of public, invasive, investigations and hearings for reporting discrimination or retaliation related to their protected class;

   b) In refusing to stop or delay the Rule 27 process despite Plaintiff's requests for accommodation;

COMPLAINT – Page 35

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

c) In relying on an insurance defense lawyer whose experience is in litigating against employees for determination in Plaintiff's Rule 27 process;

d) In refusing to consider evidence Plaintiff offered for their determination, but instead relying solely on evaluation provided by an insurance defense lawyer whose experience is in litigating against employees who have reported discrimination and retaliation;

e) In refusing to consider Plaintiff's disabilities in their determination regarding whether Defendant Gelser interfered with Plaintiff's medical leave related to her disabilities, unless Plaintiff participated in a second investigation; and/or

f) In finding against Plaintiff without considering her evidence and while refusing to take her disabilities into consideration.

114.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

115.

Plaintiff is entitled to reasonable attorney fees and costs under 42 U.S.C. § 1988.

COMPLAINT – Page 36

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

**TWENTIETH CLAIM FOR RELIEF – 42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS**
**(AGAINST THE GOVERNMENT DEFENDANTS)**

116.

Plaintiff repeats and realleges paragraphs 1-115 as though fully set forth.

117.

At all times the individual defendants were acting individually and jointly under color of state law, within the scope of their duties for the Government Defendants.

118.

At all times, Plaintiff had a protected interest in her reputation, wages, and other benefits associated with her employment.

119.

The Government Defendants deprived Plaintiff of her right to procedural due process through their Rule 27 policy, which in its wording, practice, or implementation retaliates against people with disabilities, such as Plaintiff. As applied to Plaintiff the Government Defendants' Rule 27 deprived Plaintiff of procedural due process in that it required another employee to report her for opposing retaliation for her attempt to take medical leave related to her disabilities, suspended her from work, impacted her reputation, subjected her to public investigations and hearings, and ultimately deprived her of her wages and benefits related to her employment.

120.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career

COMPLAINT – Page 37

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

121.

Plaintiff is entitled to reasonable attorney fees and costs under 42 U.S.C. § 1988.

### TWENTY-FIRST CLAIM FOR RELIEF – 42 U.S.C. § 1983
### FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS
### (AGAINST DEFENDANTS GELSER, PROZANSKI, AND THOMSEN)

122.

Plaintiff repeats and realleges paragraphs 1-121 as though fully set forth.

123.

At all times Defendants Gelser, Prozanski, and Thomsen were acting individually and jointly under color of state law, within the scope of their duties for the Government Defendants.

124.

At all times, Plaintiff had a protected interest in her reputation, wages, and other benefits associated with her employment.

125.

Defendants deprived Plaintiff of her right to procedural due process in creating, interpreting, and/or implementing the Government Defendants' Rule 27 in such a way that it retaliates against people with disabilities like Plaintiff. As applied to Plaintiff the individual defendants' interpretation and implementation of Rule 27 required another employee to report Plaintiff for opposing retaliation for her

COMPLAINT – Page 38

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

attempt to take medical leave related to her disabilities, suspended Plaintiff from work, impacted Plaintiff's reputation, subjected Plaintiff to public investigations and hearings, and ultimately deprived Plaintiff of her wages and benefits related to her employment.

126.

The Government Defendants' actions caused Plaintiff lifetime wage loss and career disruption of approximately $700,000, past and future medical expenses of approximately $50,000, and more drastically betrayal, stress, anxiety, shame, humiliation, degradation, sleeplessness, disruption to her normal routines, career interruption, and so much fear and hopelessness that Plaintiff experienced suicidal thinking as a result of having an employer she was dedicated to turn against her and force her through a public hearings process regarding medical diagnoses for her disabilities. Compensation for each of these harms should be determined by a jury at trial not to exceed $1,200,000.

127.

Plaintiff is entitled to reasonable attorney fees and costs under 42 U.S.C. § 1988.

_____

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.  Fair and reasonable economic and noneconomic damages in an amount to be determined by the jury, not to exceed $1,200,000;

b.  For attorney fees under ORS 659A.885, 42 USC § 12205, and 42 USC 1988;

c.  For prevailing party costs under ORS 659A.885;

COMPLAINT – Page 39

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615

d.  For prejudgement and postjudgment interest; and

e.  For reasonable costs and disbursements incurred in this action.

DATED this 17th day of May, 2021.

_____

Meredith Holley, OSB #125647
meredith@erisresolution.com
LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615
Attorney for Plaintiff

Trial Attorney:        Meredith Holley

COMPLAINT – Page 40

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| LAURA HANSON, | Case No. 21CV19878 |
| Plaintiff, | **NOTICE OF FILING NOTICE OF REMOVAL** |
| v. | |
| STATE OF OREGON, LEGISLATIVE ASSEMBLY; STATE OF OREGON, SENATE COMMITTEE ON CONDUCT; SARA GELSER, individually; FLOYD PROZANSKI, individually; CHUCK THOMSEN, individually, | **ORS 20.140 - State fees deferred at filing** |
| Defendants. | |

Please take notice that on May 21, 2021, Defendants filed in the US District Court for the District of Oregon, Eugene Division, a Notice of Removal of the above-entitled matter to that court.

A full and true copy of the Notice of Removal is attached pursuant to 28 U.S.C. § 1446(d).

DATED May  21 , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Marc Abrams_
MARC ABRAMS #890149
Assistant Attorney-in-Charge
JESSICA SPOONER #105919
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
Jessica.Spooner@doj.state.or.us
Of Attorney for Defendants

Page 1 -   **NOTICE OF FILING NOTICE OF REMOVAL**
MA/mm8/40860627

# CERTIFICATE OF SERVICE

I certify that on May __21__, 2021, I served the foregoing NOTICE OF FILING NOTICE OF REMOVAL upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Meredith Holley | ___ HAND DELIVERY |
| Eris Conflict Resolution | _X_ MAIL DELIVERY |
| 207 E 5th Avenue, Suite 254 | ___ OVERNIGHT MAIL |
| Eugene, OR 97401 | ___ E-MAIL |
| *Of Attorney for Plaintiff* | _X_ E-SERVE |

_s/ Marc Abrams_
MARC ABRAMS #890149
Assistant Attorney-in-Charge
JESSICA SPOONER #105919
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
Jessica.Spooner@doj.state.or.us
Of Attorney for Defendants

Page 1 -   CERTIFICATE OF SERVICE
MA/jc4/40844651

Exhibit 2, Page 2 of 2

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Laura Hanson

**DEFENDANTS**
State of Oregon, Legislative Assembly; State of Oregon, Senate Committee on Conduct, et al.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Meredith Holley, Eris Conflict Resolution, 207 E 5th Avenue, Suite 254, Eugene, OR 97401, (458) 221-2671

Attorneys *(If Known)*
Marc Abrams and Jessica Spooner, AAGs, DOJ, 100 SW Market St, Portland, OR 97201, (971) 673-1880

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**42 USC 1983**
Brief description of cause:
Employment Disability Discrimination, Medical Leave Interference/Retaliation, Whistleblower, etc.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1,200,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Multnomah Circuit
DOCKET NUMBER Case No. 21CV19878

DATE 5-21-2021

SIGNATURE OF ATTORNEY OF RECORD
s/ Marc Abrams

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.