IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**STATE OF OREGON, LEGISLATIVE ASSEMBLY**; **STATE OF OREGON, SENATE COMMITTEE ON CONDUCT**; **SARA GELSER**, individually; **FLOYD PROZANSKI**, individually; and **CHUCK THOMSEN**, individually,<br><br>　　　　Defendants. | Case No. 3:21-cv-780-SI<br><br>**OPINION AND ORDER** |

Meredith A. Holley, LAW OFFICE OF MEREDITH HOLLEY, 207 E. Fifth Avenue, Suite 254, Eugene, OR 97401. Of Attorneys for Plaintiff.

Ellen F. Rosenblum, Attorney General; Marc Abrams, Assistant Attorney-in-Charge; and Jessica B. Spooner, Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 100 SW Market Street, Portland, OR 97201. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

　　　　Laura Hanson (Ms. Hanson) was employed by the Legislative Assembly of the State of

Oregon (the Legislature) until the Legislature terminated her employment on October 7, 2020. In

May 2021, Ms. Hanson filed a lawsuit in state court against five defendants: the Legislature; the

Legislature's Senate Committee on Conduct (Committee); and three individual state legislators,

PAGE 1 – OPINION AND ORDER

State Senator Sara Gelser (Sen. Gelser), State Senator Floyd Prozanski (Sen. Prozanski), and State Senator Chuck Thomsen (Sen. Thomsen). In her Complaint (Compl.) (ECF 1), Ms. Hanson asserts 21 claims for relief, including employment disability discrimination in violation of federal and state law, medical leave interference in violation of federal and state law, whistleblower retaliation in violation of state law, and violations of her constitutional rights to equal protection and procedural due process under the Fourteenth Amendment. Defendants removed the case to federal court based on federal question jurisdiction.

Under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Legislature and the Committee (collectively, the State Defendants) moved to dismiss Plaintiff's second, fourth, sixth, and eighth claims, which allege violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*. ECF 8.[1] In support of their motion to dismiss Plaintiff's ADA claims, the State Defendants assert three independent and alternative arguments.

The State Defendants argue that, under the Eleventh Amendment to the United States Constitution, they may not be sued in federal court by a private party seeking money damages. This raises the question of whether the State Defendants have waived their Eleventh Amendment immunity by removing this case from state court to federal court. The State Defendants also contend that, under the doctrine of state sovereign immunity generally, they may not be sued for

---

[1] The State Defendants' partial motion to dismiss (ECF 8) supersedes their previously filed motion (ECF 7). Accordingly, the Court denies as moot the State Defendants' earlier motion (ECF 7). In addition, both versions of the State Defendants' partial motion to dismiss challenge only Plaintiff's second, fourth, and sixth claims. In the State Defendants' reply memorandum, however, they explain that they neglected to move against Plaintiff's eighth claim on the same basis that they moved against Plaintiff's second, fourth, and sixth claims and ask the Court to consider their pending motion to be asserted against all four claims. ECF 11 at 2 n.1. Because doing so will serve interests of efficiency while causing no unfair prejudice to Plaintiff, the Court construes the State Defendants' pending motion to be directed against Plaintiff's second, fourth, sixth, and eighth claims.

money damages for violating Titles I and V of the ADA. This raises the question of whether Oregon has waived its state sovereign immunity for those claims under the Oregon Tort Claims Act (OTCA), Oregon Revised Statutes (ORS) §§ 30.260-30.300. Finally, the State Defendants maintain that even if they have waived Eleventh Amendment immunity by removing this case and have waived state sovereign immunity for these claims under the OTCA, neither Title I nor Title V of the ADA apply to states. This raises a question of statutory construction under the ADA. For the reasons discussed below, the Court concludes: (1) by removing this case, the State Defendants have waived their Eleventh Amendment immunity; (2) under the OTCA, the State Defendants have waived state sovereign immunity against Plaintiff's ADA claims; and (3) Titles I and V of the ADA apply to the State Defendants. Accordingly, the Court denies the State Defendants' partial motion to dismiss.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2

(9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

Ms. Hanson has been diagnosed with mental and physical impairments that substantially limit many of her major life activities. Compl. ¶ 1. In December 2018, the Legislature hired Ms. Hanson as Chief of Staff for Sen. Gelser, and Sen. Gelser and the State Defendants knew that Ms. Hanson had been diagnosed with multiple disabilities. Compl. ¶ 8. In October 2019, Ms. Hanson sustained an injury that required her to take medical leave. Compl. ¶ 10. On December 10, 2019, Ms. Hanson's medical providers diagnosed her with another disability, which she promptly reported to Sen. Gelser. Compl. ¶ 11. On December 17, 2019, Ms. Hanson had a severe experience of impairment related to her disabilities, and Ms. Hanson's therapist advised Ms. Hanson to take additional medical leave. Compl. ¶ 12.

On January 6, 2020, Sen. Gelser and Jessica Knieling, the Human Resources Director for the State Defendants, informed Ms. Hanson that she would be "restricted from work and that they were taking her phone and computer." Compl. ¶ 22. Many work-related events may have

occurred during the next nine months, some of which may be disputed as this lawsuit progresses. They are not, however, relevant to the pending motion. On October 7, 2020, Sen. Gelser and Ms. Knieling informed Ms. Hanson that her employment was terminated. Compl. ¶ 35.

## DISCUSSION

The State Defendants have moved to dismiss Plaintiff's second, fourth, sixth, and eighth claims. Plaintiff's second claim alleges failure to accommodate a disability in violation of Title I of the ADA,[2] specifically 42 U.S.C. § 12112.[3] Plaintiff's fourth claim alleges disability discrimination by termination, also in violation of Title I of the ADA, 42 U.S.C. § 12112. Plaintiff's sixth claim alleges disability discrimination by retaliation in violation of Title V of the ADA, specifically 42 U.S.C. § 12203.[4] Plaintiff's eighth claim alleges disability discrimination by disparate impact in violation of Title I of the ADA, specifically 42 U.S.C. § 12112.

---

[2] The ADA prohibits discrimination based on disability and is divided into five titles. Title I of the ADA prohibits employers with 15 or more employees from discriminating in hiring, promoting, training, and providing other privileges or benefits of employment. Title I of the ADA requires that employers reasonably accommodate the known physical or mental limitations of otherwise qualified individuals with disabilities unless doing so would result in an undue hardship to the employer. Title II of the ADA requires state and local governments, regardless of size or receipt of federal funding, to provide an equal opportunity to persons with disabilities to benefit from all of the programs, services, and activities offered (e.g., public education, recreation, health care, social services, etc.). Title III of the ADA imposes both prohibitions and affirmative obligations on providers of public accommodations to assist persons with disabilities or prevent discrimination against them. Title IV of the ADA requires common carriers (e.g., telephone companies) to provide certain services that assist persons with disabilities. Title V of the ADA contains miscellaneous provisions, including prohibiting retaliation and coercion.

[3] Section 12112 provides, in relevant part: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

[4] Section 12203 provides:

> (a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge,

In support of their motion to dismiss, the State Defendants contend that they "are immune from these suits by determination of Congress and the Eleventh Amendment (and therefore there is a lack of subject matter jurisdiction), and the claims fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and (6)." ECF 8 at 2.[5] State governments and related public bodies have two general types of immunity from suit. First, there is immunity from suit in federal court, as provided in the Eleventh Amendment. Second, there is immunity from suit, even in

---

> testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.
>
> (c) Remedies and procedures. The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to subchapter I, subchapter II and subchapter III, respectively.

42 U.S.C. § 12203.

[5] The State Defendants' partial motion to dismiss reads as follows:

> Defendants move for an order dismissing the Complaint's Second, Fourth and Sixth Claims for Relief (alleging violations of Title I and Title V of the Americans with Disabilities Act *of procedural due process under the 14th Amendment*) on the ground that the defendants named in these claims — the Legislature and the Senate Conduct Committee — are immune from these suits by determination of Congress and the Eleventh Amendment (and therefore there is a lack of subject matter jurisdiction), and the claims fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and (6).

ECF 8 at 2 (emphasis added) (footnote omitted). The italicized portion of the State Defendants' motion to dismiss is unintelligible and will be ignored by the Court.

PAGE 6 – OPINION AND ORDER

state court, except when a state has waived its sovereign immunity or Congress has abrogated a state's sovereign immunity. Additionally, although not an argument based on immunity from suit, even when a federal court may hear a claim against a state and even when a state has waived its sovereign immunity, a claim based on federal law may only be asserted against a specific defendant when federal law imposes obligations on that defendant. The Court construes the State Defendants' motion to dismiss as raising all three issues.

## A. Whether the Eleventh Amendment Bars Plaintiff's ADA Claims in This Forum

The Supreme Court has interpreted the Eleventh Amendment generally to bar lawsuits in federal court against states and state agencies acting under the state's control.[6] *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). There are, however, several exceptions to this general bar: a plaintiff may sue a state on a claim for relief to end an ongoing state violation of federal law; a state may voluntarily waive its immunity; and Congress may abrogate a state's immunity. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) ("Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment . . . [and] a State may waive its sovereign immunity by consenting to suit." (simplified)); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) ("[W]e often have found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law." (quotation marks omitted)).

---

[6] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Consti., 11th Amend.

PAGE 7 – OPINION AND ORDER

A recent decision from the Ninth Circuit directly addresses whether a state's removal of a lawsuit from state court to federal court constitutes a waiver of sovereign immunity under the Eleventh Amendment. In *Walden v. Nevada*, 945 F.3d 1088 (9th Cir. 2019), several state correctional officers sued the State of Nevada in state court, alleging violations of the federal Fair Labor Standards Act (FLSA). Nevada removed the case from state court to federal court based on federal question jurisdiction and then moved for judgment on the pleadings, asserting state sovereign immunity under the Eleventh Amendment. *Id*. at 1090. The Ninth Circuit noted that it had "previously held that a State's removal of a suit from state to federal court waives state sovereign immunity from suit on certain federal-law claims." *Id*. In *Walden*, the Ninth Circuit extended its earlier ruling, stating:

> We now hold that a State that removes a case to federal court waives its immunity from suit on *all* federal-law claims in the case, including those federal-law claims that Congress failed to apply to the states through unequivocal and valid abrogation of their Eleventh Amendment immunity.

*Id*. at 1090 (emphasis added). The Ninth Circuit explained:

> Forcing a State to waive sovereign immunity whenever it removes a case to a federal court might lead to unfair results for the State in some circumstances. . . . But these concerns are not strong enough to overcome the need for a clear jurisdictional rule. . . . A State defendant that removes a case to federal court waives its immunity from suit on *all* federal-law claims brought by the plaintiff. Here, Nevada waived its Eleventh Amendment immunity from Plaintiffs' FLSA claims by removing the case to federal court.

*Id*. at 1095 (emphasis added); *see also Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004) ("removal itself affirmatively invokes federal judicial authority and therefore waives Eleventh Amendment immunity from subsequent exercise of that judicial authority"); *Estes v. Wyoming Dep't of Transp.*, 302 F.3d 1200, 1206 (10th Cir. 2002) (holding that Wyoming's removal of case effected a complete waiver of sovereign immunity for the plaintiff's claim under Title I of

the ADA); *cf. Stroud v. McIntosh*, 722 F.3d 1294, 1300-01 (11th Cir. 2013) (holding that a state's removal to federal court waives only the state's immunity-based objection to a federal forum but the state retains its general immunity from liability).

Because Defendants removed this case from state court, they have waived Eleventh Amendment immunity from suit on all of Plaintiff's federal-law claims. Thus, if Plaintiff may assert federal ADA claims against the State Defendants in state court, she may now do so in federal court. This conclusion, however, does not answer the question of whether the State Defendants have generally waived state sovereign immunity for Plaintiff's ADA claims. In other words, does the OTCA waive the State of Oregon's general sovereign immunity in a way that allows Plaintiff to assert ADA claims against the State Defendants in state court? To answer that question, the Court turns to the text of the OTCA.

**B. Whether the OTCA Waives Sovereign Immunity for Claims under the ADA**

In the OTCA, Oregon expressly waived sovereign immunity for certain matters in its own courts. ORS § 30.265(1) provides:

> Subject to the limitations of ORS 30.260 to 30.300, every *public body* is subject to civil action for its *torts* and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598.

ORS § 30.265(1) (emphasis added). Under the OTCA, the term "public body" means a "public body as defined in ORS 174.109." ORS § 30.260(4)(a). This includes all "state government bodies." ORS § 174.109. In addition, under the OTCA, "tort" means:

> means *the breach of a legal duty that is imposed by law*, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy.

PAGE 9 – OPINION AND ORDER

ORS § 30.260(8). Further, nothing in the OTCA defines "law" or "legal duty" as being limited to state law. *See* ORS § 30.260 (providing definitions for terms used in the OTCA).

Plaintiff alleges that the State Defendants, which are "public bodies" under the OTCA, have breached legal duties imposed by law, specifically, the ADA. Thus, if the ADA does in fact impose duties on states or state government bodies, then Plaintiff has adequately shown that the OTCA constitutes a waiver of state sovereign immunity for those claims. It is to that question that the Court turns next.

**C. Whether Titles I and V of the ADA Apply to the States**

The State Defendants argue that even if they are not immune under either general state sovereign immunity or Eleventh Amendment immunity, neither Title I nor Title V of the ADA applies to state employers and, thus, Plaintiff cannot state a claim for violation of either title against a state employer, including the State Defendants. In support of their position, the State Defendants cite *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001).

In *Garrett*, the Supreme Court held that Congress did not abrogate states' Eleventh Amendment immunity in Title I of the ADA, and that individuals therefore could not bring suit for money damages against a state when that state possessed Eleventh Amendment immunity. *Garrett*, 531 U.S. at 374 n.9; *see also Tennessee v. Lane*, 541 U.S. 509, 514 (2004) ("In *Garrett*, we concluded that the Eleventh Amendment bars private suits seeking money damages for state violations of Title I of the ADA."). Notably absent from the discussion in *Garrett* or *Lane*, however, is any statement supporting the proposition that a plaintiff may not bring an ADA claim for money damages against a state when the state does not have Eleventh Amendment immunity or any holding that Title I does not apply to state employers in federal court when a plaintiff seeks remedies not barred by the Eleventh Amendment against a state.

PAGE 10 – OPINION AND ORDER

The State Defendants ask the Court to extend the Supreme Court's holding in *Garrett* to conclude that it not only affirmed states' Eleventh Amendment immunity from Title I, but completely exempted states from the requirements of Title I regarding a private suit for money damages. *Garrett*, however, acknowledges that state governments remain liable for violations of Title I when a Plaintiff seeks a remedy that is not barred by the Eleventh Amendment. *Garrett*, 531 U.S. at 534 n.9 ("Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States.").

State employees are protected by Title I against violations committed by a state employer. Cases analyzing the relationship between Title I and Title II have affirmed this fact, both before and after *Garrett*. *See Mary Jo C. v. N.Y. State and Local Ret. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013) (holding that "the statute unambiguously limits employment discrimination claims to Title I. A public employee may not bring a Title II claim against his or her employer, at least when the defendant employer employs fifteen or more employees."); *Zimmerman v. Or. Dep't of Just.*, 170 F.3d 1169,1177 (9th Cir. 1999) ("Congress consciously and expressly chose to include the employment practices of state and local governments in Title I.").

Relatedly, state employers are "covered entities" who are subject to the requirements of Title I. *See Brettler v. Purdue Univ.*, 408 F. Supp. 2d 640, 659 (N.D. Ind. 2006) ("Title I . . . expressly appl[ies] to state and local governments."); *Transp. Workers Union, Loc. 100 v. New York City Transit Auth.*, 342 F. Supp. 2d 160, 163 (S.D.N.Y. 2004) ("The Authority concedes, as it must, that it is both a 'public entity' within the meaning of Title II of the ADA, as well as a 'covered entity' within the meaning of Title I."); *see also Allen v. SAIF Corp.*, 2005 WL 708402,

at *1 (D. Or. Mar. 29, 2005) ("Title I of the ADA prohibits *states* and other employers from 'discriminating against a qualified individual with a disability because of that disability . . . in regard to . . . terms, conditions, and privileges of employment.' 42 U.S.C. § 12112(a)." (emphasis added) (alterations in original)). Further, there is nothing in the text of Title V, or 42 U.S.C. § 12203 specifically, that supports the conclusion that Title V has any different application than does Title I.[7]

In addition, as used in the ADA, the term "covered entity" means, among other things, "an employer." 42 U.S.C. § 12111(2). An "employer" means, among other things, "a person engaged in an industry affecting commerce who has 15 or more employees." 42 U.S.C. § 12111(5)(A). Further, the term "person" shall "have the same meaning given such term[] in section 2000e of this title." 42 U.S.C. § 12111(7). Section 2000e provides that the term "person" includes, among others, "one or more individuals, *governments, governmental agencies, [and] political subdivisions*." 42 U.S.C. § 2000e(a) (emphasis added). In addition, the term "industry affecting commerce" includes "any governmental industry." 42 U.S.C. § 2000e(h). Also, under the ADA, although the term "employer" expressly does not include the United State or an Indian Tribe, 42 U.S.C.§ 12111(5)(B)(i), there is no similar exception for a State.

Finally, the Civil Rights Division of the U.S. Department of Justice has issued a bulletin titled, "Information and Technical Assistance on the Americans with Disabilities Act." In that document, the U.S. Department of Justice states:

> Title I of the Americans with Disabilities Act of 1990 prohibits private employers, *State and local governments*, employment agencies and labor unions from discriminating against qualified

---

[7] *See* 42 U.S.C. § 12203(a) ("The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to subchapter I, subchapter II and subchapter III, respectively.").

PAGE 12 – OPINION AND ORDER

>   individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment. The ADA covers employers with 15 or more employees, *including State and local governments*. It also applies to employment agencies and to labor organizations.

https://www.ada.gov/ada_title_I.htm (last visited Aug. 13, 2021) (emphasis added).

## CONCLUSION

By removing this case from state court to federal court, the State Defendants waived Eleventh Amendment immunity from suit in this forum. In the OTCA, the State Defendants waived state sovereign immunity for many causes of action, including claims under Title I and Title V of the ADA. Finally, Titles I and V of the ADA apply to state employers. Because the Court finds no basis to dismiss Plaintiff's second, fourth, sixth, or eighth claims, the Court DENIES the State Defendants' Partial Motion to Dismiss (ECF 8) and DENIES as moot Defendants' superseded Partial Motion to Dismiss (ECF 7).

**IT IS SO ORDERED**.

DATED this 30th day of August, 2021.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge
