Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley, OSB No. 125647
Meredith@erisresolution.com
**Law Office of Meredith Holley**
207 E 5th Avenue, Suite 254
Eugene, Oregon 97401
Telephone: (458) 221-2671
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURA HANSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>　　　　Defendant. | Case No. 3:21-CV-00780-SI<br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |

　　　　Plaintiff Laura Hanson submits her requested jury instructions below. Plaintiff reserves the right to alter, amend, and/or supplement the requested jury instructions as appropriate and required.

　　　　"MCJI" denotes Ninth Circuit Model Civil Jury Instructions (2017 edition, current as of December 2023).

　　　　"UCJI" denotes Oregon Uniform Civil Jury Instructions.

# PROPOSED ORDER FOR INSTRUCTIONS

| NO. | TITLE |
|---|---|
| 1. | Modified No. 1: Duty of Jury (MCJI 1.2 modified) |
| 2. | Modified No. 2: Claims and Defenses (MCJI 1.5 modified) |
| 3. | Burden of Proof – Preponderance of the Evidence (MCJI 1.6) |
| 4. | What is Evidence (MCJI 1.9) |
| 5. | What is Not Evidence (MCJI 1.10) |
| 6. | Evidence for Limited Purpose (MCJI 1.11) |
| 7. | Direct and Circumstantial Evidence (MCJI 1.12) |
| 8. | Ruling on Objections (MCJI 1.13) |
| 9. | Credibility of Witnesses (MCJI 1.14) |
| 10. | Conduct of Jury (MCJI 1.15) |
| 11. | Publicity During Trial (1.16) |
| 12. | No Transcript Available to Jury (1.17) |
| 13. | Taking Notes (1.18) |
| 14. | Modified No. 3: Questions to Witnesses by Jurors During Trial (MCJI 1.19 modified) |
| 15. | Bench Conferences and Recesses (MCJI 1.20) |
| 16. | Outline of Trial (MCJI 1.21) |
| 17. | Stipulations of Fact (MCJI 2.2) |
| 18. | Modified No. 4: Liability of Legislature (MCJI 4.2 modified) |
| 19. | Modified No. 5: Scope of Authority Defined (MCJI 4.5 modified) |
| 20. | Whistleblowing (UCJI 58A.01) |

| | |
|---|---|
| 21. | Whistleblowing (public employer) (UCJI 58A.02) |
| 22. | Modified No. 5: ADA Employment Actions—Actual Disability—Elements (MCJI 12.1A) |
| 23. | Modified No. 6: ADA—Physical or Mental Impairment (MCJI 12.2 modified) |
| 24. | Disability Discrimination—Qualified to Perform the Essential Functions of the Job (UCJI 59.03A) |
| 25. | Disability Discrimination—"Failure to Accommodate" Elements (UCJI 59.05) |
| 26. | Disability Discrimination—Reasonable Accommodation Defined (UCJI 59.06) |
| 27. | Modified Instruction No. 7: OFLA Claim—Overview |
| 28. | Modified Instruction No. 8: OFLA Claim—Interference |
| 29. | Modified Instruction No. 9: OFLA Claim—Discrimination |
| 30 | Modified Instruction No. 10: Disability Discrimination Causation—"But For" (UCJI 23.01 Modified) |
| 31 | Modified Instruction No. 11: Whistleblower and OFLA Causation—"Substantial Factor" (UCJI 59A.03 Modified) |
| 32. | Damages—Proof (MCJI 5.1) |
| 33. | Duty to Deliberate (MCJI 3.1) |
| 34. | Communication with Court (MCJI 3.3) |
| 35. | Return of Verdict (MCJI 3.5) |

### MODIFIED INSTRUCTION NO. 1: DUTY OF JURY
### (COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS AT THE BEGINNING OF TRIAL)[1]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.

Do not allow any sympathy, prejudice or bias—whether conscious or unconscious—to influence your decision making. You must not be biased in favor of or against any party, witness, or attorney because of the persons' disability, gender, gender identity, race, religion, ethnicity, sexual orientation, age, national origin, socioeconomic status, or political status.

*Unconscious bias* is a term used by social scientists to describe the reality that everyone[, including me,] has feelings, assumptions, perceptions, fears, and stereotypes, that is, "unconscious biases," that we may not be aware of. These hidden thoughts can affect what we see and hear, how we remember what we see and hear, how we interact with others, and how we make important decisions. Our biases can affect how we act, favorably or unfavorably, toward

---

[1] MCJI 1.2 modified to incorporate UCJI 5.01's instruction regarding unconscious bias.

someone. You should make every effort to be aware of your unconscious biases and what effect those may have on your decision making.

That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## MODIFIED INSTRUCTION NO. 2: CLAIMS AND DEFENSES[2]

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that defendant retaliated against her as a whistleblower, discriminated against her based on disabilities, failed to accommodate her disabilities, and interfered with her medical leave. The plaintiff has the burden of proving these claims.

The defendant denies those claims and contends that it had legitimate, non-discriminatory reasons to terminate plaintiff, that plaintiff is responsible for any harm she experienced, and that she failed to mitigate her damages. The defendant has the burden of proof on these affirmative defenses.

The plaintiff denies defendant's affirmative defenses.

---

[2] MCJI 1.5 (modified)

**MODIFIED INSTRUCTION NO. 3: QUESTIONS TO WITNESSES BY JURORS DURING TRIAL[3]**

When attorneys have finished their examination of a witness, you may ask questions of the witness. After you ask your question, the attorneys will have an opportunity to tell me if they have a matter for the court or a side-bar. That means the attorneys may need to discuss with me whether answering the question is allowed under the rules of evidence. If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

---

[3] MCJI 1.19 (modified)

Page 7 - **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**         Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

## MODIFIED INSTRUCTION NO. 4: LIABILITY OF LEGISLATURE[4]

Under the law, the legislature can only act through its employees, agents, and elected officials - the senators, and representatives. Therefore, the legislature is responsible for the acts of its employees, agents, and the senators, and representatives performed within the scope of authority.

---

[4] MCJI 4.2 (modified)

# MODIFIED INSTRUCTION NO. 5: SCOPE OF AUTHORITY DEFINED[5]

An employee, agent, senator, or representative is acting within the scope of authority if they are engaged in the performance of duties for the legislature.

---

[5] MCJI 4.5 (modified)

# MODIFIED INSTRUCTION NO. 6: ADA EMPLOYMENT ACTIONS—ACTUAL DISABILITY—ELEMENTS[6]

The plaintiff claims that her disability was the reason for the defendant's decision to put her on administrative leave in 2020, and ultimately terminate her employment in 2020 and in 2023. To succeed on this claim, the plaintiff has the burden of proving the following by a preponderance of the evidence:

1. the plaintiff has a physical or mental impairment;

2. such physical or mental impairment substantially limited one or more major life activities;

3. the plaintiff was a qualified individual as that term is later defined in these instructions; and

4. the defendant put her on administrative leave, and ultimately terminated her employment because of her physical or mental impairment.

If you find that the plaintiff has proved all of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one of these elements, your verdict should be for the defendant.

---

[6] MCJI 12.1A (modified)

**MODIFIED INSTRUCTION NO. 7: ADA—PHYSICAL OR MENTAL IMPAIRMENT[7]**

The first element of the ADA claim that the plaintiff must prove is that the plaintiff has a recognized disability under the ADA or that defendant regarded plaintiff as having such a disability. A "disability" under the ADA is a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include (1) any disorder or condition affecting one or more of the following body systems: neurological or digestive; or (2) any mental or psychological disorder such as emotional or mental illnesses or learning impairment.

Although many disabilities are visible, such as disabilities that require wheelchairs or assistance with seeing or hearing, many disabilities are invisible. Even if you are not able to see a disability, it qualifies as a disability under the law if it substantially limits one of the plaintiff's major life activities.

*Substantially limits* means the impairment restricts one or more major life activities of the plaintiff as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of the law.

*Major life activities* are the normal activities of living that a nondisabled person can do with little or no difficulty, such as learning, concentrating, thinking, communicating, understanding instruction, staying awake, digesting food predictably, and sleeping.

---

[7] MCJI 12.2 (modified to incorporate definition of "substantially limits" from UCJI 59.02 and definition of "major life activities" from MCJI 12.1A)

# MODIFIED INSTRUCTION NO. 8: OFLA CLAIM – OVERVIEW [8]

The plaintiff has brought a claim of employment discrimination based on a state law known as the Oregon Family Leave Act, which we refer to in these instructions as OFLA.

Under OFLA, an eligible employee is entitled to a total of 12 work weeks of unpaid leave during any 12-month period for a serious health condition, including a chronic condition requiring medical treatment, and to be reinstated to the same or an equivalent position upon return from leave.

An employer may not interfere with, restrain, or deny an employee the exercise of rights protected by OFLA, or discriminate against an employee for opposing any practice made unlawful under OFLA.

In this case, the plaintiff contends that the defendant interfered with her attempt to take medical leave and discriminated or retaliated against her in violation of OFLA by putting plaintiff on administrative leave and later terminating her employment in response to her reports that her medical leave rights may have been violated. The defendant contends that it did not interfere with plaintiff's rights under OFLA because it provided plaintiff with the leave she requested and because the decision to terminate her employment was unrelated to the plaintiff's use of leave.

---

[8] ORS 659A.183; OAR 839-009-0210(22)(e), 839-009-0220; 29 U.S.C. § 2612 (a)(1) and (2); *Price v. Multnomah County*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001).

### MODIFIED INSTRUCTION NO. 9: OFLA CLAIM – INTERFERENCE [9]

In order to prove she experienced interference with her right to take OFLA leave, the plaintiff must prove each of the following by preponderance of the evidence:

1. Plaintiff attempted to take leave;

2. Because of a qualifying health condition; and

3. Defendant took action that discouraged plaintiff from taking leave.

Defendant took an action that discouraged plaintiff from taking leave if defendant did anything that would tend to chill plaintiff's freedom to take medical leave.

---

[9] ORS 659A.183; ORS 659A.186(2); OAR 839-009-0210(22)(e), 839-009-0220; 29 U.S.C. § 2612 (a)(1) and (2); *Price v. Multnomah County*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001).

# MODIFIED INSTRUCTION NO. 10: OFLA CLAIM – DISCRIMINATION [10]

In order to prove she experienced discrimination because she invoked her right to take OFLA leave, the plaintiff must prove each of the following by preponderance of the evidence:

1. Plaintiff invoked her rights under OFLA or inquired about her rights under OFLA;

2. Defendant took an adverse action against plaintiff because of her invocation of rights or inquiry about her rights.

Plaintiff invoked her rights if she asked to take medical leave. Defendant took an adverse action if defendant changed a term or condition of Plaintiff's employment in response to Plaintiff's inquiry into her rights or invocation of her rights.

---

[10] ORS 659A.183; ORS 659A.186(2); OAR 839-009-0210(22)(e), 839-009-0220; 29 U.S.C. § 2612 (a)(1) and (2); *Price v. Multnomah County*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001).

**MODIFIED INSTRUCTION NO. 11: DISABILITY DISCRIMINATION—"BUT FOR" CAUSATION**[11]

In considering whether disability discrimination caused plaintiff's harm, you must use "but for" causation. This means that the disability discrimination is a cause of the plaintiff's harm if the harm would not have occurred but for that conduct; conversely, the disability discrimination is not a cause of the plaintiff's harm if that harm would have occurred without that conduct.

---

[11] UCJI 23.01 (Modified); *Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019)

### MODIFIED INSTRUCTION NO. 12: WHISTLEBLOWER AND OFLA CAUSATION—"SUBSTANTIAL FACTOR"[12]

In considering whether whistleblower retaliation, OFLA interference, or OFLA discrimination caused plaintiff's harm, you must use "substantial factor" causation. A substantial factor is one that made a difference in an employment decision; that is, the decision would not have been made without it. It need not be the only factor.

Dated this 11th day of April, 2024.

Respectfully submitted,

 /s Rebecca Cambreleng
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
  *Of Attorneys for Plaintiff*

---

[12] UCJI No. 59A.03 (Modified)

Page 16 -  **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

# CERTIFICATE OF SERVICE

I certify that on April 11, 2024, I served the foregoing **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

> Meredith Holley, OSB No. 125647
> Meredith@erisresolution.com
> Eris Conflict Resolution
> 207 E 5th Avenue, Suite 254
> Eugene, Oregon 97401
> *Of Attorneys for Plaintiff*
>
> Marc Abrams, OSB No. 890149
> Marc.abrams@doj.state.or.us
> Allie Boyd, OSB No. 163478
> Allie.m.boyd@doj.state.or.us
> Oregon Department of Justice
> 100 SW Market Street
> Portland, Oregon 97201
> *Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
 Max Joyner, Paralegal