Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley, OSB No. 125647
Meredith@erisresolution.com
**Law Office of Meredith Holley**
207 E 5th Avenue, Suite 254
Eugene, Oregon 97401
Telephone: (458) 221-2671
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF OREGON LEGISLATIVE ASSEMBLY**, <br><br> Defendant. | Case No.   3:21-CV-00780-SI <br><br><br> **PLAINTIFF'S MOTION IN LIMINE** |

1. **Plaintiff's Motion in Limine to Ask Leading Questions in the Direct Examination of Sara Gelser-Blouin, Kham Pham, Jessica Knieling, and Jackie Sandmeyer.**

Plaintiff Laura Hanson, by and through counsel, submits this Motion in Limine to ask Leading Questions in the Direct Examination of Sara Gelser-Blouin, Kham Pham, Jessica Knieling, and Jackie Sandmeyer.

Page 1 -**PLAINTIFF'S MOTION IN LIMINE**

Rule 611(c) of the Federal Rules of Evidence provides, "Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions . . . when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2). Plaintiff intends to call Gelser-Blouin, Pham, Knieling, and Sandmeyer as witnesses for direct examination. Each witness is closely identified with the Oregon legislature insofar as each is or was either an employee of the legislature, an elected official in the legislature, involved in her protected activity, or involved in her termination. Gelser-Blouin and Pham were part of Plaintiff's supervisory chain of command and made the decision for adverse actions including leave and termination. Knieling and Sandmeyer were part of human resources or the legislative equity office at the legislature. Thus, all are adverse witnesses to Plaintiff.

Rule 611(a) provides that the ability of the court to exercise control over the mode of examining witnesses is designed to "make those procedures effective for determining the truth; avoid wasting time; and protecting witnesses from harassment or under embarrassment." Fed. R. Evid. 611(a). Permitting Plaintiff to employ the use of leading questions during the direct examination of these clearly hostile witnesses will aid the court in achieving these goals.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion in Limine to Ask Leading Questions in the Direct Examination of Sara Gelser-Blouin, Kham Pham, Jessica Knieling, and Jackie Sandmeyer.

## 2. Plaintiff's Motion in Limine to Exclude Testimony Related to Laura Hanson Retaining Counsel

Plaintiff, Laura Hanson, by and through counsel, submits this Motion in Limine to exclude testimony related to retaining legal counsel related to her complaints against University of Oregon, and the changing of counsel during the pendency of the Rule 27 investigation.

Plaintiff had a prior concern with University of Oregon related to a campus sexual assault and used legal counsel, Jennifer Middleton and Meredith Holley, despite never filing a lawsuit. Plaintiff then used the same legal counsel, Jennifer Middleton, and switched counsel before she was able to find Ms. Holley during the Rule 27 process. This evidence should be excluded on the basis of relevance as it does not meet the test for relevance under Rule 401 of the Federal Rules of Evidence. The issue of Plaintiff retaining an attorney for a prior concern and switching counsel during the Rule 27 investigation has no consequence related to the merits of Plaintiff's complaints of discrimination and retaliation. It provides no tendency to make a fact more or less probable than it would be without the evidence – as it has absolutely no relation to Plaintiff's protected activity, protected class, the adverse actions, or the disputed element of causation.

Additionally, evidence related to when Plaintiff retained legal counsel consists of undue delay, confusing issues, a waste of time, and is prejudicial, which is prohibited under Rule 403 of the Federal Rules of Evidence. Presenting evidence about Plaintiff retaining legal counsel may confuse the issues and the jury, detracting from the primary claims at issue in the matter. Further, this evidence would be a waste of time, in a case where both parties plan to present numerous witnesses and exhibits.

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude evidence related to her retaining legal counsel.

### 3. Plaintiff's Motion in Limine to Exclude Testimony Related to a Severance Demand Pursuant to Fed. R. Evid. 408.

Plaintiff Laura Hanson, by and through counsel, submits this Motion in Limine to exclude testimony related to a 408 communication between her counsel and the Legislature regarding a demand for monetary compensation.

In January 2020, there was a communication between Plaintiff's counsel and Jessica Knieling as representative of the Legislature for an offer of compromise to withdraw her claim to

hopefully stop the public process of Rule 27. This request was over the phone, and Ms. Knieling responded in an email on January 28, 2020.

Pursuant to Rule 408 of the Fed. R. of Evidence, evidence of an offer of compromise or negotiation, this email and any request for severance is inadmissible to prove or disprove and claims or the amount of a disputed claim, or for impeachment purposes.

Even if the discussion is not considered inadmissible under rule 408, the discussion regarding severance is more prejudicial than probative.

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude evidence related to the January 28, 2020, email and any request for money.

4. **Plaintiff's Motion in Limine to Exclude Improper Evidence, Argument, or Reference of Character.**

Plaintiff Laura Hanson, by and through counsel, submits this Motion in Limine to exclude testimony related to character evidence and testimonies, specifically related to Sara Gelser-Blouin, Khanh Pham, and Laura Hanson.

Witnesses in this case have expressed opinions and described instances of conduct pertaining to the character, reputation, and truthfulness of others. Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). In the same way, evidence that on one occasion defendant did accommodate plaintiff or grant a request for medical leave would only be admissible to prove defendant acted in accordance with character and has the tendency to confuse the jury. Because character evidence is of slight probative value and may be very prejudicial, and because character is not an element of the claims at issue, the Court should issue an order before trial excluding any improper evidence, argument, or reference of character in front of the jury, unless otherwise permitted under the rules of evidence. The court should further

not allow any witnesses testimony related to the character of Sara Gelser-Blouin, Khahn Pham, or Laura Hanson.

Witnesses should be made aware of the Court's order through their counsel prior to their testimony.

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude evidence related to character.

Dated this 11th day of April, 2024.

Respectfully submitted,

 /s Rebecca Cambreleng
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
  *Of Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 11, 2024, I served the foregoing **PLAINTIFF'S MOTION IN LIMINE** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*
>
>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

>CAMBRELENG & MARTON LLC
>
>By: s/ Maxwell Joyner
>    Max Joyner, Paralegal