ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD,#163478
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
            allie.m.boyd@doj.state.or.us

*Attorneys for Defendant State of Oregon Legislative Assembly*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOUTHERN DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>   Plaintiff,<br><br>  v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>   Defendant. | Case No.  3:21-cv-00780-SI<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST** |

Defendant Legislative Assembly responds to and objects to plaintiff's witness list as follows:

**1. Laura Hanson**

Defendant has no objection to the testimony of plaintiff generally, but does object to the following elements of the stated testimony:

- "Ms. Hanson will testify about her background and education. She will briefly discuss that she reported misconduct while in college that was mishandled through the university process, and she experienced institutional harm. She will testify why she

Page 1 - **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

wanted to work for Sen. Gelser in particular." As noted elsewhere, the relevance of the *fact* of Ms. Hanson's PTSD is different for the lack of relevance of the *origin* of the PTSD. This is unduly prejudicial and designed simply to elicit sympathy for plaintiff about an irrelevant issue.

- "She will testify to rumors regarding her leave, the impact on her, and her requests to squash the gossip and damage to her reputation and the legislature's response." This testimony consists entirely of one person saying, "I know who you are." This person is unidentified. Such an interaction is not remotely relevant to what defendant Legislature did or did not do.

- "She will testify that she timely filed a complaint with BOLI and the EEOC, and timely filed tort claims notice." Defendant is not challenging the timeliness of this lawsuit. Accordingly, there is no relevance to the administrative process. Such evidence is usually not admissible. *Jenny Craig Weight Loss Centres, Inc. v. Sleigh*, 163 Or. App. 20 (1999).

## 2.  Sara Gelser Blouin

Defendant has no objection to the testimony of Senator Gelser Blouin so long as she is allowed to present her testimony for both sides at one time and not have to return to the stand. *See* defendant's Motion *in limine* No 8.

## 3.  Jessica Knieling

Defendant has no objection to the testimony of Ms. Knieling so long as she is allowed to present her testimony for both sides at one time and not have to return to the stand. *See* defendant's Motion *in limine* No 8.

Defendant does object to the following elements of the stated testimony:

- "She will testify that defendant is a covered employer under relevant law with more than 15 employees." Ms. Knieling is not an attorney and eliciting legal conclusions from her is improper.

- "She will testify as to Brenda Baumgart's participation and role in the Rule 27 process, including advice she received from Ms. Baumgart regarding Laura's leave and the Rule 27 process and the cost of the investigation. She will testify that Ms. Baumgart not only acted as an investigator but also gave legal advice to the branch." This statement is in direct contradiction to deposition testimony and inaccurate.

- "She will testify to the few employees who have been put on paid administrative leave and the termination of their employment." This proposed testimony is irrelevant and runs close to being the type of character evidence (acting in conformity with a pattern) that plaintiff seeks to exclude in one of her motions *in limine*. It is also irrelevant as this is not a comparator case.

**4.     Jackie Sandmeyer**

Defendant has no objection to the testimony of Mx. Sandmeyer so long as they are allowed to present their testimony for both sides at one time and not have to return to the stand. *See* defendant's Motion *in limine* No 8.

Defendant does object to the following elements of the stated testimony:

- "They will testify about the conflict of interest of the investigator in Laura's case, and that they had no role in putting Laura on paid admin leave or termination and their experience with those processes." Any "conflict of interest" is both a legal conclusion—and Mx. Sandmeyer is not an attorney—and not relevant to the claims in this action.

- "They will testify to their experience with the Rule 27 process including duration, delays, safety measures, and independence of investigators while LEO." Only Ms. Hanson's experience is relevant. This is an attempt to include unduly prejudicial materials in the case.

**5.   Nathan Monson**

Defendant objects to the testimony of Nathan Monson, which is the subject of defendant's Motion *in limine* No. 14. Mr. Monson has no direct knowledge of the facts in this case, and is being used simply to try and tarnish Ms. Knieling by making an assertion she refers to people as "crazy" which has been denied in deposition by several other witnesses and as to which Ms. Knieling explained in her deposition her use of "Crazy" in the context of saying "this *place* is crazy." To allow Mr. Monson, an admitted liar, to make a false statement would be unduly prejudicial.

Regardless, defendant does object to the following elements of the stated testimony:

- "Mr. Monson will testify regarding his work as the Legislative Equity Officer (LEO) beginning April 12, 2021 and ending on June 15, 2021." This period does not overlap a single day with Ms. Hanson and his experience is irrelevant.

- "He will testify to statements made by Dir. Knieling regarding Laura Hanson and calling her "crazy" and her derogatory statements about reporting employees." Simply false, as set forth above.

- "He will testify to his review of business records including billing records for the Rule 27 process in Ms. Hanson's case and its impact on the duration of her investigatory process." Mr. Monson is not an expert witness. He has no ability to provide such testimony.

Page 4 -   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

- "He will testify as to discussions with the Legislature regarding its failure to follow its own policies in bidding, hiring, overseeing, and payment of law firms and using them to terminate employees who came forward to report violations." The business practices relating to investigations are irrelevant to this case. *See* defendant's Motion *in limine* No 15.

6. **Khanh Pham**

Defendant has no objection to the testimony of Rep. Pham so long as she is allowed to present her testimony for both sides at one time and not have to return to the stand. *See* defendant's Motion *in limine* No 8.

*                    *                    *

The next three witnesses are duplicative and cumulatively not likely to lead to the presentation of individually useful evidence. Each is described a provider of treatment for Ms. Hanson's ADHD, PTSD and depression. No more than one of these three witnesses should be allowed.

7. **Sabrina Ullman Matthews**

Defendant objects to Ms. Matthews as cumulative and needlessly duplicative. Defendant objects to the presentation of Ms. Matthews as a medical provider. She is a licensed clinical social worker. She does not have a medical degree or a doctorate in psychology. https://www.psychologytoday.com/us/therapists/sabrina-ullmann-mathews-portland-or/116991.

Defendant does object to the following elements of the stated testimony:

- "On December 17, 2019, she told Ms. Hanson that it was urgent she take a day off because of her experiences of depression, anxiety, and panic related to work." This is hearsay.

- "She treated Ms. Hanson for 42 visits between January 6, 2020, and July 21, 2021. Each visit cost $160, for a total of $6,620 in expenses after Ms. Hanson was restricted from work on January 6, 2020."  As noted in defendant's concurrently submitted Objections to Special Damages and Motion to Strike, plaintiff has not submitted as proposed exhibits any of the bills from Ms. Matthews nor produced those bills in discovery,[1] and this testimony should be excluded.

**8.    Dmitriy Rakhlin**

Defendant objects to the testimony of Mr. Rakhlin as cumulative and needlessly duplicative of that of Ms. Matthews.  Additionally, plaintiff has not provided sufficient information to determine whether Mr. Rakhlin's relationship with Ms. Hanson occurred in the appropriate time and therefore has any relevance to this case.  He does not have a medical degree or a doctorate in psychology.  https://www.ohsu.edu/providers/dmitriy-rakhlin-mn-pmhnp-bc.

**9.    James Hancey**

Defendant objects to the testimony of Dr. Hancey as cumulative and needlessly duplicative of that of Ms. Matthews and Mr. Rakhlin.  Strictly speaking, his is the only necessary testimony: the simple establishment of Ms. Hanson as having ADHD.  He is also the only one of the three with a doctoral degree.  Defendant suggests that Dr. Hancey but not Ms. Matthews or Mr. Rakhlin be the only one of the three permitted to testify.

            \*             \*             \*

The next four witnesses are duplicative and cumulatively not likely to lead to the presentation of individually useful evidence.  Each is being presented for the purposes of

---

[1] Plaintiff produced only a note fro Ms. Matthews to plaintiff's lawyer a single page listing the dates of plaintiff's appointments without any summary of services, and it stated that she did not retain notes onf the visits, so there si no evidence of anything that could be called treatment.

Page 6 -    **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

building (and over-building) a case for non-economic damages. There will be little factually distinct as between these four witnesses. Defendant suggests that only one, and no more than two of these four witnesses should be allowed.

**10.     Heidi Strauch**

Defendant objects to Ms. Strauch as cumulative and needlessly duplicative of Ms. Nebel, Mr. Giles and Mr. Lafitte. Defendant further objects as much of the stated testimony as inadmissible hearsay not subject to any exception.

Defendant does object to the following elements of the stated testimony:

- "Judge Strauch is Ms. Hanson's aunt and will give background as to their relationship, and her knowledge and experience with Ms. Hanson and her desires and goals in life." Ms. Hanson's relationship with Ms. Strauch is irrelevant, as are Ms. Hanson's desires and goals in life.

- "She will testify regarding Ms. Hanson's relationship with her grandmother and its impact on Ms. Hanson." Ms. Hanson's relationship with her grandmother and its impact is irrelevant. This is clearly only being offered to relate undue sympathy that has no relationship to this litigation.

- "She will testify to her conversations and observations of Ms. Hanson during December 2019, including her interactions with Sen. Gelser and their impact on Ms. Hanson." This is Ms. Strauch telling the jury what Ms. Hanson told her out of court for the truth of the matter asserted. It is inadmissible hearsay.

- "She will testify to her conversations and observations of Ms. Hanson when she was put on administrative leave, and during the Rule 27 process, including the change she observed in Ms. Hanson's wellbeing and personality." Any testimony as to

conversations is inadmissible hearsay.

- "She will testify to Ms. Hanson's decision to contact the media during the Rule 27 process, and Ms. Hanson's concerns regarding confidentiality and publicity during the 10-month leave." Any knowledge of Ms. Hanson's decision is coming from Ms. Hanson and is inadmissible hearsay.

- She will testify to Ms. Hanson's decision to return to work at the legislature, her application and hiring with Rep. Pham, and the positive impact that had on Ms. Hanson.

- She will testify to the effect on Ms. Hanson when she was terminated by Rep. Pham and her emotional and mental state after that time. Any knowledge of Ms. Hanson's decision is coming from Ms. Hanson and is inadmissible hearsay.

11. **Erika Nebel**

Defendant objects to Ms. Nebel as cumulative and needlessly duplicative of Ms. Strauch, Mr. Giles and Mr. Lafitte. Defendant further objects as much of the stated testimony as inadmissible hearsay.

Defendant does object to the following elements of the stated testimony:

- "Ms. Nebel met Ms. Hanson in 2014 when Ms. Hanson was hired for Commissioner Novick's office and she replaced Ms. Nebel, who received a promotion. They became friends working together and worked together for about three years. They talked around a couple of times a week during times relevant to this case." History from 2014-17 in another, non-legislative office is irrelevant. What Ms. Hanson said in conversations with Ms. Nebel is inadmissible hearsay.

- "She will testify to conversations surrounding Ms. Hanson's administrative leave and

Page 8 -   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

termination and their effect on her mental, physical, and emotional wellbeing." What Ms. Hanson said in conversations with Ms. Nebel is inadmissible hearsay.

- "She will testify to conversations with Ms. Hanson regarding her search for employment after her 2020 termination and her desire to stay working in the career she had built in public service." What Ms. Hanson said in conversations with Ms. Nebel is inadmissible hearsay.

- "She will testify to the impact the termination and public nature of the Rule 27 process had on Ms. Hanson's reputation in the public service community." Ms. Nebel appears to be a mid-level employee of city government. *What* community she has knowledge of and her credibility in this regard should not be given credit. In addition, notwithstanding Fed. R. Ev. 405, it is likely this is no more than hearsay and unattributed hearsay at that.

- "She will testify as to the impact the short duration of employment in Rep. Pham's office had on Ms. Hanson and her reputation in the public service community." *What* community she has knowledge of and her credibility in this regard should not be given credit. In addition, notwithstanding Fed. R. Ev. 405, it is likely this is no more than hearsay and unattributed hearsay at that.

12. **Logan Giles**

Defendant objects to Mr. Giles as cumulative and needlessly duplicative of Ms. Strauch, Ms. Nebel and Mr. Lafitte. Defendant further objects as much of the stated testimony as inadmissible hearsay.

Defendant does object to the following elements of the stated testimony:

- "The relationship between himself and Ms. Hanson, including how they met, the

Page 9 -   DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST

nature of the relationship, and how that changed over time." It is unclear why Ms. Hanson's relationship with Mr. Giles is relevant.

- "He will testify that he recommended her application to Sen. Gelser's office, and about his experience with Sen. Gelser and her staff through his own employment at the Legislature." Mr. Giles' experience with Senator Gelser's staff is not relevant.

- "He will testify as to the romantic relationship with Ms. Hanson during 2019 and 2020, and what he witnessed when she was put on administrative leave, including her immediate reaction." Mr. Giles' romantic relationship with Ms. Hanson is irrelevant.

- "He will testify to the impact the leave had on Ms. Hanson and their relationship." Being placed on leave is part of the personnel process. It is not defendant's understanding that fully paid administrative leave is an element of the alleged retaliation in this litigation. Accordingly, this would be irrelevant.

- "He will testify as to the impact the Rule 27 process had on Ms. Hanson, and about her decision to be part of the public process, her decision to talk to the news media, and her concerns around continued employment." Mr. Giles may testify as to his observations of impact, but any testimony at to Ms. Hanson's decisions would be inadmissible hearsay.

- "He will testify to the impact Ms. Hanson's experience had on other legislative staff speaking up, and the discussions around Ms. Hanson's leave and reputation as she remained on leave and when she was terminated." Whether or not other legislative staff did or did not speak up is irrelevant to the specific allegations regarding Ms. Hanson. This would be unduly prejudicial as well. "Discussions around Ms. Hanson's leave" would be hearsay.

Page 10 -  **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

- "He will testify that the end of their romantic relationship did not change his opinion as to the retaliatory nature of the administrative leave and termination and the perceptions by others in the legislature about Ms. Hanson because of the actions taken by the legislature." Mr. Giles' *opinion* as to whether Ms. Hanson being placed on leave was retaliatory is irrelevant. Whether or not his opinion was changed by the end of his romantic relationship is irrelevant.

13. **Kean Lafitte**

Defendant objects to Mr. Lafite as cumulative and needlessly duplicative of Ms. Strauch, Ms. Nebel and Mr. Giles. Defendant further objects as much of the stated testimony as inadmissible hearsay.

Defendant does object to the following elements of the stated testimony:

- "He met Laura Hanson in the summer of 2021, and they began dating. They started living together in April or May 2022. He was witness to her hiring, employment, and termination from Rep. Pham's office." This is simply an overstatement. Mr. Lafitte was *not* a witness to any of the stated events, as he was, at most, a witness to Ms. Hanson's responses to them, those events occurring at the Legislature, and Mr. Lafitte was not present at the Legislature.

- "He will testify about his experience watching Ms. Hanson look for work, and his perception that her reputation was a hinderance to her obtaining employment." Mr. Lafitte can have no possible first-hand knowledge. He will simply mimic what Ms. Hanson has expressed to him. Regardless, as Ms. Hanson had, during that period, already applied to law school, this would be knowingly misleading.

- "He will testify as to her decision to re-apply to the legislature, and her hiring at Rep.

Pham's office." Mr. Lafitte will know nothing of these matters except what he has gained through Ms. Hanson telling him and therefore this is hearsay.

- "He will testify as to Ms. Hanson's experience at Rep. Pham's office, including her disclosure of disabilities, "grace January", and lack of accommodation discussions." Mr. Lafitte will know nothing of these matters except what he has gained through Ms. Hanson telling him and therefore this is hearsay.

DATED April 18, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

    *s/ Marc Abrams*
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
allie.m.boyd@doj.state.or.us
*Attorneys for Defendant*

Page 12 - **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**