ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
        allie.m.boyd@doj.state.or.us

*Attorneys for Defendant State of Oregon Legislative Assembly*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOUTHERN DIVISION

| | |
|---|---|
| LAURA HANSON, | Case No. 3:21-cv-00780-SI |
| Plaintiff, | **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE** |
| v. | |
| STATE OF OREGON LEGISLATIVE ASSEMBLY, | |
| Defendant. | |

Defendant objects to the proposed voir dire of plaintiff as follows:

General Objection: Defendant generally objects to plaintiff's proposed voir dire as not posing specific questions but asking to Court to inquire generally on matters far ranging and vague.  It is impossible properly to respond to these generalizations as opposed to specific questions.

1.  Political Bias

This case is not about politics, but will involve notable members of the Oregon legislature, and the legislature itself is the named defendant.  We'd like to know if anyone has worked for any elected officials, including Senator Sara

Page 1 -   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE**

Gelser-Blouin and Rep Kahn Pham, knows anyone who has worked for them, or knows if they are a constituent in either of their districts.

While it shouldn't matter, in this highly polarized climate just the fact that someone belongs to one political party or another can have a negative or positive impact on the perception of them. Some people feel they could never make a decision that in any way had a negative reflection on a democrat; other people have strong animosity toward the democratic party. As the individuals in this case are elected officials in the democratic party, and the Plaintiff worked for democrats, we want to make sure that the fact of political affiliation alone will not prejudice anyone for or against the Plaintiff.

Likewise, some people have very strong feelings about elected officials and those choosing to work in public service. We'd like to explore people's bias for or against a person who chooses to work for the government, and specifically work for the legislature.

Defendant does not object to the first and third paragraphs of plaintiff's proposed voir dire question No. 1. Defendant objects to the second paragraph, which is argumentative and irrelevant given that plaintiff presumably is also a Democrat, given her work history.

2. Use of Public Funds

While there may be a jury instruction about public funds, we want to explore whether anyone would have trouble awarding damages based on the defendant being a public body. We would like to explore concerns about taxpayer money being used to pay any judgment.

Defendant objects to plaintiff's proposed voir dire question No. 2. Were defendant to suggest in closing that taxpayer money was at issue, it would create self-interest in the jury and potentially cause a mistrial. A question implying the reverse should meet with the same concern. It is hard to see how allowing this would not "open the door" to defendant making a taxpayer money argument, and, as such, it should not be permitted.

3. ADHD and Other Mental Health Disorders

There are perceptions held by some that attention deficit hyperactivity disorder (ADHD) and other such mental health or neurological disorders are either not real, or something people use as an excuse for certain behavior. That "invisible" conditions aren't real, and people need to just deal with their "problems" and stop thinking there is something wrong with them. This includes anxiety, depression, and PTSD. We'd like to explore whether people think those who claim to have such mental health disorders are just "lazy" or "pretending".

We'd also like to explore whether there is a different standard between men and women, specifically that women are less likely to have ADHD, and even if they do have it, it doesn't negatively affect them.

Defendant objects to plaintiff's proposed voir dire question No. 3. Inherently, this is arguing the case. There has been no suggestion in three years' of litigation that such conditions are not real, and this implies that defendant may not take them seriously, which is prejudicial and without foundation.

In addition, there is no issue in this case relating to disability and its link (or lack thereof) to gender. There is no reason to believe this is pertinent other than to keep trying to influence the jurors improperly to sympathize with plaintiff.

4. Unconscious Bias–Disabilities in the Workplace

We also would like to explore any unconscious bias against those who are disabled or claim they need accommodation for disabilities in a workplace. While some disabilities are easily seen and accommodated, like a wheelchair ramp and handicap bathroom stall, other disabilities may need different accommodations. Is there any bias centered around the workplace for those who have had co-workers who need accommodations that have negatively impacted someone else's work? For example, if a juror needed to cover for someone who needed time off for doctor's appointments or needed to shift their schedule to accommodate someone who needed to leave early for an unknown reason related to disability, they may have strong supportive or aversive sentiments toward people who need time off for medical reasons.

Do they have experience with anyone abusing the term "disability" where they don't believe or have reason to know the person was not actually disabled but taking advantage of the "system" for personal gain? Does this color their perception of people who ask for accommodation for their disabilities at work?

Defendant objects to plaintiff's proposed voir dire question No. 4 for the same reasons that it objects to No. 3. This is an exploration of matters not at issue in the case in an improper attempt to build sympathy for plaintiff.

5. Sexual Assault

While we will attempt to keep out any reference to past sexual trauma, it may come out that the Plaintiff is a survivor of sexual assault. It was also well publicized what happened with Senator Gelser-Blouin and her sexual harassment

Page 3 -   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE**

and assault.

　We want to explore whether anyone is a survivor, knows a survivor, and if that colors their perception of other survivors, either positively or negatively.

　We also want to explore whether anyone believes that a person who is a survivor of SA may be more likely to "overreact" to certain situations.

Defendant objects to plaintiff's proposed voir dire question No 5.  Sexual assault is not at issue in this case.  *Why* plaintiff has PTSD is irrelevant; only that she has PTSD.  There is no need to investigate matters of sexual assault.  Contrary to plaintiff's unfounded assertion, the idea that plaintiff's sexual assault was "well-publicized," when it occurred in the Eugene area (not within the Northern Division of the District Court) roughly a decade ago, and was not likely covered by any media in northern Oregon, is highly unlikely.  Nor is it likely any juror would have knowledge of that distant incident.

Because there will not be and should not be any reference to sexual assault (*see* defendant's Motion *in limin*e No. 16), this impermissibly attempts to build sympathy for plaintiff and is argumentative. It also improperly intrudes on the privacy of the potential jurors.  It is extremely traumatic to ask jurors whether they are victims of sexual assault.

     6.　Chronic Reporting and Unconscious Bias Against Women

　Some people may hold a perception that those who make multiple reports are just "tattletales" or "whining".  If the complainant is a woman, there can be a bias that she is being "dramatic", looking for attention, being too "emotional", and "overreacting".  We would like to find out whether any jurors hold this type of bias.

Defendant objects to plaintiff's proposed voir dire question No. 6.  There is no gender claim in this case.  As with proposed question No. 5, plaintiff is attempting to inject argument and create bias thorough voir dire rather than truly test the potential prejudices of the jurors.  Setting up the straw person of "some people may hold a perception" as to how women react injects matters not in this case into the discussion.

**Page 4 -   DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE**

7. "Younger" Generations

While there is no definition of what constitutes the "younger" generation (millennial, Gen Z, etc.) some people hold the belief that those who have come after them are "snowflakes", "too sensitive", or the "everyone gets a trophy" trope that the younger generations are lazy and sensitive and too apt to complain when they should just put their head down and work. We want to explore any bias against younger people feeling "entitled" in the workplace, and the feeling that people should just be happy to have a job and shouldn't make waves. That when they complain or raise concerns about how they're treated, they are just being overly sensitive and reactionary.

Defendant objects to plaintiff's proposed voir dire question No. 7. There is no age claim in this case. As with proposed questions No. 5 and No. 6, plaintiff is attempting to inject argument and create bias thorough voir dire rather than truly test the potential prejudices of the jurors. Setting up the straw person of "some people hold the belief" as to how women react injects matters not in this case into the discussion.

8. Government Workers

We'd like to explore if some have a bias against anyone who works for the government as "lazy" and incompetent and not interested in helping people, but rather just getting a paycheck.

Defendant has no objection to plaintiff's proposed voir dire question No. 8.

9. Non-Economic/Emotional Distress Damages

While the court probably already has questions regarding awarding damages for emotional distress, and whether people think there are too many lawsuits in general, we'd like to make sure this area is explored for bias. We'd like to know whether anyone believes that people who bring lawsuits are greedy and looking for a pay day. We want to know if anyone has been party to, or witness in, a lawsuit, know anyone who has, and their experience, good or bad, with the legal system. The same goes for attorneys, and any bias against them or the job they do.

Defendant generally has no objection to plaintiff's proposed voir dire question No. 9. Defendant will, concurrently with this filing, also be filing questions in this vein. That said, defendant has proposed specific questions that it believes more precisely will obtain the desired information.

Page 5 -   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE**

10. <u>COVID-19 and January 6th Related Trauma</u>

COVID-19 and January 6 as a date are two things that bring up trauma for some people. Just mention them and people can have deep reactions, positive or negative, about both. While the administrative leave at issue in this case was not January 6, 2021, the date of January 6 is triggering for some people (just like 9/11), and we'd like to make sure that won't impact anyone's ability to think clearly. Same with COVID: while we will be discussing job loss and administrative leave, some people lost jobs, loved ones, their homes, everything during COVID and would have a negative reaction to anyone who still had a job and their health during that time, or have a trauma reaction to any discussions around that time and the backdrop of COVID.

Defendant has no objection to questions about the impact of COVID-19. Defendant objects to questions about January 6th as attempting to elicit more irrelevant and prejudicial information about as in plaintiff's proposed voir dire question No. 1. The two issues are markedly dissimilar and no one lost their job, loved one or home as a result of January 6th.

11. <u>Media Coverage</u>

Some people feel very strongly that the news media is untrustworthy, and other people feel it is important for government conduct to be covered in the media. We would like to know how the jurors feel about news and media.

Although defendant does not generally object to discussion of the media, plaintiff's proposed voir dire question No. 11 is slanted to imply that there is something improper with government "conduct" such that it merits media coverage, as opposed to general, neutral reportage about the events of, say, passage of a bill or a budget. Defendant, concurrently with this filing, is submitting its proposed voir dire questions and they include inquiries on how people get and receive news. Accordingly, defendant does not object to the second sentence in this proposed voir dire question, but does object to anything related to the first sentence.

12. <u>Experience with Human Resources and Managers</u>

Finally, we'd ask that the Court explore people's experiences with, and opinions about, managers and human resources. We'd like general opinions about HR, but also if anyone has experiences, positive or negative, around the employee/manager relationship, whether they have been an employee with a bad/good manager, or a manager with a bad/good employee, and if HR was

Page 6 -   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE**

involved and what the experience with HR was like, including whether anyone
has been involved in an HR investigation and what that experience was like.

Defendant has no objection to plaintiff's proposed voir dire question No. 12.

DATED April 18, 2024.

                    Respectfully submitted,

                    ELLEN F. ROSENBLUM
                    Attorney General

                    *s/ Marc Abrams*
                    MARC ABRAMS #890149
                    Assistant Attorney-in-Charge
                    ALLIE M. BOYD #163478
                    Assistant Attorney General
                    Trial Attorneys
                    Tel (971) 673-1880
                    Fax (971) 673-5000
                    marc.abrams@doj.state.or.us
                    allie.m.boyd@doj.state.or.us
                    *Attorneys for Defendant*

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax (971) 673-5000