ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
         allie.m.boyd@doj.state.or.us

*Attorneys for Defendant State of Oregon Legislative Assembly*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## SOUTHERN DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>   Plaintiff,<br><br> v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>   Defendant. | Case No. 3:21-cv-00780-SI<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |

Defendant objects to plaintiff's proposed jury instructions as follows:

| NO. | TITLE | COMMENTS |
|:---:|---|---|
| 1. | Modified No. 1: Duty of Jury (MCJI 1.2 modified) | *Objection to the inclusion of the modification. See specific response below* |
| 2. | Modified No. 2: Claims and Defenses (MCJI 1.5 modified) | *Objection. See specific response below* |
| 3. | Burden of Proof – Preponderance of the Evidence (MCJI 1.6) | No objection; defendant also requests |
| 4. | What is Evidence (MCJI 1.9) | No objection; defendant also requests |
| 5. | What is Not Evidence (MCJI 1.10) | No objection; defendant also requests |

| NO. | TITLE | COMMENTS |
|---|---|---|
| 6. | Evidence for Limited Purpose (MCJI 1.11) | No objection; defendant also requests |
| 7. | Direct and Circumstantial Evidence (MCJI 1.12) | No objection; defendant also requests |
| 8. | Ruling on Objections (MCJI 1.13) | No objection; defendant also requests |
| 9. | Credibility of Witnesses (MCJI 1.14) | No objection; defendant also requests |
| 10. | Conduct of Jury (MCJI 1.15) | No objection |
| 11. | Publicity During Trial (1.16) | *Objection: there is unlikely to be <u>any,</u> let alone "significant," media coverage of this trial.  Plaintiff has suggested she has residual public visibility from her University of Oregon situation in 2013 that has not been written about since 2016.  This creates a misleading impression* |
| 12. | No Transcript Available to Jury (1.17) | No objection |
| 13. | Taking Notes (1.18) | No objection; defendant also requests |
| 14. | Modified No. 3: Questions to Witnesses by Jurors During Trial (MCJI 1.19 modified) | *Objection: see specific response below* |
| 15. | Bench Conferences and Recesses (MCJI 1.20) | No objection |
| 16. | Outline of Trial (MCJI 1.21) | No objection |
| 17. | Stipulations of Fact (MCJI 2.2) | No objection *if* any stipulations are reached |
| 18. | Modified No. 4: Liability of Legislature (MCJI 4.2 modified) | No objection |
| 19. | Modified No. 5: Scope of Authority Defined (MCJI 4.5 modified) | *Objection. See specific response below* |
| 20. | Whistleblowing (UCJI 58A.01) | *Objection: the UCJI is incomplete as currently adopted and lacks the "substantial factor" element. Defendant offers Proposed Specific Jury Instruction No. 10 instead* |
| 21. | Whistleblowing (public employer) (UCJI 58A.02) | This is substantially the same as Defendant's Proposed Specific Jury Instruction No. 11, so no objection |
| 22. | Modified No. 5 [sic][actually 6]: ADA Employment Actions—Actual Disability—Elements (MCJI 12.1A) | No objection |

| NO. | TITLE | COMMENTS |
|---|---|---|
| 23. | Modified No. 6 [sic][actually 7]: ADA—Physical or Mental Impairment (MCJI 12.2 modified) | *Objection. See specific response below* |
| 24. | Disability Discrimination—Qualified to Perform the Essential Functions of the Job (UCJI 59.03A) | No objection |
| 25. | Disability Discrimination—"Failure to Accommodate" Elements (UCJI 59.05) | *Objection this instruction is less complete than MCJI 12.7  Specifically, defendant requests at least the sentence from that instruction that reads: "A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee."* |
| 26. | Disability Discrimination—Reasonable Accommodation Defined (UCJI 59.06) | *Objection: again, MCJI 12.7 is the more complete instruction and encompasses both UCJI 59.05 and UCJI 59.06 and should be used in their stead.* |
| 27. | Modified Instruction No. 7 [sic][actually 8]: OFLA Claim—Overview | *Objection. See specific response below* |
| 28. | Modified Instruction No. 8 [sic][actually 9]: OFLA Claim—Interference | *Objection. See specific response below* |
| 29. | Modified Instruction No. 9 [sic][actually10]: OFLA Claim—Discrimination | *Objection. See specific response below* |
| 30 | Modified Instruction No. 10 [sic][actually 11]: Disability Discrimination Causation—"But For" (UCJI 23.01 Modified) | No objection |
| 31 | Modified Instruction No. 11 [sic][actually 12]: Whistleblower and OFLA Causation—"Substantial Factor" (UCJI 59A.03 Modified) | No objection |
| 32. | Damages—Proof (MCJI 5.1) | No objection *pending determination of the information to be inserted* |
| 33. | Duty to Deliberate (MCJI 3.1) | No objection; defendant also requests |
| 34. | Communication with Court (MCJI 3.3[sic] [actually 3.2]) | No objection; defendant also requests |
| 35. | Return of Verdict (MCJI 3.5) | No objection |

Page 3 -    **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**MODIFIED INSTRUCTION NO. 1:**
**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN**
**SET OF INSTRUCTIONS AT THE BEGINNING OF TRIAL)[1]**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected, and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.

Do not allow any sympathy, prejudice or bias—whether conscious or unconscious—to influence your decision making.  You must not be biased in favor of or against any party, witness, or attorney because of the persons' disability, gender, gender identity, race, religion, ethnicity, sexual orientation, age, national origin, socioeconomic status, or political status.

*Unconscious bias* is a term used by social scientists to describe the reality that everyone, including me,] has feelings, assumptions, perceptions, fears, and stereotypes, that is, "unconscious biases," that we may not be aware of.  These hidden thoughts can affect what we see and hear, how we remember what we see and hear, how we interact with others, and how we make important decisions.  Our biases can affect how we act, favorably or unfavorably, toward someone.  You should make every effort to be aware of your unconscious biases and what effect those may have on your decision making.

That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Objection: Defendant objects to the inclusion of the material on "unconscious [or implicit] bias."  Each of the claims in this case involve *intentional* acts.  Even the UCJI notes that "unconscious bias is a social science and not a legal term.  It is inherently argumentative.

Moreover, it has generally been rejected by the courts.

---

[1] MCJI 1.2 modified to incorporate UCJI 5.01's instruction regarding unconscious bias.

The basic rule is simple: when testimony speaks only to the generalized concept of implicit bias—the idea that everyone carries with them some racial animus that motivates their actions—it does not make the existence of an intentional act any more likely, and therefore should not be permitted into evidence.  *Jones v. National Council of YMCA*, 34 F. Supp. 3d 896, 901 (N.D. Ill. 2014).  Similarly, another court asked to allow testimony relating to implicit bias rejected the effort, noting that the expert in question had not visited the work site, and was merely attempting to apply "general conclusions" the those who worked there.  *Karlo v. Pittsburgh Glass Works, LLC*, 2015 WL 4232600 (W.D. Pa. July 13, 2015).  And, just across the Columbia River, the Washington Court of Appeals upheld the exclusion of such testimony noting that "generalized opinions are not tied to the specific facts of this case" and "would be confusing and misleading for the jury."  *Johnson v. Seattle Pub. Utils.*, 2018 WL 2203321 (Wash. Ct. App. May 14, 2018); *see also White v. BNSF Railway Co.*, 726 Fed. Appx. 603, 604 (9th Cir. 2018).

Implicit bias, as its very name implies, *implies* the existence of bias.  It is not evidence of attitudes held by any person, any entity.  And it is more certainly not evidence that a person took any specific act in conformity with that presumption of bias.  As one court noted, there is little to permit a conclusion that there is a logical connection between the mere existence of unconscious bias and the results of employment decisions made by supervisors and managers who are armed with data and personally invested in the results of a process.  *Jones, supra,* 34 F. Supp 3d at 900.

Allowing an instruction about implicit bias would be highly confusing and unduly prejudicial.  In a case in which the jury instructions will discuss *intentional* acts, what is a jury to do with information that asserts that most people carry vague and unspecified predispositions which lead them to take vague and unspecified positions that do not have any logical linkage to the specific acts in this case?  This Court should follow the overwhelming weight of the

precedent and not give such an instruction.

**MODIFIED INSTRUCTION NO. 2:**
**CLAIMS AND DEFENSES[2]**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that defendant retaliated against her as a whistleblower, discriminated against her based on disabilities, failed to accommodate her disabilities, and interfered with her medical leave.  The plaintiff has the burden of proving these claims.

The defendant denies those claims and contends that it had legitimate, non-discriminatory reasons to terminate plaintiff, that plaintiff is responsible for any harm she experienced, and that she failed to mitigate her damages.  The defendant has the burden of proof on these affirmative defenses.

The plaintiff denies defendant's affirmative defenses.

<u>Objection</u>: Defendant objects to Modified Instruction No. 2 only to the extent that "plaintiff is responsible for any harm she experienced" is included in the list of affirmative defenses as to which defendant has a burden.  This argument is not a specific affirmative defense, such as "legitimate, non-discriminatory reasons" as is set forth in the burden-shifting analysis of *McDonnell-Douglas/Burdine*.  Accordingly, defendant suggest the following editing of that paragraph:

Defendant denies those claims and contends that plaintiff is responsible for any harm she experienced, that it had legitimate, non-discriminatory reasons to terminate plaintiff, that and that plaintiff failed to mitigate her damages.  Defendant has the burden of proof as to the last two of these affirmative defenses.

**MODIFIED INSTRUCTION NO. 3:**
**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

When attorneys have finished their examination of a witness, you may ask questions of the witness.  After you ask your question, the attorneys will have an opportunity to tell me if they have a matter for the court or a side-bar.  That means

---

[2] MCJI 1.5 (modified).

Page 6 -    **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY**
**INSTRUCTIONS**

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the attorneys may need to discuss with me whether answering the question is allowed under the rules of evidence.  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions.

<u>Objection</u>: Defendant objects to juror questions during the trial.  In defense counsel's experience, such questions detract from the narrative, make continuing with the timely conduct of the trial difficult, and to not usually result in improved clarity of the issues.  *See DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F.2d 512, 517 (4th Cir. 1985) ("One simply cannot compare the questioning by the trial judge—who is trained in the law and instructed to "see that justice is done"—with the questioning by members of the jury—who are untutored in the law, and instructed to sit as a neutral fact-finding body.")

## MODIFIED INSTRUCTION NO. 4:
## LIABILITY OF LEGISLATURE[3]

Under the law, the legislature can only act through its employees, agents, and elected officials - the senators, and representatives.  Therefore, the legislature is responsible for the acts of its employees, agents, and the senators, and representatives performed within the scope of authority.

Defendant has no objection to Modified Instruction No. 4.

## MODIFIED INSTRUCTION NO. 5:
## SCOPE OF AUTHORITY DEFINED[4]

An employee, agent, senator, or representative is acting within the scope of authority if they are engaged in the performance of duties for the legislature.

<u>Objection</u>: Defendant did not object to the use of the corporation-based instruction for Modified Instruction No. 4. in that it is logical to draw the parallel that an entity created by law has to work through humans.  That said, the same parallel is not necessarily true for a Legislature when comparing it to a hierarchical structure such as a corporation, which is what MCJI 4.5

---

[3] MCJI 4.2 (modified).

[4] MCJI 4.5 (modified).

Page 7 -   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

relates to.  Unlike a corporation, Senators and Representatives are independently elected, autonomous and do *not* perforce operate within the "scope of authority" of the Legislature when performing their actions.  To the contrary, the reverse could be said to be true: it is the Legislature that acts according to the dictates of the collective will of the 90 members of its two chambers.  Accordingly, although such an instruction might be applicable to *employees* such as Ms. Knieling, it is not an accurate legal description of Sen. Gelser Blouin, Senator Prozanski and other members of the Conduct Committee, or Representative Pham.

Accordingly, defendant asks this instruction not be given.

## MODIFIED INSTRUCTION NO. 6:
## ADA EMPLOYMENT ACTIONS—ACTUAL DISABILITY—ELEMENTS[5]

The plaintiff claims that her disability was the reason for the defendant's decision to put her on administrative leave in 2020, and ultimately terminate her employment in 2020 and in 2023.  To succeed on this claim, the plaintiff has the burden of proving the following by a preponderance of the evidence:

1.    the plaintiff has a physical or mental impairment;

2.    such physical or mental impairment substantially limited one or more major life activities;

3.    the plaintiff was a qualified individual as that term is later defined in these instructions; and

4.    the defendant put her on administrative leave, and ultimately terminated her employment because of her physical or mental impairment.

If you find that the plaintiff has proved all of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one of these elements, your verdict should be for the defendant.

Defendant does not object to Modified Instruction No. 6

## MODIFIED INSTRUCTION NO. 7:
## ADA—PHYSICAL OR MENTAL IMPAIRMENT[6]

The first element of the ADA claim that the plaintiff must prove is that the plaintiff

---

[5] MCJI 12.1A (modified).

[6] MCJI 12.2 (modified to incorporate definition of "substantially limits" from UCJI 59.02 and definition of "major life activities" from MCJI 12.1A).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

has a recognized disability under the ADA or that defendant regarded plaintiff as having such a disability. A "disability" under the ADA is a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include (1) any disorder or condition affecting one or more of the following body systems: neurological or digestive; or (2) any mental or psychological disorder such as emotional or mental illnesses or learning impairment.

Although many disabilities are visible, such as disabilities that require wheelchairs or assistance with seeing or hearing, many disabilities are invisible. Even if you are not able to see a disability, it qualifies as a disability under the law if it substantially limits one of the plaintiff's major life activities.

*Substantially limits* means the impairment restricts one or more major life activities of the plaintiff as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of the law.

*Major life activities* are the normal activities of living that a nondisabled person can do with little or no difficulty, such as learning, concentrating, thinking, communicating, understanding instruction, staying awake, digesting food predictably, and sleeping.

Objection: Plaintiff has made numerous small but, cumulatively, substantial and

argumentative changes in the text.  Defendant simply asks that the Court give MCJI 12.2 without

alteration.

## MODIFIED INSTRUCTION NO. 8:
## OFLA CLAIM – OVERVIEW[7]

The plaintiff has brought a claim of employment discrimination based on a state law known as the Oregon Family Leave Act, which we refer to in these instructions as OFLA.

Under OFLA, an eligible employee is entitled to a total of 12 work weeks of unpaid leave during any 12-month period for a serious health condition, including a chronic condition requiring medical treatment, and to be reinstated to the same or an

---

[7] ORS 659A.183; OAR 839-009-0210(22)(e), 839-009-0220; 29 U.S.C. § 2612 (a)(1) and (2); *Price v. Multnomah County*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

equivalent position upon return from leave.

An employer may not interfere with, restrain, or deny an employee the exercise of rights protected by OFLA, or discriminate against an employee for opposing any practice made unlawful under OFLA.

In this case, the plaintiff contends that the defendant interfered with her attempt to take medical leave and discriminated or retaliated against her in violation of OFLA by putting plaintiff on administrative leave and later terminating her employment in response to her reports that her medical leave rights may have been violated. The defendant contends that it did not interfere with plaintiff's rights under OFLA because it provided plaintiff with the leave she requested and because the decision to terminate her employment was unrelated to the plaintiff's use of leave.

Objection: Defendant does not believe this narrative is necessary for the jury to determine plaintiff's rights or violation of rights or lack thereof under OFLA. It includes unnecessary details not relevant to the claims. This is more in the nature of an introductory argumentative statement. It should not be given to the jury.

## MODIFIED INSTRUCTION NO. 9:
## OFLA CLAIM – INTERFERENCE[8]

In order to prove she experienced interference with her right to take OFLA leave, the plaintiff must prove each of the following by preponderance of the evidence:

1. Plaintiff attempted to take leave;

2. Because of a qualifying health condition; and

3. Defendant took action that discouraged plaintiff from taking leave.

Defendant took an action that discouraged plaintiff from taking leave if defendant did anything that would tend to chill plaintiff's freedom to take medical leave.

Objection: Defendant objects to Modified Instruction No. 9 as being an incomplete statement of the elements required, including not requiring that plaintiff show she was a person covered by OFLA and that the Legislature was covered by OFLA, as required by ORS 659A.153(2). Defendant suggests its Proposed Specific Jury Instruction No. 7 is the more

---

[8] ORS 659A.183; ORS 659A.186(2); OAR 839-009-0210(22)(e), 839-009-0220; 29 U.S.C. § 2612 (a)(1) and (2); *Price v. Multnomah County*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001).

complete and accurate statement of the law.

**MODIFIED INSTRUCTION NO. 10:**
**OFLA CLAIM – DISCRIMINATION[9]**

In order to prove she experienced discrimination because she invoked her right to take OFLA leave, the plaintiff must prove each of the following by preponderance of the evidence:

1. Plaintiff invoked her rights under OFLA or inquired about her rights under OFLA;

2. Defendant took an adverse action against plaintiff because of her invocation of rights or inquiry about her rights.

Plaintiff invoked her rights if she asked to take medical leave. Defendant took an adverse action if defendant changed a term or condition of Plaintiff's employment in response to Plaintiff's inquiry into her rights or invocation of her rights.

Objection: Defendant objects to Modified Instruction No. 10 as being an incomplete

statement of the elements required, including not requiring that plaintiff show she was a person

covered by OFLA and that the Legislature was covered by OFLA, as required by ORS

659A.153(2). Defendant suggests its Proposed Specific Jury Instruction No. 7 is the more

complete and accurate statement of the law.

**MODIFIED INSTRUCTION NO. 11:**
**DISABILITY DISCRIMINATION—"BUT FOR" CAUSATION[10]**

In considering whether disability discrimination caused plaintiff's harm, you must use "but for" causation. This means that the disability discrimination is a cause of the plaintiff's harm if the harm would not have occurred but for that conduct; conversely, the disability discrimination is not a cause of the plaintiff's harm if that harm would have occurred without that conduct.

Defendant does not object to Modified Instruction No. 11.

---

[9] ORS 659A.183; ORS 659A.186(2); OAR 839-009-0210(22)(e), 839-009-0220; 29 U.S.C. § 2612 (a)(1) and (2); *Price v. Multnomah County*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001).

[10] UCJI 23.01 (modified); *Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## MODIFIED INSTRUCTION NO. 12: WHISTLEBLOWER AND OFLA CAUSATION—"SUBSTANTIAL FACTOR"[11]

In considering whether whistleblower retaliation, OFLA interference, or OFLA discrimination caused plaintiff's harm, you must use "substantial factor" causation.  A substantial factor is one that made a difference in an employment decision; that is, the decision would not have been made without it.  It need not be the only factor.

Defendant does not object to Modified Instruction No. 12.


DATED April 18, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_____*s/ Marc Abrams*_____
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
allie.m.boyd@doj.state.or.us

---

[11] UCJI No. 59A.03 (modified).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000