ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
            allie.m.boyd@doj.state.or.us

Attorneys for Defendant State of Oregon Legislative Assembly

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOUTHERN DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>  Defendant. | Case No. 3:21-cv-00780-SI<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM** |

Defendant Oregon Legislative Assembly objects to the proposed verdict form of plaintiff as follows:

- Plaintiff's verdict form does not properly instruct the jury on the *sequential* nature of the questions to be asked, leaving them each without appropriate linkage.  By contrast, defendant's proposed verdict form guides the jury through the proposed "flow chart" of the sequencing of their decisions, such that certain answers end a specific inquiry.  Plaintiff's form nowhere makes that clear.

- Plaintiff's proposed verdict form nowhere allow the jury to clarify whether damages

Page 1 -   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM**

are unique to a specific claim or not. Absent that provision, there is a high risk of reversible error in the form.

- It is unclear how the four elements of plaintiff's proposed verdict form relate to the nine remaining claims and counts in the case. Defendant's proposed verdict form lays this out clearly. Defendant understands plaintiff may be withdrawing one of the claims, that for disability retaliation, but the Court has not yet so ruled, so the defense version includes all the currently remaining claims and counts.

- With regard to disability discrimination, plaintiff's proposed verdict form does not ask the necessary prerequisite questions as to whether Ms. Hanson actually is a person with a disability who is *qualified* to perform the functions of her job. This is unquestionably at issue, and needs an independent finding.

- With regard to disability discrimination, plaintiff's proposed verdict form does not ask the necessary post-requisite questions as to whether the Legislature had a legitimate reason for its decision. As this Court has noted, this claim is resolved under the *McDonnell-Dougles/Burdine* burden shifting analysis, so that step needs to be included in the verdict form.

- With regard to whistleblowing retaliation, plaintiff's proposal under ORS 659A.199 consist only of a single question that includes no findings. As a result, it is conclusory in nature. By contrast, defendant's Question 2 series walks through the specific elements at issue.

- With regard to failure to accommodate, plaintiff again reduces the matter to a single question (1(B)), which totally ignores the reasonable accommodation findings necessary to avoid the high possibility of error.

Page 2 -   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM**

- With regard to public employee whistleblowing retaliation, the plaintiff's proposed verdict form again does not walk the jury through the critical elements needed for an ultimate finding.

In sum, there is a fundamental difference in the structure used by the parties. The defense form is one it has used many times over the years in both federal and state courts and defendant believes properly reflects the process needed to provide clarity and avoid the possibility of an erroneous verdict.

DATED April 18, 2024.

Respectfully submitted,
ELLEN F. ROSENBLUM
Attorney General

*s/ Marc Abrams*
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
allie.m.boyd@doj.state.or.us
*Attorneys for Defendant*