Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURA HANSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**STATE OF OREGON LEGISLATIVE ASSEMBLY**,<br><br>　　　　Defendant. | Case No.　3:21-CV-00780-SI<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS** |

Plaintiff responds to Defendant's objections to Plaintiff's exhibits as follows:

//

//

//

Page 1 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS**

| Exhibit No. | Description | Objections | Responses |
|---|---|---|---|
| 4 | Legislative Branch Personnel Rule 5A: ADA | *Objection: irrelevant — there is no contention this was violated and no basis for saying there is a private right of action* | This document is relevant to show what Defendant's disability accommodation policy was during Plaintiff's employment. |
| 6 | Dec. 17, 2019 Memo from Hanson to Gelser | **No objection** | Note: This exhibit should be replaced with a color version for better clarity regarding authorship. |
| 7 | Response from Gelser to Hanson's Dec. 17, 2019 Memo | **No objection** | Note: This exhibit should be replaced with a color version for better clarity regarding authorship. |
| 8 | Dec. 18, 2019 Memo from Hanson to Gelser | **No objection** | Note: This exhibit should be replaced with a color version for better clarity regarding authorship. |
| 9 | Response from Gelser to Hanson's Dec. 18, 2019 Memo | **No objection** | Note: This exhibit should be replaced with a color version for better clarity regarding authorship. |
| 10 | Reply from Hanson to Gelser's Response to Dec. 18, 2019 Memo | **No objection** | Note: This exhibit should be replaced with a color version for better clarity regarding authorship. |
| 11 | Dec. 19, 2019 Memo from Hanson to Gelser | **No objection** | Note: This exhibit should be replaced with a color version for better clarity regarding authorship. |
| 12 | Response from Gelser to Hanson's Dec. 19, 2019 Memo | **No objection** | Note: This exhibit should be replaced with a color version for better clarity regarding authorship. |

| Exhibit No. | Description | Objections | Responses |
|---|---|---|---|
| 13 | Christmas card from Hanson to Gelser | **No objection (but prefer Exh. 234 as it is in color)** | Plaintiff agrees. |
| 15 | Dec. 30, 2019 Handwritten note re: panic attacks | *Objection: lack of foundation, hearsay* | Jessica Knieling has testified that she made this note and we anticipate she will authenticate it at trial. |
| 16 | Dec. 31, 2019 Handwritten notes re: Hanson | *Objection: lack of foundation, hearsay* | Jessica Knieling has testified that she made this note and we anticipate she will authenticate it at trial. |
| 18 | Jan. 2, 2020 Email from Baumgart to Knieling RE: I connected with Laura. | *Objection: lack of foundation, hearsay; Brenda Baumgart not being called by plaintiff* | Jessica Knieling has testified that she has some trouble recalling dates, and so this was designated in order to help her recall when she connected Ms. Baumgart with Ms. Hanson. |
| 19 | Stoel Rives Bio - Brenda Baumgart | *Objection: lack of foundation hearsay* | This website information is not offered for the truth of its contents, but for other reasons including Defendant's motive in hiring Ms. Baumgart. |
| 20 | Jan. 2, 2020 Email Exchange b/w Knieling & Gelser | *Objection: as to Shane Walker component of exhibit, lack of foundation, hearsay* | This is not offered for the truth of Mr. Walker's email, but for Ms. Knieling's process regarding Ms. Hanson's restriction from work. |
| 25 | Jan. 6, 2020 Email from Knieling to Hanson & Gelser RE: Meeting at 11 | *Objection: irrelevant* | This is relevant to show the stress that Plaintiff experienced as she was being restricted from work. |

| Exhibit No. | Description | Objections | Responses |
|---|---|---|---|
| 26 | Jan. 6, 2020 Memo to Hanson RE: Paid Admin. Leave | *Objection: duplicative of Exh. 24* | Ex. 24 and 26 are distinguishable in that 26 is signed and is the version given to Ms. Hanson. Otherwise it is true that they are the same. |
| 27 | Jan. 10, 2020 Memo From Tom Powers RE: HCR 20 – Personnel Rule 27 and Complaints Against Legislators | *Objection: lack of foundation, hearsay* | This is not offered for the truth of the matter, but for Plaintiff's understanding of the Rule 27 process while she was going through it. |
| 31 | Jan. 15, 2020 Email from Hanson to Knieling RE: Follow up | *Objection: hearsay* | This is the same as Defendant's Ex. 221. It is not offered for the truth of the matter regarding the allegation that Plaintiff was being investigated for sexual assault. |
| 32 | July 9, 2020 Email from Sandmeyer to Hanson RE: Confidential Communication-do not forward | *Objection: lack of foundation, hearsay, and would require the defense to call and cross-examine counsel if admitted* | This would not require testimony from counsel any more than a tort claims notice or complaint would require it. Plaintiff is fully able to testify to any representations from Plaintiff in this exhibit. However, it is primarily offered for Jackie Sandmeyer's email at the top of the thread, and if the Court is inclined to limit the exhibit, that email should still be admissible. |
| 33 | Legislative Branch Personnel Rule 8: Americans with Disabilities Act (2020 update) | *Objection: irrelevant — there is no contention this was violated and no basis* | This is relevant to show the update to Defendant's disability policy during |

| Exhibit No. | Description | Objections | Responses |
|---|---|---|---|
| | | *for saying there is a private right of action* | Plaintiff's restriction from work. |
| 35 | Sept. 4, 2020 Email Exchange b/w Knieling & Holley RE: Laura Hanson's suspension from work | *Objection: irrelevant, and would require the defense to call and cross-examine counsel if admitted* | This would not require testimony from counsel any more than a tort claims notice or complaint would require it. Plaintiff is fully able to testify to any representations from Plaintiff in this exhibit. However, it is primarily offered for Jessica Knieling's email at the top of the thread, and if the Court is inclined to limit the exhibit, that email should still be admissible. |
| 36 | Oct. 6, 2020 Memo from Sen. Prozanski RE: Conduct chair agenda 10.7.2020 | *Objection: lack of foundation, hearsay; plaintiff is not calling either Sen. Prozanski or Ms. Nordlund* | The entirety of this exhibit was offered for completeness, but it is primarily offered for the overview of the case prepared by Jackie Sandmeyer. |
| 38 | Oct. 13, 2020 BOLI Complaint | *Objection: irrelevant, hearsay, lack of foundation, Sleigh v. Jenny Craig Weight Loss Centres, Inc., 161 Or. App. 262 (1999)* | Defendant has represented in its objections to Plaintiff's Witness List that it stipulates that Plaintiff's claims were timely. This was only offered to prove timeliness, and based on Defendant's stipulation does not need to be admitted. |
| 39 | Dec. 29, 2020 Letter from BOLI RE: Acceptance of Complaint | *Objection: irrelevant, hearsay, Sleigh v. Jenny Craig Weight Loss* | Defendant has represented in its objections to Plaintiff's Witness List that |

| Exhibit No. | Description | Objections | Responses |
|---|---|---|---|
|  |  | *Centres, Inc., 161 Or. App. 262 (1999)* | it stipulates that Plaintiff's claims were timely. This was only offered to prove timeliness, and based on Defendant's stipulation does not need to be admitted. |
| 40 | Oct. 16, 2020 Tort Claim Notice | *Objection: irrelevant, lack of foundation, hearsay, and would require the defense to call and cross-examine counsel if admitted* | Defendant has represented in its objections to Plaintiff's Witness List that it stipulates that Plaintiff's claims were timely. This was only offered to prove timeliness, and based on Defendant's stipulation does not need to be admitted. |
| 41 | Sabrina Ullmann Mathews Therapy Records and Bills | *Objection: the 2023 date on this exhibit makes clear it was not contemporaneous, and not actually the records or bills, but a reconstruction not satisfying Fed. R. Evid. 1006* | Ms. Ullmann Mathews has represented that she does not have other records related to these visits, but provided this representation of the dates of service upon request. This is not a summary of voluminous content, but an original records. Fed. R. Evid. 1002. This is also a business record. Fed. R. Evid. 803(6) |
| 42 | August 4, 2022 Declaration of Nathan Monson | *Objection: lack of foundation, hearsay, subject to defendant's Motion in limine No. 14* | Plaintiff anticipates Mr. Monson will authenticate this record should the Court allow him to testify. Statements in this document from Jessica Knieling are admissions of a party opponent. Fed. R. Evid. |

| Exhibit No. | Description | Objections | Responses |
|---|---|---|---|
| | | | 801. |
| 43 | Laura Hanson Workday File | *Objection: lack of foundation, hearsay, irrelevant* | Ms. Hanson may testify to her work history with the Oregon Employment Department and salary there, which is the purpose of this exhibit. Defendant has also offered exhibits consistent with this history. |
| 44 | Dec. 21, 2022 Email from Ye to Pham RE: Question regarding Legislative Assistant position | *Objection: lack of foundation, hearsay; plaintiff is not calling Mr. Ye* | This is not offered for the truth of the statements, but for Rep. Pham's motivations in terminating Plaintiff. |
| 45 | Dec. 30, 2022 Email from Ye to Hanson RE: Laura Hanson Onboarding | *Objection: lack of foundation, hearsay* | This is not offered for the truth of the matter, but for Ms. Hanson's understanding of her starting expectations |
| 46 | Jan. 5, 2023 OKP Google Documents | *Objection: irrelevant, lack of foundation, hearsay* | Plaintiff can testify as to foundation of these photos. The underlying documents are not offered for their truth but for Plaintiff's understanding of her assignments and communications within the Pham office. |
| 49 | Notes from meeting b/w Hanson and Pham | *Objection: irrelevant, lack of foundation, hearsay* | Defendant provided these after Rep. Pham's deposition after having neglected to provide them after many requests. Rep. Pham testified that she maintained notes regarding Ms. Hanson and we |

| Exhibit No. | Description | Objections | Responses |
|---|---|---|---|
| | | | understand this to be those notes. |
| 50 | Feb. 24, 2023 OKP Staff Meeting Notes | *Objection: irrelevant (notes come from after plaintiff's termination and are not about her), lack of foundation, hearsay* | Defendant provided these after the depositions from members of Rep. Pham's office. They are the only records Defendant has provided that allegedly contain the written instructions provided by Rep. Pham's office to staff. Defendant is correct that the majority of them came after Plaintiff's termination, which is relevant to Plaintiff's allegation that she was not provided written instruction or role description as accommodations. |
| 53 | July 2, 2020 Final Investigation Report by Brenda Baumgart | *Objection: this exhibit is a duplicate of itself (19 pp. without redactions, 19 pp. with) and of Exh. 270.* **No objection to first 19 pp.** | The redacted version is relevant to show what confidentiality was offered Plaintiff through the Rule 27 process. |
| 55 | Jan. 1, 2021 Khanh Pham Legislative Assistant Position Description | *Objeciton: lack of foundation* | Plaintiff is available to testify that this is the position description she responded to when applying for Rep. Pham. |
| 56 | Dec. 23, 2022 email from Pham to Hanson RE: following up! | *Objection: lack of foundation, hearsay, irrelevant* | Rep. Pham is called as a witness. |

Submitted this <u>25th</u> Day of April, 2024.

                           <u>/s Rebecca Cambreleng</u>
                           Rebecca Cambreleng, OSB No. 133209
                           Rebecca@employmentlaw-nw.com
                           CAMBRELENG & MARTON LLC
                           3518 S. Corbett Avenue
                           Portland, OR 97239
                           *Of Attorneys for Plaintiff*

                           Meredith Holley(she/her), OSB No. 125647
                           Meredith@ErisResolution.com
                           Law Office of Meredith Holley
                           207 E 5th Avenue, Suite 254
                           Eugene, OR 97401
                           Phone: (458) 221-2671
                           Fax: (833) 352-3615
                           *Of Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*

>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
     Max Joyner, Paralegal