Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURA HANSON,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>            Defendant. | Case No.   3:21-CV-00780-SI<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |

Plaintiff responds to Defendant's objections to Plaintiff's proposed jury instructions as follows:

Defendant has no objection to, and therefore this response does not address, the following instructions:

| NO. | TITLE |
|---|---|
| 3. | Burden of Proof – Preponderance of the Evidence (MCJI 1.6) |
| 4. | What is Evidence (MCJI 1.9) |
| 5. | What is Not Evidence (MCJI 1.10) |
| 6. | Evidence for Limited Purpose (MCJI 1.11) |
| 7. | Direct and Circumstantial Evidence (MCJI 1.12) |
| 8. | Ruling on Objections (MCJI 1.13) |
| 9. | Credibility of Witnesses (MCJI 1.14) |
| 10. | Conduct of Jury (MCJI 1.15) |
| 12. | No Transcript Available to Jury (1.17) |
| 13. | Taking Notes (1.18) |
| 15. | Bench Conferences and Recesses (MCJI 1.20) |
| 16. | Outline of Trial (MCJI 1.21) |
| 17. | Stipulations of Fact (MCJI 2.2) |
| 18. | Modified No. 4: Liability of Legislature (MCJI 4.2 modified) |
| 21. | Whistleblowing (public employer) (UCJI 58A.02) |
| 22. | Modified No. 6: ADA Employment Actions—Actual Disability—Elements (MCJI 12.1A) |
| 24. | Disability Discrimination—Qualified to Perform the Essential Functions of the Job (UCJI 59.03A) |
| 30 | Modified Instruction No. 11: Disability Discrimination Causation—"But For" (UCJI 23.01 Modified) |
| 31 | Modified Instruction No. 12: Whistleblower and OFLA Causation—"Substantial Factor" (UCJI 59A.03 Modified) |
| 32. | Damages—Proof (MCJI 5.1) |

| NO. | TITLE |
|---|---|
| 33. | Duty to Deliberate (MCJI 3.1) |
| 34. | Communication with Court (MCJI 3.3 in 2023 revision) |
| 35. | Return of Verdict (MCJI 3.5) |

## RESPONSE TO OBJECTIONS

Plaintiff responds to Defendant's Objections as follows:

**1. Modified No. 1: Duty of Jury (MCJI 1.2 modified)**

Defendant objects to modifying MCJI 1.2 to include the following language from UCJI 5.01 regarding a juror's unconscious bias:

> *Unconscious bias* is a term used by social scientists to describe the reality that everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "unconscious biases," that we may not be aware of. These hidden thoughts can affect what we see and hear, how we remember what we see and hear, how we interact with others, and how we make important decisions. Our biases can affect how we act, favorably or unfavorably, toward someone. You should make every effort to be aware of your unconscious biases and what effect those may have on your decision making.

Defendant argues that this instruction has been rejected by courts, but only cites cases in which courts have rejected *testimony* regarding unconscious or implicit bias. This instruction has nothing to do with testimony regarding implicit bias. The Sixth Amendment to the United States Constitution provides the right in criminal prosecutions to "speedy and public trial, by an impartial jury." The Seventh Amendment extends the right to jury trial to civil trials. It is axiomatic that "all persons otherwise qualified for jury service are subject to examination as to actual bias." *U.S. v. Wood*, 299 U.S. 123, 133 (1936) (ruling that employees of the federal government could serve as jurors despite a previous ban based on potential bias). 28 U.S.C. § 1866(c) provides that a juror

may be excluded for inability to "render impartial jury service." Rule 47 of the Federal Rules of Civil Procedures also codifies the process of examining jurors to discover bias.

Over a hundred years ago, the Supreme Court reasoned, "Bias or prejudice is such an elusive condition of the mind that it is most difficult, if not impossible, to always recognize its existence, and it might exist in the mind of one (on account of his relations with one of the parties) who was quite positive that he had no bias, and said that he was perfectly able to decide the question wholly uninfluenced by anything but the evidence. The law therefore most wisely says that, with regard to some of the relations which may exist between the juror and one of the parties, bias is implied, and evidence of its actual existence need not be given." *Crawford v. United States*, 212 U.S. 183, 196 (1909) (in 1935, Congress reversed the underlying act at issue in *Crawford*, which prevented federal employees from serving as jurors because of the danger of unconscious bias). The Supreme Court has additionally reasoned, "The bias of a prospective juror may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as a matter of law. … Impartiality is not a technical conception. It is a state of mind." *Id.* at 133, 145. *See also U.S. v. Polichemi*, 219 F.3d 698, 704 (7th Cir. 2000) ("The concept of implied bias is well-established in the law. Many of the rules that require excusing a juror for cause are based on implied bias, rather than actual bias. For example, a court must excuse a juror for cause if the juror is related to one of the parties in the case, or if the juror has even a tiny financial interest in the case.") (citing *U.S. v. Annigoni*, 96 F.3d 1132, 1138 (9th Cir. 1996) (overruled on unrelated grounds *U.S. v. Lindsey*, 634 F.3d 541, 544 (9th Cir. 2011))).

There is no basis for Defendant's concern that this instruction relates to testimony or would change the jurors' evaluation of the standards of proof in the case. Other instructions make the

standards of proof clear as to each claim. The reality of unconscious bias is well established in federal and Oregon law, and this instruction is an important caution to jurors to make a decision based on the evidence, rather than bias.

2. **Modified Instruction No. 2: Claims and Defenses (MCJI 1.5 modified)**

It is unclear whether Defendant here is withdrawing its third affirmative defense, "Plaintiffs [sic] Responsible for Harm," however if Defendant is not withdrawing this defense, Defendant has the burden to prove it. Fed. R. Civ. Pro. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense"); *Nayab v. Capital One Bank, N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019) ("the plaintiff need not negative the exception to the statute. If the defendant wishes to rely upon the proviso, the burden is upon it to bring itself within the exception.") (quoting *Schlemmer v. Buffalo, R&P R. Co.*, 205 U.S. 1, 10 (1907)) (internal brackets omitted). The burden of pleading, proof, and persuasion regarding exceptions and affirmative defenses is with defendants. *Id.* If Defendant wishes to withdraw that affirmative defense, it should not be included in jury instructions. If Defendant wishes to maintain the defense, it has the burden of proof.

3. **Publicity During Trial (MCJI 1.16)**

Defendant argues that there will not be substantial media coverage of the trial, but there has already been media coverage of this case and related Rule 27 processes. It may be that no media coverage will come with trial, however, the significant coverage that has already happened should not be part of the jury's consideration.

4. **Modified Instruction No. 3: Questions to Witnesses by Jurors During Trial (MCJI 1.19 modified)**

We believe allowing jurors to ask questions would be beneficial, especially because of the complexity of the systems that Defendant has put into place for employees, many of which involve special acronyms and titles. This case involves several offices within the Oregon legislature and potentially three personnel processes, which changed during Plaintiff's employment: The legislature's disability accommodation processes, Rule 27, and respectful workplace policy. One of Defendant's 30(b)(6) witnesses, HR Director Jessica Knieling, has described the legislature's processes, saying, "I have said many times, This place is crazy, this process is crazy, or the fact that we have three systems for timekeeping is crazy. There's a lot—the branch is unique, and so a lot of things—not unlike the we spent time discussing the structure here, it's crazy to follow that." Knieling Dep. 172:9-16. While it is true that some jury questions may not be appropriate, the Court may exclude those, and we believe jury questions in this case would be useful in order to avoid confusion or allow the opportunity to correct any confusion. The Ninth Circuit provides the following recommendations for allowing questions:

In the event the judge allows jurors to submit questions for witnesses, the judge may consider taking the following precautions and using the following procedures:

1. The preliminary instructions should describe the court's policy on juror-submitted questions, including an explanation of why some questions may not be asked. All juror-submitted questions should be retained by the clerk as part of the court record whether or not the questions are asked.

2. At the conclusion of each witness's testimony, if a juror has a written question it is brought to the judge.

3. Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written question between counsel and the court during a side-bar conference or by excusing jurors to the jury room.

4. Counsel or the judge asks the question of the witness.

5. Counsel are permitted to ask appropriate follow-up questions.

6. The written questions are made part of the record.

Jury Instructions Committee of the Ninth Circuit, A Manual on Jury Trial Procedures § 3.5 (2013). All jury questions may be gathered at the conclusion of a witness's testimony for efficiency, so that counsel and the Court may consider whether any may be asked. Allowing for questions does not require the Court to allow any particular question to be asked.

## 5. Modified Instruction No. 5: Scope of Authority Defined

Defendant argues that scope of authority does not apply to elected officials, however elected officials are "appointing authorities" for the Oregon legislature according to HR Dir. Knieling. Knieling Dep. 47:6-25. Appointing authorities are "those generally with the ability to hire and fire." Knieling Dep. 32:3-4; ORS 240.015(2) ("'Appointing authority' means an officer or agency having the power to make appointments to positions in the state service"). Likewise, the Conduct Committee members and appointing authorities were delegated the power to make Rule 27 decisions regarding employment. *See e.g.* Pl. Trial Ex. 3, HCR 20 at (13)(d)(C), (14)(e)(C), (15). Legislative members have clearly been given authority by the state to make employment and other decisions and act on behalf of the state when they make those decisions. Like any agent,

elected officials may at times act outside of the scope of authority, but that does not change liability when they are acting within scope of authority.

Likewise, contract workers such as Jackie Sandmeyer and Brenda Baumgart acted within the scope of authority when working on employment issues for Defendant, as designated by Rule 27 and other authority such as their contracts.

6. **Whistleblowing (UCJI 58A.01)**

Defendant objects that this version of the instruction does not include a substantial factor instruction. Because all of the Oregon law claims use substantial evidence as the standard of causation, this is more clearly given separately. Moreover, "substantial factor" is not a separate element of the claim, but a standard to follow for causation. This instruction already includes causation as an element, saying "because the plaintiff reported," in the third element. Defendant's preferred instruction would tend to duplicate this factor.

7. **Modified Instruction No. 7: ADA—Physical or Mental Impairment (MCJI 12.2 modified)**

Defendant objects to modifications to 12.2, however Defendant is not specific about which changes it objects to. For example, Defendant does not object to 12.1A, which moves the explanation of "major life activities" to 12.2. Additionally, 12.2 requires modifications in order for the rule to make sense regarding what specific impairments are applicable to the case, and it is unclear whether Defendant objects to those. Regarding the definition of "substantially limits" from UCJI 59.02, Defendant proposes almost identical language in its proposal of MCJI 12.2, though that language would be acceptable to Plaintiff as well if it is not limited to "work" as the life activity limited. Plaintiff also suggests language to clarify the common bias that a person must

have visible impairment in order to qualify as disabled under the law, which is supported by the fact that neurological and mental disorders are listed in the rule itself. Defendant's general objection cites no specific problem with this instruction and should not be regarded by the Court.

**8. Disability Discrimination—"Failure to Accommodate" Elements (UCJI 59.05) and Disability Discrimination—Reasonable Accommodation Defined (UCJI 59.06)**

Defendant argues that MCJI 12.7 is more appropriate for this case than these two UCJI instructions, however, the language Defendant cites ("A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.") would tend to be confusing in this case, where it has not been alleged as an exception by Defendant. In this case, Defendant has not alleged that any of Plaintiff's requested accommodations (including time off, flexible schedule, bathroom breaks, clear in-person and written instruction and role description) would require changing or eliminating an essential function, shifting an essential function, or creating a new position. To the extent the MCJI may shift the burden to Plaintiff to prove an exception does *not* exist, it would be error to instruct the jury on exceptions that Defendant has not alleged, as argued in Section 2 above and incorporated into this response.

Additionally, we believe the Oregon jury instructions are more accurate to the law. For example, the MCJA states that plaintiff must prove defendant received notice of plaintiff's disability *and* desire for accommodation, while the UCJI more accurately states "plaintiff requested accommodation, *or* defendant otherwise knew that the plaintiff had a disability that may

require reasonable accommodation." *See Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1137-38 (9th Cir. 2001).

9. **Modified Instruction No. 8: OFLA Claim—Overview**

Because OFLA has a technical name and statutory scheme, Plaintiff offers this instruction to assist the jury. However, if the Court believes Modified Instructions 9 and 10 are sufficient, Plaintiff agrees that it is within the Court's discretion not to give this instruction and takes no issue with removing it.

10. **Modified Instructions 9: OFLA Claim—Interference and 10: OFLA Claim—Discrimination**

Defendant objects that these instructions are incomplete in not requiring Plaintiff to prove that she and Defendant were covered by OFLA. However, Defendant conceded that it has more than 50 employees, which makes it a covered employer under ORS 659A.153. Ans. to Second Am. Compl. ¶ 4 (ECF No. 66). Defendant has admitted that its Joint Conduct Committee found Plaintiff to be protected by OFLA for her requested December 2019 leave. Ans. to Second Am. Compl. ¶ 37; *see also* [Oregon Senate Conduct Committee Meeting, October 7, 2020, at 38:58, 49:17 (last accessed April 20, 2024)](#) (explaining that Plaintiff's protected class under Rule 27 was her attempt to take or having taken "protected leave" under OFLA, including her attempt to take protected leave in December 2019, and voting that Plaintiff was protected under Rule 27 because of OFLA protected leave). The Court should not require the jury to decide admitted facts.

//

//

//

Submitted this <u>25th</u> Day of April, 2024.

    <u>/s Rebecca Cambreleng</u>
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

> Meredith Holley, OSB No. 125647
> Meredith@erisresolution.com
> Eris Conflict Resolution
> 207 E 5th Avenue, Suite 254
> Eugene, Oregon 97401
> *Of Attorneys for Plaintiff*
>
> Marc Abrams, OSB No. 890149
> Marc.abrams@doj.state.or.us
> Allie Boyd, OSB No. 163478
> Allie.m.boyd@doj.state.or.us
> Oregon Department of Justice
> 100 SW Market Street
> Portland, Oregon 97201
> *Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
    Max Joyner, Paralegal