Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**,<br><br>     Plaintiff,<br><br>v.<br><br>**STATE OF OREGON LEGISLATIVE ASSEMBLY**,<br><br>     Defendant. | Case No.   3:21-CV-00780-SI<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE** |

Plaintiff responds to Defendant's objections to Plaintiff's Proposed Voire Dire as follows:

1. Political Bias

Defendant objects that it is argumentative to ask jurors whether they could never make a decision that in any way had a negative reflection on the democratic party or whether they have particular animosity toward the party. Defendant argues that this is irrelevant because Plaintiff is presumably a democrat. However, this is relevant precisely because all of the parties are presumably democrats. If a juror is unable to make a fair decision because of the political associations of all or any of the parties that is the basis for a challenge. Voir dire questions are meant to discover impermissible jury bias, not to argue the case. One impermissible bias that may be present is whether a juror may not be able to make a fair decision based on political party affiliation of the parties.

2. Use of Public Funds

Defendant objects that questions attempting to discover whether jurors have impermissible bias related to financial self-interest in the case is the same as suggesting they should have impermissible financial self-interest. Instead, this question is meant to discover whether any such impermissible bias exists and does not alter that Defendant may not suggest the jury should have that bias.

3. ADHD and other mental health disorders

Defendant argues that Plaintiff may not make inquiries into potential areas of bias unless those areas of bias are alleged in the case. That is clearly incorrect. The fact that biases exist other than those alleged in the case is self-evident. Inquiring into potential biases that may cause a juror to be unable to decide the case does not argue the case or impermissibly imply anything about Defendant. The implications of Defendant's argument would eliminate Plaintiff's ability to inquire into biases related to mental health, of which there are stigmas that can impact a juror's

view of the Plaintiff simply for having mental health disorders.

Defendant also argues that Plaintiff may not inquire into gender-related biases because there are not gender-related claims in the case. However, impermissible jury biases are not limited to claims in a case.

4. Unconscious Bias – Disabilities in the Workplace

For the same reasons Plaintiff's response to Defendant's objections to Topic 3, defendant's arguments here are baseless.

5. Sexual Assault

Defendant argues that because sexual assault is not at issue in this case, Plaintiff may not inquire into whether the jury has impermissible biases either in favor or against sexual harassment/assault survivors. Defendant misreads Plaintiff's request to say that *her* assault was well publicized, when Plaintiff's statement actually points to Sen. Gelser's sexual harassment experience with Defendant, which was well publicized throughout the state and much more recent. It is possible jurors will have read of this experience and be biased for or against Sen. Gelser or Defendant because of this. Should Sen. Gelser's experience or Plaintiff's experience become known to the jury, it would be important to know whether the jury has impermissible bias in this area.

Additionally, for some people, even the mention of sexual harassment or sexual assault is very triggering and could create a situation where a juror is not able to be present for trial. The risk that a juror could be too triggered (for example, by a past sexual harassment or assault of their own or having had a negative experience with an allegation) to serve impartially as a juror is too great to bypass this issue.

6. Chronic Reporting and Unconscious Bias Against Women

For the reasons stated in responses to Defendant's objections to Topics 3 and 5, Defendant's argument here is baseless.

7. "Younger" Generations

For the reasons states in responses to Defendant's objections to Topics 3 and 5, Defendant's argument here is baseless.

Defendant does not object to Topics 8 and 9.

10. COVID-19 and January 6th Related Trauma

Defendant argues that "no one lost their job, loved one or home as a result of January 6th," but that is clearly not true. People have gone to prison, lost families, and definitely lost employment related to their participation in the insurrection. Many people feel that prosecutions around January 6 are an attack on democracy, and others feel that the insurrection itself was an attack. It is a polarizing event, and even though it happened in a geographically distant space from Oregon, most of us remember where we were when it happened. Although unlikely, it is possible there could be a juror impacted in the ways that Defendant describes.

11. Media Coverage

Plaintiff's characterization is proper that people have a range of opinions that are favorable or suspicious toward news media coverage of government conduct. Saying that the government engages in conduct does not state that the government has engaged in misconduct, although that is obviously an allegation in this case. It would not be improper to ask whether the jury is favorable or unfavorable toward news coverage related to government "misconduct" either because that is an issue central to the case. Although Defendant disputes that any

Page 4 - PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS
TO PLAINTIFF'S PROPOSED VOIRE DIRE

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

misconduct occurred, its stance against news coverage is only one potential viewpoint on this issue. It is proper to ask the jury about their range of viewpoints regarding media coverage of the government, including misconduct.

Defendant does not object to Topic 12.

Submitted this 25th Day of April, 2024.

    /s Rebecca Cambreleng
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*

>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
    Max Joyner, Paralegal