Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**Cambreleng & Marton LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**,<br><br>  Plaintiff,<br><br>  v.<br><br>**STATE OF OREGON LEGISLATIVE ASSEMBLY**,<br><br>  Defendant. | Case No.   3:21-CV-00780-SI<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM** |

Plaintiff responds to Defendant's objections to Plaintiff's proposed verdict form as follows:

- It would be improper to instruct the jury on a burden shifting scheme used for summary judgment decisions. *Snapp v. United Transportation Union*, 889 F.3d 1088, 1102 (9th Cir. 2018). The Ninth Circuit affirmed the district court for declining to instruct the jury on burden shifting in *Snapp*, reasoning, "Because burden-shifting frameworks like those articulated in *US Airways*[*v. Barnett*, 535 U.S. 391, 401-402 (2002)] and *McDonnell Douglas*[*v. Green*, 411 U.S. 792, 802 (1973)] are merely analytical tools for focusing arguments, they typically fall away at the end of the analysis and leave the ultimate burden of proof (the burden of persuasion) on the plaintiff. *See, e.g., Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855–56 (9th Cir. 2002) ('Regardless of the method chosen to arrive at trial, it is not normally appropriate to introduce the *McDonnell Douglas* burden-shifting framework to the jury. At that stage, the framework "unnecessarily evade[s] the ultimate question of discrimination *vel non*."' (citations and footnote omitted)), *aff'd*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003)." *Snapp*, 889 F.3d at 1102.

- Plaintiff's verdict form is clear that the damages questions apply to specific claims, saying that if the jury answered "yes" to a particular question, the jury may decide damages "about that claim." Plaintiff has no objection to adding a question to allow the jury to award general damages and has proposed language in tracked changes below to address this issue.

- Defendant is correct that Plaintiff has conferred regarding withdrawing the disability-retaliation-based claims and that omission was intentional. It is proper for the jury to decide the "ultimate question of discrimination" or retaliation, and the jury does not need to be instructed as to the statutory framework or the structure of Plaintiff's Complaint in order

to reach the ultimate decisions regarding discrimination or retaliation. *See id.* We believe Plaintiff's proposed form accurately captures the ultimate questions.

However, to the extent Defendant or the Court wishes to compare the questions to Plaintiff's Second Amended Complaint, the following compares Plaintiff's Complaint to the Verdict questions:

- New Question 1 (below) intends to ask whether Plaintiff is a qualified person with a disability and follows in part Defendant's language for this question, "qualified to perform the essential functions of her employment."

- Question 2 asks the ultimate liability questions regarding disability discrimination (Claim 1, counts 1 and 3; Claim 2, counts 1 and 2). If the jury answers "yes" to any one of these, it may decide damages as to disability discrimination, but because these have been pleaded in the alternative, we believe it is more clear to ask the jury the ultimate fact questions as designated here.

- Plaintiff intends to withdraw the disability retaliation claims (Claim 1, count 3; Claim 3). However, these are equitable claims to be heard by the Court, and not appropriate for a verdict form. *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009)

- Question 3 asks the ultimate liability questions regarding OFLA interference and discrimination (Claim 4). Plaintiff concedes to Defendant's request as to allowing the jury to decide economic and noneconomic damages for this claim. Def. Verdict Form 5(d) and (e). We believe it is more clearly asked in the form below, though.

- o   Question 4 asks the ultimate liability questions regarding whistleblower retaliation under ORS 659A.199 (Claim 5), considering both the interference and discrimination theories.
- o   Claims 6-8 were previously withdrawn.
- o   Question 5 asks the ultimate liability question regarding public employer whistleblower retaliation under ORS 659A.203 (Claim 9).
- o   Questions 6-10 cover general and special damages.

- We had understood Defendant conceded that Ms. Hanson was a qualified person with a disability at least as to post-traumatic stress disorder, but we have adjusted the form below to ask that question as new Question 1.
- As argued above, it would be error to ask the jury to follow a burden-shifting framework.
- Defendant objects that asking the ultimate question would allow for jury error, but we believe that parsing out separate questions would tend to mislead the jury into believing they could potentially find in favor of Plaintiff regarding disability discrimination, *without* making the necessary findings for each element. The jury instructions clearly lay out the elements for each claim. Asking separately, for example, "did defendant retaliate against plaintiff?" and "was retaliation a substantial factor in plaintiff's termination?" would allow the jury to make a contradictory finding, when, in fact, the discrimination must have been a substantial factor in order to answer the first question, as described by the jury instructions. We believe the questions below do better to protect against conflicting findings.

Plaintiff respectfully asks this Court to use Plaintiff's proposed Verdict form with the adjustments provided below.

Submitted this <u>25th</u> Day of April, 2024.

<u>/s Rebecca Cambreleng</u>
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LAURA HANSON**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF OREGON LEGISLATIVE ASSEMBLY**, <br><br> Defendant. | Case No. 3:21-CV-00780-SI <br><br><br> **VERDICT** |

We, the jury, being first duly empaneled and sworn, find our verdict as follows:

All of you must agree on the following questions.

1. Disability Discriminations

    A. Is Laura Hanson more likely than not a person with a disability who was qualified to perform the essential functions of her employment with defendant?

    Answer: Yes _____ No _____

If you answered *yes* to Question 1, move on to Question 2. If you answered *no* to Question 1 skip Question 2 and move on to Question 3.

2. Disability Discrimination (Part 2)

    A. Is it more likely than not that defendant discriminated against Laura Hanson in the terms, conditions, or privileges of her employment based on her disability?

        A.

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

<span style="color:red">Answer: Yes _____ No _____</span>

~~Answer: Yes _____ No _____~~

B.  Is it more likely than not that defendant failed to accommodate Laura Hanson's disabilities, leading to her termination from Senator Gelser's office?

Answer: Yes _____ No _____

C.  Is it more likely than not that defendant failed to accommodate Laura Hanson's disabilities, leading to her termination from Representative Pham's office?

Answer: Yes _____ No _____

~~2.~~3. Medical Leave Interference or Discrimination

A.  Is it more likely than not that defendant interfered with any of Laura Hanson's attempts to take medical leave?

Answer: Yes _____ No _____

B.  Is it more likely than not that defendant discriminated against Laura Hanson in the terms and conditions of her employment in response to any inquiry about OFLA rights?

Answer: Yes _____ No _____

~~3.~~4. Whistleblower Retaliation

Page 7 - **PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

Formatted: Normal, Indent: First line: 0.5", No bullets or numbering

Formatted: Indent: Left: 0.5", Numbered + Level: 1 + Numbering Style: A, B, C, … + Start at: 1 + Alignment: Left + Aligned at: 1" + Indent at: 1.25"

Formatted: Indent: Left: 0.5", Hanging: 0.31", Numbered + Level: 1 + Numbering Style: A, B, C, … + Start at: 1 + Alignment: Left + Aligned at: 1" + Indent at: 1.25"

Is it more likely than not that that defendant retaliated against Laura Hanson in response to her good faith reports that she believed were evidence of a violation of a law, rule, or regulation?

Answer: Yes _____    No _____

///

///

///

4.5. Public Employee Whistleblower Retaliation

Is it more likely than not that defendant retaliated against Laura Hanson in response to any disclosure she made that was evidence of violation of law, rule, regulation, mismanagement, or abuse of authority?

Answer: Yes _____    No _____

If you answered *no* to **all** of the questions above, your verdict is for the Defendant. Do not answer any further questions. Have your presiding juror sign this Verdict form.

If you answered *yes* to **any** of the questions above, move on to Question 5.

6. If your verdict is for Laura Hanson on more than one claim (except for Question 2 (Medical Leave), which the Judge may decide later), you may designate compensation that applies to those claims collectively, also called "general damages." If you want to designate general damages, answer the questions below related to all claims for which you found in favor of Laura Hanson:

Page 8 - PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

    A.  What, if any, are Laura Hanson's economic damages? $_____

    B.  What, if any, are Laura Hanson's noneconomic damages? $_____

In addition to or instead of general damages, you may designate special damages. That means you may designate compensation for particular claims on top of the general damages. If you only want to designate general damages, do not answer any further questions. Have your presiding juror sign this Verdict form.

If you want to designate damages specific to certain claims, move on to Question 7.

5. 7. If you answered *yes* to Question 1 *and any* of the options in Question 2 (A, B, *or*, C) (Disability Discrimination), please answer the questions below about those claims:

    A.  What, if any, are Laura Hanson's economic damages? $_____

    B.  What, if any, are Laura Hanson's noneconomic damages? $_____

8.  If you answered *yes* to Question 2 (Medical Leave Interference or Discrimination), please answer the questions below about that claim:

    A.  What, if any, are Laura Hanson's economic damages? $_____

    B.  What, if any, are Laura Hanson's noneconomic damages? $_____

6. 9. If you answered *yes* to Question 3 (Whistleblower Retaliation), please answer the questions below about that claim:

    A.  What, if any, are Laura Hanson's economic damages? $_____

   B. What, if any, are Laura Hanson's noneconomic damages? $_____

7.10. If you answered *yes* to Question 4 (Public Employee Whistleblower Retaliation), please answer the questions below about that claim:

   A. What, if any, are Laura Hanson's economic damages? $_____

   B. What, if any, are Laura Hanson's noneconomic damages? $_____

Dated this \_\_\_ day of _____, 2024

_____
Presiding Juror Signature

_____
Presiding Juror Printed Name

# CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*

>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
   Max Joyner, Paralegal