Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**STATE OF OREGON LEGISLATIVE ASSEMBLY**,<br><br>　　　　　Defendant. | Case No.   3:21-CV-00780-SI<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS** |

Plaintiff objects to Defendant's deposition designations as follows:

//

//

<u>Defendants Have Failed to Show Unavailability of Witnesses</u>

Fed. R. Civ. P. 32(a)(4) requires the unavailability of a witness in order to use their deposition transcript in lieu of live testimony. Nowhere in its witness statements or deposition designations does Defendant state that Brenda Baumgart or Doyle Canning are unavailable for trial.

Brenda Baumgart is an attorney at the Portland Oregon office of Stoel Rives and lives within 100 miles of Portland. Doyle Canning works at the Oregon Legislature in Salem, Oregon, and presumably lives either nearby or in Representative Pham's district in Portland, Oregon. To the extent Ms. Canning lives outside of those areas, she is still a resident of the state of Oregon and within the subpoena power of the court.

Courts have routinely held that witness appearance at trial is preferable to reference to deposition testimony and a showing of unavailability is necessary to admit deposition designation of non-party witnesses. Or, as was stated by Judge Learned Hand, in *Napier v. Bossard*, 102 F.2d 467 (2d Cir. 1939): "The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." Indeed, the rule itself suggests "the importance of presenting the testimony of witnesses orally in open court.'" *Salsman v. Witt*, 466 F.2d 76, 79 (10th Cir. 1972) *See also Frechette v. Welch*, 621 F.2d 11, 14 (1st Cir. 1980); *Beem v. Providence Health & Servs.*, No. 10-CV-0037-TOR, 2012 WL 13018728, at *2 (E.D. Wash. Apr. 19, 2012); *Rigsbee v. City & Cnty. of Honolulu*, No. CV 17-00532 HG-RT, 2019 WL 1089636, at *1 (D. Haw. Mar. 7, 2019).

This court in *Unigestion Holding, S.A. v. UPM Tech., Inc.*, No. 3:15-CV-185-SI, 2022 WL 15792838, at *12 (D. Or. Oct. 28, 2022) reiterated the importance of a witness being "unavailable," as that term is used in Rule 32(a)(4) for deposition designation.

As such, plaintiff respectfully requests that the deposition designation be dismissed in its entirety and these witnesses appear at trial for testimony and cross examination.

Plaintiff's Specific Designation Objections and Context Designations

To the extent either deposition designation is allowed by this court, Plaintiff makes the following objections, and pursuant to Fed. R. Civ. P. 32(a)(6), asks for additional deposition designation to be read as context for certain designations by Defendant.

1. **Brenda Baumgart**

   **Deposition Transcript Excerpts:**

   - Dep. 11:1-11:9 – No Objection

   - Dep. 12:14-12:19 – No Objection

   - Dep. 16:18-17:2 – No Objection

   - Dep. 18:10-19:1 – For context: 19:8-10

   - Dep. 19:19-20:2 – No Objection

   - Dep. 62:8-62:11 – No objection

   - Dep. 63:5-63:10 – No objection

   - Dep. 66:2-66:7 – No Objection

   - Dep. 67:16-67:19 – Context: 67:20-68:18

   - Dep. 68:18-69:2 – No objection

   - Dep. 69:24-71:1 – No objection

- Dep. 71:5-71:21 – Context: 71:22-72:9

- Dep. 73:14-73:18 – Context: 73:7-13

- Dep. 84:18-84:22 – No objection

- Dep. 86:23-87:14 – No objection

- Dep. 88:1-88:10 – No objection

- Dep. 89:1-90:3- Context: 90:10-91:21

- Dep. 95:22-98:23 – Objection to 95:22-96:23 – Fed. R. Evid. 602, this testimony is about a third party and no foundation for knowledge was laid. 96:24-98:23 – no objection

- Dep. 102:9-103:8 – context: 102:1-8, 103:9-17; 109:2-5; 117:4-11

- Dep. 106:3-106:14 – no objection

- Dep. 121:12-123:4 – no objection

- Dep. 150:8-150:21 – context: 150:22-151:9

- Dep. 165:25-166:24 – context: 166:25-167:18

- Dep. 173:7-173:18 – context: 173:19-21

- Dep. 187:13-187:25 – Objection pursuant to Fed. R. Evid. 402 this testimony is irrelevant as Plaintiff has dismissed her ADA claim.

- Dep. 193:3-194:11 – 193: 3 – 13, no objection, 193:14-194:11 – Objection pursuant to Fed. R. Evid. 402 this testimony is irrelevant as Plaintiff has dismissed her ADA claim.

- Dep. 196:7-196:21 – Objection pursuant to Fed. R. Evid. 402 this testimony is irrelevant as Plaintiff has dismissed her ADA claim.

2. **Doyle Canning**

**Deposition Transcript Excerpts:**

- Dep. 4:8-4:11 – No objection

- Dep. 7:21-7:22 – context: 7:5-20

- Dep. 9:21-10:6 – no objection

- Dep. 11:14-11:22 – no objection

- Dep. 11:25-12:6 – context: 12:7-23

- Dep. 13:2-13:23 – 13:2-9 - no objection; 13:10-23 - Objection pursuant to Fed. R. Evid. 402 as irrelevant, Fed. R. Evid. 802 as Hearsay, and Fed. R. Evid. 403 as more prejudicial than probative.

- Dep. 14:1-14:12 –14:1-6 - Objection pursuant to Fed. R. Evid. 402 as irrelevant, Fed. R. Evid. 802 as Hearsay, and Fed. R. Evid. 403 as more prejudicial than probative; 14:6-12 - no objection.

- Dep. 15:13-15:19 – context: 15:5-12

- Dep. 17:10-18:7 – context: 18:8-9

- Dep. 18:10-18:16 – no objection

- Dep. 19:23-20:19 – no objection

- Dep. 20:23-21:1 – context: 21:2-8

- Dep. 21:9-21:18 – context: 21:20-24.

- Dep. 21:25-23:1 – no objection

- Dep. 24:23-25:7 context: 25:24-27:1.

Submitted this <u>25th</u> Day of April, 2024.

    <u>/s Rebecca Cambreleng</u>
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*

>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

>CAMBRELENG & MARTON LLC

>By: s/ Maxwell Joyner
>    Max Joyner, Paralegal