Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**,<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF OREGON LEGISLATIVE ASSEMBLY**,<br><br>Defendant. | Case No.   3:21-CV-00780-SI<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS** |

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION |
|---|---|---|
| 203 | [Hansen MSJ Dec. X3] ADA Accommodation form | No objection. Also Ex. 48. |

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION |
|---|---|---|
| 204 | Hanson BAARS-IV" Self-Report: Current Symptoms | Objection. This exhibit is cumulative of other evidence. There is no dispute that Plaintiff and Sen. Gelser had challenging communication and Plaintiff struggled with some tasks and expectations during her employment with Sen. Gelser and this triggered her to inquire about whether she had ADHD. Plaintiff does not dispute this document but asks that it be excluded as unnecessarily cumulative under Fed. R. Evid. 403. To the extent Defendant intends to offer this document to support the contention that terminating Plaintiff was a bad employee, that argument in itself demonstrates discrimination and should not be allowed under Fed. R. Evid. 408. |
| 206 | Nov. 12, 2019 Gelser Blouin-Hanson texts | Objection. Evidence regarding Plaintiff's leave for her concussion is only offered as impermissible character evidence to show that Sen. Gelser allowed leave in the past and acted in conformance with that in December 2019. This should be excluded under Fed. R. Evid. 404. |
| 207 | Jan. 21, 2019-Jan. 5, 2020 Gelser Blouin-Hanson texts | Plaintiff does not generally object to the Hanson/Gelser texts, and many of these messages overlap with Ex. 5. Plaintiff does object to them being used to show Gelser acted in conformance with a character to allow leave, accommodate disabilities, or generally that Gelser or Plaintiff acted in conformance with character as prohibited by Fed. R. Evid. 404. These messages also have unredacted private constituent information and medical information of Sen. Gelser and her child that are irrelevant. Plaintiff reserves the right to make additional objections should Defendant introduce these messages for improper |

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION |
|---|---|---|
|  |  | purpose. Some of these messages overlap with Ex. 206. |
| 208 | Gelser Blouin-Hanson texts incl "toxic environment" | Objection. These appear to be the same as messages in Ex. 207 and are therefore cumulative. Fed. R. Evid. 403. |
| 209 | Sept. 30, 2019 "Sick this morning" e-mail string | Objection under Fed. R. Evid. 401 and 404. These emails are irrelevant and would only be used to show Gelser's character and conformance with character. They should be excluded. |
| 210 | Dec. 18-29, 2019 Gelser Blouin-Hanson texts | Objection. These appear to be cumulative of Ex. 207. |
| 211 | Dec. 19, 2019 Mental Health Day text | Objection. This is an incomplete and misleading document. Page 1 appears to be the top of Ex. 11 and the second page is from page 2 of Ex. 7, except the color changes may mean it is from a different date. Providing this exhibit out of context would be misleading to the jury. It is also inaccurate to call these a "text." This document should not be offered to the jury. Fed. R. Evid. 403. |
| 212 | Hanson record of leave taken 2nd half 2019 | Objection. Lack of foundation. |
| 213 | Hanson diagnosis certification | No objection. Also Ex. 28. |
| 214 | Dec. 31, 2019 Gelser Blouin e-mail re Hanson concerns | Objection. Cumulative of Ex. 218. |
| 215 | Dec. 31, 2019 Hanson to Knieling e-mail | Objection. Cumulative of Ex. 218. |
| 216 | House Concurrent Resolution 20 amending LBPR 27 | No objection. Also Ex. 3. |

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION |
|---|---|---|
| 217 | House Concurrent Resolution 221 further amending LBPR 27 | No objection. Also Ex. 34. |
| 218 | Dec. 31, 2019-Jan. 2, 2021 Hanson-Knieling e-mail string | No objection. Also Ex. 17. |
| 219 | Jan 6, 2020 Knieling to Hanson re administrative leave | No objection. Also Ex. 26. |
| 220 | Jan 5, 2020 Hanson e-mail to Knieling re "Confused about process" | No objection. Included in Ex. 22. |
| 221 | Jan. 14-15, 2020 e-mail string Hanson-Gelser | This is mislabeled and is an email string between Hanson and Knieling. No objection. Also Ex. 31. |
| 222 | Feb. 7-12, 2020 text string Hanson-Vanderhart | Objection. This is a 93 page document with an enormous amount of hearsay and it more prejudicial than probative. Fed. R. Evid. 403, 802. Dirk Vanderhart is not listed as a witness in this case and the left portion of the messages purport to be his, but are hearsay. Fed. R. Evid. 802. Additionally there are references irrelevant to this case that could be confusing to the jury. For example, there is a discussion of a person named Meredith who is unrelated to this case and not a reference to Meredith Holley, one of Plaintiff's attorneys. There are a number of references to hearsay statements from others including a BOLI investigator, Plaintiff's attorneys, and Defendant's own witnesses. Fed. R. Evid. 802. To the extent Plaintiff discusses her experiences, these texts are cumulative of her testimony and should be excluded under Fed. R. Evid. 403. |
| 223 | Jan. 29, 2020 Sandmeyer to Hanson e-mail | No objection. Also Ex. 30. |

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION |
|---|---|---|
| 224 | July 14, 2020 Nordlund to Holley e-mail re hearing | No objection. |
| 225 | Oct. 7, 2020 Gelser Blouin to Hanson removal from service memo | No objection. Also Ex. 37. |
| 228 | Nov. 6, 2020 Secretary of State filing | No objection. |
| 229 | Hanson pay record | No objection. |
| 230 | Job hunt materials | No objection. |
| 231 | Dec. 16, 2020 Employment Dept. job offer | No objection. |
| 232 | Dec. 17, 2020 revised Employment Department job offer | No objection. |
| 233 | June 24, 2021 Employment Department job extension | No objection |
| 234 | Merry Christmas Sarah Holiday note | No objection. Also Ex. 13. |
| 235 | Position Description LA-1 | No objection. Also Ex. 1. |
| 236 | Dec. 18-19, 2019 e-mail string Hanson-Gelser | No objection. Also Ex. 9. Plaintiff agrees the Daily Memo exhibits should be offered in color. |
| 237 | July 26, 2019 e-mail string Gelser-Hanson | Objection. This appears to be offered as impermissible character evidence under Fed. R. Evid. 404 for reasons described in other exhibits above. |
| 238 | Jan. 9, 2019 e-mail string Gelser-Hanson | Objection. This email appears to be irrelevant to this case. Fed. R. Evid. 401. |
| 239 | Jan 10, 2023 Hanson-Hoeye e-mail | No objection to the full content of this email, but it should be fully provided. The |

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION |
|---|---|---|
|  |  | top of the first email appears to be cut off. Fed. R. Evid. 106. |
| 240 | Templates for work product | Objection. This exhibit appears to be an irrelevant calendar event. Fed. R. Evid. 401. This case is not about any confusion over scheduling calendar events and making it so would tend to waste time and confuse the jury. Fed. R. Evid. 403. |
| 241 | Dec. 30, 2019 e-mail Hanson to Gelser | No objection. |
| 242 | Dec. 30, 2019 "Welcome back" e-mail Gelser to Hanson | No objection. |
| 245 | [G-B Exh 45] notes on Hanson work schedule | No objection. |
| 250 | 2023 House Bill 2619 | Objection. Irrelevant under Fed. R. Evid. 401. This would confuse the jury and is not at issue in this case. Fed. R. Evid. 403. |
| 251 | ORS 192.005 | Objection. This exhibit would tend to instruct the jury about laws that are not the laws the jury needs in order to decide the facts of the case itself. This tends to be more confusing than probative. Fed. R. Evid. 403. It is also not relevant. Fed. R. Evid. 401. |
| 264 | [Pham Exh 64] Ye memo re Hanson deficiencies | No objection. |
| 265 | [Canning Exh 65] memo re Hanson deficiencies | Objection. This is cumulative of other evidence. Ms. Canning testified that she met Plaintiff only twice, making this letter not credible and more prejudicial than probative of any matter. Fed. R. Evid. 403. |
| 267 | [Pham Exh 67] Jan. 25, 2023 termination letter | No objection. Also Ex. 51. |

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION |
|---|---|---|
| 268 | Hanson ADA request unfilled out | No objection. |
| 269 | [Hanson MSJ Dec. Exh. 9] Jan. 2, 2020 Hanson e-mail | Objection. Cumulative of Ex. 218. Also Ex. 17. |
| 270 | [Baumgart Dep. Exh. 21] Baumgart Investigative Report | No objection. Also Ex. 53, except that 53 also includes the redacted version from the Committee hearing. |

Defendant has not listed any impeachment exhibits as required by the Court's Trial Management Order (ECF No. 59). To the extent Defendant intends to offer impeachment exhibits, Plaintiff reserves the right to object to those exhibits.

Submitted this 25th Day of April, 2024.

    /s Rebecca Cambreleng
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

> Meredith Holley, OSB No. 125647
> Meredith@erisresolution.com
> Eris Conflict Resolution
> 207 E 5th Avenue, Suite 254
> Eugene, Oregon 97401
> *Of Attorneys for Plaintiff*
>
> Marc Abrams, OSB No. 890149
> Marc.abrams@doj.state.or.us
> Allie Boyd, OSB No. 163478
> Allie.m.boyd@doj.state.or.us
> Oregon Department of Justice
> 100 SW Market Street
> Portland, Oregon 97201
> *Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
    Max Joyner, Paralegal