Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON,** | Case No.  3:21-CV-00780-SI |
| Plaintiff, | |
| v. | |
| **STATE OF OREGON LEGISLATIVE ASSEMBLY,** | **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |
| Defendant. | |

| TITLE | COMMENTS |
|---|---|
| MCJI 1.1A[sic] [1.2 in 2023 revision]<br><br>Duty of Jury (Beginning of Trial) | Plaintiff has no objection to the contents of this instruction, but proposes modifications to this language based on Oregon's UCJI 5.01 to make it clear that the jury's duty to decide the case includes |

| TITLE | COMMENTS |
|---|---|
|  | being aware of potential unconscious bias. |
| MCJI 1.1C[1.2 in 2023 revision]<br>Duty of Jury | No objection |
| MCJI 1.2[1.5 in 2023 revision]<br>Claims and Defenses | Plaintiff has no objection to the language of this instruction and has proposed modification specific to the case. |
| MCJI 1.3 [1.6 in 2023 revision]<br>Preponderance of the Evidence (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.5 [1.8 in 2023 revision]<br>Two or More Parties | Objection. This instruction seems misplaced in this case because there is one plaintiff and one defendant. This seems intended for a situation where there are multiple plaintiffs or multiple defendants. There is no case against plaintiff in this matter. |
| MCJI 1.6 [1.9 in 2023 revision]<br>What is Evidence (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.7 [1.2 in 2023 revision]<br>What is not Evidence (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.8 [1.11 in 2023 revision]<br>Evidence for a Limited Purpose (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.9 [1.12 in 2023 revision]<br>Direct and Circumstantial Evidence (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.10 [1.13 in 2023 revision]<br>Ruling on Objections (Beginning of Trial) | No objection; plaintiff also requests. |

| TITLE | COMMENTS |
|---|---|
| MCJI 1.11 [1.14 in 2023 revision]<br><br>Credibility of Witnesses (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.12 [1.15 in 2023 revision]<br><br>Conduct of the Jury (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.13 [1.17 in 2023 revision]<br><br>No Transcript Available to Jury (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.14 [1.18 in 2023 revision]<br><br>Taking Notes (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.18 [1.20 in 2023 revision]<br><br>Bench Conferences and Recesses (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 1.19 [1.21 in 2023 revision]<br><br>Outline of Trial (Beginning of Trial) | No objection; plaintiff also requests. |
| MCJI 2.4 Deposition in Lieu of Live Testimony | Objection. Defendant has not preserved or alleged any right to use deposition testimony in lieu of live testimony. Defendant's deposition designations overlap with witnesses it has listed that it intends to call at trial. There is no basis for additionally reading deposition testimony when the witnesses will be called. That would be duplicative. Defendant has not perpetuated deposition testimony. Defendant has said it does not believe two of its witnesses have conflicts during the weeks of trial, but has not shown that those witnesses will be unavailable. |
| MCJI 2.8 [2.9 in 2023 revision]<br><br>Impeachment Evidence — Witness | Objection. Defendant has not provided or alleged in its pleadings any specific impeachment evidence contemplated under this instruction. Generally, Plaintiff does not object to an impeachment instruction and would agree to this instruction |

| TITLE | COMMENTS |
|---|---|
|  | regarding evidence that a witness has made inconsistent statements. We are not aware of any criminal charges or allegations that a witness has committed perjury. |
| MCJI 3.1        Duty to Deliberate | No objection; plaintiff also requests. |
| MCJI 3.2 [sic] [3.3 in 2023 revision] Communication with Court | No objection; plaintiff also requests. |
| MCJI 3.3 [sic][3.5 in 2023 revision] Return of Verdict | No objection; plaintiff also requests. |
| MCJI 5.3        Damages — Mitigation | No objection |
| MCJI 12.1 [12.1A in 2023 revision) ADA Employment Actions — Elements | No objection. Plaintiff has proposed modifications for this case, to which Defendant does not object, including moving the definition of "major life activities" to MCJI 12.2. |
| MCJI 12.2 ADA — Physical or Mental Impairment | Objection. Defendant does not propose any specifics for this case under this instruction, which has many optional phrases which have no relationship to this case. |
| MCJI 12.3 ADA — Work as a Major Life Activity | Objection. This instruction as written alone has the tendency to confuse the jury into thinking that "work" is the primary or only major life activity impaired by plaintiff's disabilities. Plaintiff does not object to this instruction if it includes the following major life activities: learning, concentrating, thinking, communicating, understanding instruction, staying awake, digesting food predictably, and sleeping. However, Plaintiff has proposed language in her Modified Instruction No. 7., which would overlap with this instruction. |
| MCJI 12.5 ADA — Qualified Individual | Objection. Defendant has not objected to Plaintiff's preference for using UCJI 59.03A, and this instruction would be redundant. Plaintiff prefers |

| TITLE | COMMENTS |
|---|---|
| | UCJI 59.03A because it is more concise and covers both MCJI 12.5 and 12.6. |
| MCJI 12.6 ADA — Ability to Perform Essential Functions — Factors | Objection. Defendant has not objected to Plaintiff's preference for using UCJI 59.03A, and this instruction would be redundant. Plaintiff prefers UCJI 59.03A because it is more concise and covers both MCJI 12.5 and 12.6. |
| MCJI 12.7 ADA — Reasonable Accommodation | Objection. This is another instruction that has many variations and Defendant has not proposed any particular language. Defendant has said it specifically wants the language saying, "A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee." However, Defendant has not at any point pleaded or otherwise raised an objection that it believed Plaintiff's requested or potential accommodations would impact an essential function or require creating a new position. This language has the tendency to confuse and mislead the jury, inviting them to find a problem that Defendant has failed to allege. Defendant has the burden of pleading and proving reason for avoidance. Fed. R. Civ. Pro. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense"); *Nayab v. Capital One Bank, N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019). Defendant has failed to raise this argument. Additionally, we believe the Oregon jury instructions are more accurate to the law. For example, the MCJA states that plaintiff must prove defendant received notice of plaintiff's disability *and* desire for accommodation, while the UCJI more accurately states "plaintiff requested accommodation, *or* defendant otherwise knew that the plaintiff had a disability that may require reasonable accommodation." *See Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1137-38 (9th Cir. |

| TITLE | COMMENTS |
|---|---|
| | 2001). |
| MCJI 12.8 ADA — Undue Hardship | Objection. Defendant has not asserted an affirmative defense of undue hardship. Defendant has the burden of pleading and proving affirmative defenses. Fed. R. Civ. Pro. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense"); 42 U.S.C. § 12112(5)(A); *Snapp v. United Transportation Union*, 889 F.3d 1088, 1100 (9th Cir. 2018); *Nayab v. Capital One Bank, N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019). Defendant has waived this affirmative defense. |
| MCJI 12.9 ADA — Discrimination — Retaliation | Objection. According to the Ninth Circuit's Jury Instruction website, "This instruction has been withdrawn based on the Ninth Circuit's decision in *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) ('Because we conclude that ADA retaliation claims are redressable only by equitable relief, no jury trial is available.')." |
| MCJI 12.10 ADA — Defenses — Business Necessity | Objection. Defendant has not asserted an affirmative defense of business necessity. This defense also applies to disparate impact and application cases, which is not the posture of this case. Defendant has the burden of pleading and proving affirmative defenses. Fed. R. Civ. Pro. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense"); 42 U.S.C. § 12113; *Nayab v. Capital One Bank, N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019). Defendant has waived this affirmative defense. |
| Proposed Specific Instruction 1: Temporal Proximity | Objection. This instruction has the tendency to mislead the jury and is not consistent with the cited law, as described more particularly below. |
| Proposed Specific Instruction 2: Disability Discrimination | Objection. This instruction misstates the elements of proof for Plaintiff and improperly instructs the jury on burden shifting as argued below. It would be error to use this instruction. |

| TITLE | COMMENTS |
|---|---|
| Proposed Specific Instruction 3: Disability Retaliation | Objection. According to the Ninth Circuit's Jury Instruction website, "Th[e] instruction [on disability retaliation] has been withdrawn based on the Ninth Circuit's decision in *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) ('Because we conclude that ADA retaliation claims are redressable only by equitable relief, no jury trial is available.')." |
| Proposed Specific Instruction 4: Failure to Accommodate | Objection. Defendant attempts to shift its burden to plead and prove avoidance and affirmative defenses to plaintiff as argued more thoroughly below. |
| Proposed Specific Instruction 5 | Objection. This instruction would tend to confuse the jury and encourage them to reject plaintiff's testimony without properly considering it as discussed more thoroughly below. |
| Proposed Specific Instruction 6: Business Judgment | Objection. It is the jury's role to evaluate credibility including the legitimacy or reasonableness of a decision as discussed more thoroughly below. |
| Proposed Specific Instruction 7: Sick Leave Interference | Objection. Defendant misstates the standards regarding medical leave interference and provides inaccurate language as described more thoroughly below. |
| Proposed Specific Instruction 8 (not provided) | This instruction was not included in Defendant's submissions. |
| Proposed Specific Instruction 9 (not provided) | This instruction was not included in Defendant's submissions. |
| Proposed Specific Instruction 10: Whistleblowing under ORS 659A.199 | Plaintiff does not object to the UCJI language to the extent it is included. Plaintiff objects to redundant inclusion of the causation standard and verdict instruction. |
| Proposed Specific Instruction 11: Whistleblowing under ORS 659A.203 | Plaintiff does not object to the UCJI language to the extent it is included. Plaintiff objects to the redundant inclusion of the verdict language. |

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

| TITLE | COMMENTS |
|---|---|
| Proposed Specific Instruction 12: Definitions for ORS 659A.199 and 659A.203 | Objection. This instruction would tend to confuse the jury as described more specifically below. |
| Proposed Specific Instruction 13: Lawsuit not a basis for damages | Objection. This is an evidentiary decision, not an appropriate jury instruction as described below. |

## PROPOSED SPECIFIC JURY INSTRUCTION NO. 1

## TEMPORAL PROXIMITY

Plaintiff may prove that an adverse employment action was casually related to her complaints about discrimination by presenting circumstantial evidence that suggests it is likely the Legislature was motivated by any complaint she is found to have made. Circumstantial evidence includes the proximity in time between such complaints and the date of any adverse employment action.  Proximity of time depends on the circumstances but can be a range from a few days to several months and be "very close."  If matters are not proximate in time, they do not support an inference that they are related absent other evidence.

_____

**Comment:**
*Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994); *Warren v. Prejean*, 301 F.3d 893, 901 (8th Cir. 2002); *Yartzof v. Thomas*, 809 F.2d 1271, 1376 (9th Cir. 1987); *Clark County School Dist. v. Breeder*, 121 S. Ct. 1508, 1509 (2001); *Lucke v. Multnomah County*, 2008 WL 4372882 at *26 (Sept. 22, 2008).

### PLAINTIFF'S OBJECTION TO SPECIFIC INSTRUCTION 1

As written, this instruction has the tendency mislead the jury into believing that temporal proximity between a *complaint* and an adverse action is the only form of circumstantial evidence that may support causation. Defendant's citations support that circumstantial evidence may be

sufficient to prove a plaintiff's claims, but list various types of circumstantial evidence and not only temporal proximity between a complaint and an adverse action. *See Yartzoff*, 809 F.2d at (circumstantial evidence included "the employer's knowledge that the plaintiff engaged in a protected activity and the proximity in time between the protected action and the allegedly retaliatory employment decision."); *Steiner*, 25 F.3d at 1464 (defendant's slowness to act could be considered as evidence of discrimination); *Warren* 301 F.3d at 903 (plaintiff presented evidence that "allegations against her were fabricated and that Appellants asked witnesses to falsify statements"); *Clark County School Dist.* 121 S.Ct. at 1510-11 (sequence of events, including temporal proximity could be considered); *Lucke* at *26 (retaliatory actions taken within a reasonable period of time, including an 11-month period may support an inference that an employment decision was retaliatory).

While these do not cover the extent of what may be circumstantial evidence (*see e.g. France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015) (evidence that an employer's reasons for taking action are inconsistent may be circumstantial evidence for pretext), and Plaintiff believes the court's instruction on circumstantial evidence from the MCJI is sufficient, Plaintiff would agree to a modified version of this instruction if it were more consistent with the caselaw, so as to not mislead the jury. Plaintiff proposes a revision as follows:

**Plaintiff's Proposed Alternative: CIRCUMSTANTIAL EVIDENCE**

~~Plaintiff may prove that an adverse employment action was casually related to her complaints about discrimination by presenting circumstantial evidence that suggests it is likely the Legislature was motivated by any complaint she is found to have made.~~ Circumstantial evidence **[may]** includes**[, but is not limited to, an employer's knowledge of an employee's protected activity;]** proximity in time between ~~such complaints~~ **[a protected activity]** and **[an]** ~~the date of any~~ adverse employment action**[, including both whether the adverse action was taken quickly**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

**or whether the employer delayed in taking action based on a protected activity; and whether an employer has shifting explanations for why it terminated an employee].** ~~Proximity of time depends on the circumstances but can be a range from a few days to several months and be "very close."  If matters are not proximate in time, they do not support an inference that they are related absent other evidence.~~

## PROPOSED SPECIFIC JURY INSTRUCTION NO. 2

## DISABILITY DISCRIMINATION (First Claim, count 1 and Second Claim, count 1)

Plaintiff claims disability discrimination.  Plaintiff must prove, by a preponderance of the evidence, that

(1)     she has a disability of more than six months duration;

(2)     that she was qualified for the job and was performing it according to the employer's legitimate expectations;

(3)     that she suffered an adverse employment action (an action materially affecting the terms conditions or privileges of plaintiff's employment), and

(4)     other 'similarly situated' employees were treated more favorably, and

(5)     there is a causal relationship between any adverse employment action and her disability.

If plaintiff establishes these elements, defendant can avoid liability if it demonstrates a legitimate, non-discriminatory reason for the adverse employment action.

If you find that plaintiff has proven all four of these elements, and defendant has not shown a non-discriminatory reason for its action, your verdict should be for plaintiff.  If plaintiff has failed to prove any of these elements, or defendant has demonstrated a non-discriminatory reason, your verdict should be for defendant.

_____

**Comment:**
*Murray v. Mayo Clinic*, 934 F.3d 1101,1105 (9th Cir. 2019); *Miller v. State by & through Oregon Racing Comm'n*, 298 Or. App. 70, 89 (2019); *Curley v. City of Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Davis v. Team Electric Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008); 42 U.S.C. § 12111; ORS 659A.112; ORS 659A.104(1)(c)(B).

Page 11 -**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

PLAINTIFF'S OBJECTION TO SPECIFIC INSTRUCTION 2

This proposed instruction is contrary to established statutory and caselaw, and it would be error to provide this instruction to the jury. Further, Defendant and Plaintiff have both proposed MCJI 12.1A, and Defendant has not objected to Plaintiff's specific language. This instruction would duplicate that instruction and confuse the jury. Defendant here articulates exceptions to the definition of disability, and attempts to shift the burden to prove those exceptions to plaintiff. However, the burden to plead and prove an exception is on Defendant. *Nayab v. Capital One Bank, N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019). For example, ORS 659A.104(1)(c)(B) creates an exception to the definition of disability for "an impairment that is minor and that has an actual or expected duration of six months or less." Defendant attempts to shift the burden to Plaintiff to prove her disabilities have a certain duration, without having pleaded or given notice to Plaintiff that it believes any such exception exists. It would be error to shift that burden to Plaintiff.

Likewise, Defendant attempts to redefine Plaintiff's burden to prove she was a qualified individual by requiring her to prove that she met expectations. This would mislead the jury into shifting the burden to Plaintiff to prove that despite Defendant's failure to accommodate her, Plaintiff continued to meet expectations. It also introduces an undefined and subjective term, "expectations," rather than using the legal term, "essential functions." For example, an employer may have legitimate expectations that employees enter the workplace in order to do work, but the entrance to the workplace has stairs. For a person whose walking is impaired, that may require an accommodation. If the employer does not provide the accommodation, the employee may not be able to enter the workplace despite being a qualified individual who can perform the essential functions of the job. Defendant's language subverts this legal protection and attempts to burden Plaintiff with the obligation to prove she fulfilled Defendant's expectation despite being removed from the workplace and not accommodated.

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

Similarly, Defendant's instruction would require the jury to conclude that Defendant had no other reason to take adverse action against Plaintiff than a discriminatory one, which is not consistent with a but-for causation standard. *See* UCJI 23.01 (a but-for cause is one without which the adverse action would not have happened). Defendant's assertion that a non-discriminatory reason may have existed, even if a jury found it credible, would not necessarily undermine a jury's ability to decide that discrimination was a reason without which the action would not have occurred.

Finally, Defendant attempts to instruct the jury as to a burden shifting framework, which would be error at trial. *Snapp v. United Transportation Union*, 889 F.3d 1088, 1100-1102 (9th Cir. 2018) (holding in an ADA case that it was not appropriate to extend burden shifting to trial).

Page 13 - **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

### PROPOSED SPECIFIC JURY INSTRUCTION NO. 3.

### DISABILITY RETALIATION (First Claim, count 2 and Third Claim)

Plaintiff claims disability retaliation.  Plaintiff must prove, by a preponderance of the evidence, that

(1)    she was subjected to adverse terms and conditions of employment and/or terminated on the basis of her invocation of disability-related rights, including requesting accommodation(s), and

(2)    the action was because of her opposition to her disability-based discrimination.

If plaintiff does this, defendant can still prevail if it can show a non-retaliatory reason for the action.

If you find that plaintiff has proven these elements, and defendant has not shown a non-retaliatory reason for its action, your verdict should be for plaintiff.  If plaintiff has failed to prove any of these elements, or defendant has demonstrated a non-discriminatory reason, your verdict should be for defendants.

_____
**Comment:**
ORS 659A.109.

### PLAINTIFF'S OBJECTION TO SPECIAL INSTRUCTION NO. 3

Disability retaliation claims go to the judge for trial, not the jury. *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009). This instruction would confuse the jury.

Page 14 -**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

## PROPOSED SPECIFIC JURY INSTRUCTION NO. 4

### FAILURE TO ACCOMMODATE (First Claim, count 3 and Second Claim, count 2)

Plaintiff claims defendant has failed to accommodate her disability.  An employer violates ORS 659A.112 if the employer "does not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability who is a job applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer."  The employer must be aware of the employee's disability and have received adequate notice of plaintiff's desire for a reasonable accommodation.

Plaintiff has the initial burden to prove that a reasonable accommodation existed.

Plaintiff also has a duty to engage in the interactive process.  The employee must provide the employer with essential information about their condition.

Plaintiff also has the burden of showing a reasonable accommodation existed that would have enabled her to perform the essential functions of her job.

An employer is not obligated to provide a qualified individual with the accommodation of their choice upon demand.  Eliminating one or more essential job functions is not required as a reasonable accommodation.  Lowering performance standards is not a reasonable accommodation.  Not working is not an accommodation.  Oregon disability law does not require an employer to permit an employee to return to work and do 'as much as he can take.'  A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

Page 15 -**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S**
**PROPOSED JURY INSTRUCTIONS**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

Reasonable accommodation may include job restructuring, part-time or modified work schedules or reassignment to a vacant position.

An accommodation is generally not reasonable when it consists of a request to be reassigned to another job position that would be in violation of an employer's seniority system. A reasonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected.

If you find that plaintiff has proven all of these elements, your verdict should be for plaintiff. If plaintiff has failed to prove any element, your verdict should be for defendant.

_____

**Comment:**

*Miller v. State by & through Oregon Racing Comm'n*, 298 Or. App. 70, 89 (2019); *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 405-06 (2002); *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018); *Zivkovic v. S. Cal Edison Co.*, 302 F.3d 1080, 1089 (9th Cir 2002); *Vawser v. Fred Meyer, Inc.*, 19 Fed. App'x. 722, 724 (9th Cir. 2001); *Humphrey v. Memorial Hospitals Assoc.*, 239 F.3d 1128, 1137-38 (9th Cir. 2001); *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001); *Canupp v. Children's Receiving Home of Sacramento*, 181 F. Supp. 3d 767 (E.D. Cal. 2015); *Derbis v. United States Shoe Corp.*, 3 A.D. Cases 1029, 1033 (D. Md. 1994), *aff'd* in part, 67 F.3d 294 (4th Cir 1995); *Paul v. Fred Meyer Stores, Inc.*, 2008 WL 2787855 (D. Or. 2008); *Metro West Ambulance Service, Inc.*, 193 Or. App. 457, 462 (2004); *Flug v. Univ. of Oregon*, 170 Or. App. 660, 679-680 (2000); 42 U.S.C. §12112(b)(5)(A); ORS 659A.112; ORS 659A.118.

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SPECIFIC INSTRUCTION NO. 4

For many of the reasons articulated above, it would be error for the Court to provide the jury with Defendant's Specific Instruction No. 4. Again, Defendant attempts to shift its burden to plead and prove affirmative defenses and exceptions. Defendant has the burden of pleading and proving affirmative defenses. Fed. R. Civ. Pro. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense"); *Nayab v. Capital One Bank, N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019). As argued above and incorporated herein, Defendant has not

pleaded or otherwise argued in order to give sufficient notice to Plaintiff, any of the defenses or avoidances it attempts to shift to Plaintiff in this instruction.

Also, as argued above, it would be improper to instruct the jury on burden shifting. *Snapp v. United Transportation Union*, 889 F.3d 1088, 1100-1102 (9th Cir. 2018) (holding in an ADA case that it was not appropriate to extend burden shifting to trial).

## PROPOSED SPECIFIC JURY INSTRUCTION NO. 5

## PLAINTIFF'S SUBJECTIVE BELIEF REGARDING RETALIATION INSUFFICIENT

A plaintiff's mere subjective belief that she is the victim of discrimination or retaliation, without more, cannot be the basis for a finding of retaliation.  Purely conclusory allegations of retaliation, with no concrete, relevant particulars, are not evidence of discriminatory or retaliatory intent.

_____

**Comment:**

*See Andre v. Bendix Corp.*, 841 F.2d 172, 176 (7th Cir. 1988); *Kizer v. Children's Learning Center*, 962 F.2d 608, 613 (7th Cir. 1992); *Forsberg v. Pac. NW Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988).

### PLAINTIFF'S OBJECTIONS TO SPECIFIC INSTRUCTION NO. 5

This instruction has no basis in law. Defendant's cited cases are not controlling law or are over thirty years old. Additionally, they are summary judgment decisions made about laws that are not at issue in this case. This instruction would create confusion with the jury and encourage them not to consider plaintiff's testimony. Where Defendant's cited cases use the requested language, it is regarding a judge's decisions about the evidence at summary judgment, where there would be no confusion about the definition of "conclusory allegations," for example. A jury, on the other hand, very probably could take the phrase to mean it broadly cannot consider Plaintiff's testimony as to what she experienced, which is squarely part of what the jury is asked to consider.

Further, consideration whether Plaintiff provided evidence regarding a claim, or solely brought conclusory allegations, continues to be the purview of the Court, not the jury, even beyond summary judgment. This Court has already decided that the claims currently at issue passed this test at summary judgment. This instruction has no basis, and it would be an error to provide it to the jury.

## PROPOSED SPECIFIC JURY INSTRUCTION NO. 6

## BUSINESS JUDGMENT

In determining whether defendant retaliated against plaintiff, you should not substitute your business judgment for the business judgment of defendant. In reviewing defendant's decisions addressing plaintiff's employment term and conditions, the question is not whether the employer made the best, or even a sound, business decision.

You are entitled to find in favor of defendant if you find that it has provided credible, reasonable and nondiscriminatory reasons for adverse actions taken regarding plaintiff's employment. There can be no liability against a public employer if employment actions are taken for valid, lawful reasons directly related to the effective operation of the agency.

_____

**Comment:**
*Lindahl v. Air France*, 930 F.2d 1434 (9th Cir 1991); *Hall v. Ford*, 865 F.2d 255 (D.C. Cir. 1988); *Lucero v. Hart*, 915 F.2d 1367 (9th Cir. 1990); *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157 (7th Cir. 1995); 29 U.S.C. § 794(a); *Soledad v. United States Department of Treasury*, 304 F.3d 500 (5th Cir. 2002).

### PLAINTIFF'S OBJECTIONS TO SPECIFIC INSTRUCTION NO. 6

It would not be appropriate to instruct the jury on business judgment. First, the legislature is not a business. Second, the cases Defendant cites tend to reflect judicial decisions to defer to an employer, which may be an inappropriate judicial weighing of credibility at the motions stage of a case. *See Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627-28 (1944) (weighing credibility is the role of the jury); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993) (the *McDonnel Douglas* determination of whether defendant has met its burden of production "can involve no credibility assessment); *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 383-84 (2008) (reversing the district court for using a *per ser se* rule for excluding evidence of

Page 19 -**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

discrimination). Third, this instruction tends to mislead the jury into believing it would be inappropriate to evaluate whether the legislature took reasonable action or whether their stated reasons for termination were pretext for discrimination. It is squarely the role of the jury to hear facts, including testimony, and evaluate reasonableness and compliance with law. This instruction tends to mislead the jury to believe that unreasonable, unsound decisions are not pretextual, when, in fact, a jury is allowed to decide that an unsound or contradictory decision is pretext for discrimination.

Beyond that, this instruction is particularly inappropriate in a disability case under state and federal law, where defenses hold covered entities to a higher standard, offering "undue hardship" or "business *necessity*" as a defenses, not "rational basis." 24 U.S.C. § 12112; 42 U.S.C. § 12113; *c.f. Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 365, 366 (2001). "Employers are not free to exercise their usual discretion in establishing the terms and conditions of the workplace if their motive is discriminatory." Robert S. Mantell, THE MISUSE OF THE BUSINESS JUDGMENT RULE, 37 ABA J. of Labor & Employment Law 53, 54 (May 2023). Illogical reasons may be evidence of pretext. *Id.* at 57 (citing *McDonald v. Santa Fe Trial Transp. Co.*, 427 U.S. 273, 284 (1976)).

"[R]eference to 'reasonable' factors serves only to prevent the employer from gaining the benefit of the statutory safe harbor by offering an irrational justification. Reliance on an unreasonable [nondiscriminatory] factor would indicate that the employer's explanation is, in fact, no more than pretext for *intentional* discrimination." *Id.* (quoting in part *Smith v. City of Jackson*, 544 U.S. 228, 253 (2005) (O'Connor, J., concurring) (emphasis in original). Likewise, a defense of "legitimate" non-discriminatory reason prevents Defendant from gaining the benefit of the defense by offering non-legitimate reasons for termination. Merriam-Webster's Dictionary defines "legitimate," in relevant part, as "being exactly as intended or presented : neither spurious nor false," "genuinely good, impressive, or capable of success," "accordant with law or established

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

legal forms or requirements," and "conforming to recognized principles or accepted rules and standards, *also*: fair or reasonable." *Merriam-Webster.com Dictionary*, s.v. "legitimate," accessed April 20, 2024, https://www.merriam-webster.com/dictionary/legitimate.

It would be error to provide this instruction to the jury. *See also Wexler v. White's Furniture, Inc.*, 317 F.3d 564, 576-77 (6th Cir. 2003) (reversing the district court for deferring to employer's "business judgment" at summary judgment).

## PROPOSED SPECIFIC JURY INSTRUCTION NO. 7

## SICK LEAVE INTERFERENCE (OFLA) (Fourth Claim)

Plaintiff claims defendant denied or interfered with her taking sick leave in violation of law.

To prevail on this claim, plaintiff must prove all of the following by a preponderance of the evidence:

(1)    plaintiff as eligible for OFLA's protections (she had a qualifying illness, injury or health condition).

(2)    defendant was covered by OFLA.

(3)    plaintiff was entitled to leave under OFLA.

(4)    plaintiff provided sufficient notice of intent to take leave.  "Appropriate notice" is given where, if plaintiff could foresee the need for leave, she notified defendant 10 days before the leave was to begin if plaintiff could foresee the need for leave [and as soon as practicable after he learned of the need for leave if not foreseen]; and

(5)    defendant denied plaintiff OFLA benefits.

If you find that plaintiff has proven all of these elements, your verdict should be for plaintiff.  If plaintiff has failed to prove any of these elements, your verdict should be for defendant.

---

**Comment:**
ORS 659A.183, 653.641, ORS 653.616(1), ORS 653.621(3)(a); Third Circuit Model Instructions for Claims Under FMLA 10.1.1; *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014).

Page 22 -**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S SPECIAL INSTRUCTION NO. 7**

The jury should not be required to make findings regarding admitted facts. Defendant has admitted it has more than 50 employees, which makes it a covered employer under ORS 659A.153. Ans. to Second Am. Compl. ¶ 4 (ECF No. 66). Defendant has admitted that its Joint Conduct Committee found Plaintiff to be protected by OFLA for her requested December 2019 leave. Ans. to Second Am. Compl. ¶ 37; *see also* Oregon Senate Conduct Committee Meeting, October 7, 2020, at 38:58, 49:17 (last accessed April 20, 2024) (explaining that Plaintiff's protected class under Rule 27 was her attempt to take or having taken "protected leave" under OFLA, including her attempt to take protected leave in December 2019, and voting that Plaintiff was protected under Rule 27 because of OFLA protected leave).

Plaintiff objects to Defendant's characterization of OFLA leave as "sick leave," which tends to create a misleading impression that OFLA protects a cold or flu, but not mental health, when in fact the opposite may in many cases be true. *See also id.* at 41:14 (Senator Kathleen Taylor confused by whether there is a distinction between sick leave and protected leave in a question to Brenda Baumgart, "In your investigation, you determined that the complainant took, was it sick time or took protected leave or took family leave or-- I'm not sure what the phrase is?"). This distinction is important and present throughout the case, including in Sen. Gelser's note to Ms. Hanson that her mental health day would be "just a sick day," when, in fact, while a sick day may not have been protected by law, Ms. Hanson's disabilities and need for leave in December 2019 were protected. Pl. Trial Ex. 7 at 2 (Hanson_Defendants_069909). It would be improper to insert this characterization into a jury instruction.

Plaintiff incorporates the arguments made above regarding this objection to the extent Defendant attempts to shift the burden of proving an exception does not exist onto Plaintiff. Defendant again attempts to shift the burden of proving exceptions to the law for situations where Plaintiff has not given notice or regarding defendant grant or denial of leave onto Plaintiff.

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

Defendant has the burden of pleading and proving exceptions and affirmative defenses. Fed. R. Civ. Pro. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense"); *Nayab v. Capital One Bank, N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019).

Further, the proper standard for medical leave interference is whether defendant took any action that "'tends to chill' an employee's willingness to exercise [medical leave] rights." *Bachelder v. Am. West. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). Defendant's assertion that plaintiff needs to prove leave was "denied" is misplaced and would confuse the jury.

## PROPOSED SPECIFIC JURY INSTRUCTION NO. 10

## WHISTLEBLOWING UNDER ORS 659A.199 (General Whistleblowing) (Fifth Claim)

To recover on a whistleblowing claim, plaintiff must prove:

(1)    Plaintiff reported information that she believed to be evidence of a violation of a state or federal law, rule, or regulation;

(2)    Plaintiff acted in good faith in reporting the information;

(3)    Defendant discharged, demoted, suspended, or discriminated or retaliated against plaintiff with regard to any term, condition, or privilege of employment, because plaintiff reported the information; and

(4)    Plaintiff's report was a substantial factor in defendant's action.

If you find that plaintiff has proven all of these elements, your verdict should be for plaintiff.  If plaintiff has failed to prove any of these elements, your verdict should be for defendant.

_____

**Comment**:
ORS 659A.199; UCJI No. 58A.01.

### PLAINTIFF'S OBJECTION TO DEFENDANT'S SPECIAL INSTRUCTION NO. 10

No objection to the language of UCJI No. 58A.01 to the extent it is captured here. No objection to the use of substantial factor standard to this claim. Plaintiff's only objection is that including the verdict and standard language in each instruction rather than separately is redundant and unnecessary.

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

**PROPOSED SPECIFIC JURY INSTRUCTION NO. 11**

**WHISTLEBLOWING UNDER ORS 659A.203 (Public Employer) (Ninth Claim)**

To recover for whistleblowing, plaintiff must prove:

(1)    Plaintiff disclosed information that plaintiff objectively reasonably believed was evidence that a public employer:

        (a)    violated a federal or state law, rule, or regulation;

        (b)    engaged in mismanagement, gross waste of funds, or abuse of authority; or

        (c)    took an action resulting in substantial and specific danger to public health;

(2)    Defendant took or threatened to take disciplinary action against plaintiff because of plaintiff's disclosure; and

(3)    Plaintiff was damaged as a result.

If you find that plaintiff has proven all three of elements, your verdict should be for plaintiff.  If plaintiff has failed to prove any of these elements, your verdict should be for defendant.

_____

**Comment**:
ORS 659A.203; *see also* ORS 659A.200 (defining relevant terms); *Love v. Polk Cnty. Fire Dist.*, 209 Or. App. 474, 490-91, 149 P.3d 199 (2006) (objectively reasonable belief standard).

**PLAINTIFF'S OBJECTION TO DEFENDANT'S SPECIAL INSTRUCTION NO. 11**

No objection to the language of UCJI No. 58A.02 to the extent it is captured here. Plaintiff's only objection is that including the verdict language in each instruction rather than separately is redundant and unnecessary.

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

**PROPOSED SPECIFIC JURY INSTRUCTION NO. 12**

**DEFINITIONS FOR ORS 659A.199 AND 659A.203**

For the claim under ORS 659A.203, discouragement, dissuasion, or other interference must be adverse actions that cause some kind of injury or harm to plaintiff.  It could include such actions as discrimination, dismissal, demotion, transfer, reassignment, supervisory reprimand, warning of possible dismissal or withholding of work.

However, an adverse action must be something more than trivial harms such as personality conflicts or snubbing by coworkers and supervisor, bad mouthing, petty slights, minor annoyances, and simple lack of good manners.  A failure to adequately investigate a complaint is not an adverse action if it did not change plaintiff's job conditions.

_____

**Comment:**
*See Burlington N. & S.F.R. Co. v. White*, 548 US 53, 67 (2006); *Meyer v. Oregon Lottery*, 426 Or App 647, 679 (2018); *Steele v. Mayoral*, 231 Or App 603, 616 (2009); *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir 1998); *Biggs v. City of St. Paul*, No. 6:18-cv-506-MK, No. 6:18-cv-507-MK2019 WL 4575839 at *15 (D Or March 7, 2019).

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S SPECIAL INSTRUCTION NO. 12**

Plaintiff objects that this instruction has more tendency to confuse the jury than to assist in their decision making. The title of this instruction refers to both ORS 659A.199 and 659A.203, but the body only refers to ORS 659A.203, and the instruction would be inappropriate as to ORS 659A.199. As to ORS 659A.203, the proposed instruction and the UCJI do not refer to "discouragement, dissuasion, or other interference," but only to disciplinary action, so this instruction seems misplaced and would have the tendency to encourage the jurors to look for words not present in the provided elements of the claims. While those words are present in ORS

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

659A.203(1)(d), plaintiff has proposed the UCJI language, which only refers to disciplinary action, and the addition of this explanation would tend to confuse more than help the jury.

Page 28 -**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

## PROPOSED SPECIFIC JURY INSTRUCTION NO. 13

## EMOTIONAL DISTRESS/ANXIETY RISING FROM LAWSUIT IS
## NOT A BASIS FOR DAMAGES

Evidence of plaintiff's anxiety or emotional distress in bringing or participating in this lawsuit should not be considered by you in determining an award of damages.

_____

**Comment**
*See District No. 1 v. Nilsen*, 271 Or. 461, 481-83 1135 (1975).

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S SPECIAL INSTRUCTION NO. 13

Plaintiff objects that this is an evidentiary decision, not a proper jury instruction. Defendant may ask that the Court limit evidence as to normal stress of litigation, however Defendant provides no authority for the argument that a jury should be given such instruction.

Submitted this <u>25th</u> Day of April, 2024.

 */s Rebecca Cambreleng*_____
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

Page 29 - **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

## CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

Meredith Holley, OSB No. 125647
Meredith@erisresolution.com
Eris Conflict Resolution
207 E 5th Avenue, Suite 254
Eugene, Oregon 97401
*Of Attorneys for Plaintiff*

Marc Abrams, OSB No. 890149
Marc.abrams@doj.state.or.us
Allie Boyd, OSB No. 163478
Allie.m.boyd@doj.state.or.us
Oregon Department of Justice
100 SW Market Street
Portland, Oregon 97201
*Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
Max Joyner, Paralegal