Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF OREGON LEGISLATIVE ASSEMBLY**, <br><br> Defendant. | Case No.  3:21-CV-00780-SI <br><br> **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S VERDICT FORM** |

Plaintiff Laura Hanson makes the following objections to Defendant's verdict form:

- General Objections

    o We do not believe the jury needs the legal citations and references to Plaintiff's

    complaint, which will have no meaning to the jury and only tend to confuse. We

believe these encourage the jury to do their own research regarding the legal citations, rather than relying on the documents provided in trial. Because we do not anticipate the jury being given a copy of the Complaint, these references also will be unnecessarily confusing.

- o Defendant repeatedly asks the same questions to the jury, inviting confusion and the possibility that the jury will provide conflicting answers. This baits an error in the verdict and ultimately the jury should not be presented with the option to give conflicting answers.

- o We believe it is more clear to ask all liability questions first, with all damages questions at the end of the form, rather than switching back and forth, especially because the jury instructions handle the claims in that manner.

- Objections to Question 1:

  - o Question 1(b). This question presents an evidentiary issue to the jury that we do not believe is necessary by listing three specific events. Defendant's language "assigning her to work from home" is completely inaccurate to its own documents, which restricted Plaintiff to home during work hours and restricted her from performing any work.

  - o Defendant attempts to inappropriately ask the jury to perform *McDonnel Douglas* burden shifting (and without providing the third stage of that shifting, which calls into question Defendant's good faith in offering burden shifting questions in this form). *See Snapp v. United Transportation Union*, 889 F.3d 1088, 1102 (9th Cir. 2018) ("Regardless of the method chosen to arrive at trial, it is not normally

appropriate to introduce the *McDonnell Douglas* burden-shifting framework to the jury. At that stage, the framework 'unnecessarily evade[s] the ultimate question of discrimination *vel non*.'") (quoting *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855–56 (9th Cir. 2002).

- Objections to Question 2 and 4: Disability retaliation claims go to the judge, not the jury. *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009).

- Objections to Question 3: These do not ask whether defendant failed to accommodate plaintiff, the ultimate question regarding accommodation. Plaintiff additionally objects as follows:

    o Question 3(a) unnecessarily repeats Question 1(a). This invites confusion and conflicting answers.

    o Question 3(b) is a misstatement of the law and should not go before the jury. The Oregon jury instruction states, as to this element that the jury must find "the plaintiff requested accommodation, or the defendant otherwise knew that the plaintiff had a disability that may require reasonable accommodation." UCJI 59.05(1). The federal instruction states "the defendant received adequate notice of the plaintiff's disability and desire for a reasonable accommodation." MCJI 12.7(2). The law is clear that an employer's obligation to engage in an interactive process to accommodate is triggered when it knows of the need, in addition to when it receives a request. *Humphrey v. Memorial Hospitals Ass'n.*, 239 F.3d 1128, 1137-38 (9th Cir. 2001) ("Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to

Page 3 -   **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S**
            **VERDICT FORM**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations."). An employee's desire for accommodation is not the only trigger for that obligation.

- o Question 3(c) would tend to shift the burden to Plaintiff to prove that Defendant falls within the exception for providing accommodations where a reasonable accommodation is not available. Defendant has not alleged this exception, and it is not clear how this would apply to this case. *See also* Fed. R. Civ. Pro. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense"); *Nayab v. Capital One Bank, N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019) ("the plaintiff need not negative the exception to the statute. If the defendant wishes to rely upon the proviso, the burden is upon it to bring itself within the exception.") (quoting *Schlemmer v. Buffalo, R&P R. Co.*, 205 U.S. 1, 10 (1907)) (internal brackets omitted).

- Objections to Question 5:

  - o Question 5(a) and 5(b) were admitted by Defendant and should not be asked of the jury. Defendant conceded that it has more than 50 employees, which makes it a covered employer under ORS 659A.153. Ans. to Second Am. Compl. ¶ 4 (ECF No. 66). Defendant has admitted that its Joint Conduct Committee found Plaintiff to be protected by OFLA for her requested December 2019 leave. Ans. to Second Am. Compl. ¶ 37; *see also* [Oregon Senate Conduct Committee Meeting, October 7, 2020, at 38:58, 49:17 (last accessed April 20, 2024)](#) (explaining that Plaintiff's protected class under Rule 27 was her attempt to take or having taken "protected

leave" under OFLA, including her attempt to take protected leave in December 2019, and voting that Plaintiff was protected under Rule 27 because of OFLA protected leave). The Court should not require the jury to decide admitted facts.

- o   Question 5(c) is inappropriate for the jury because it is an exception to OFLA leave that was not alleged by Defendant as argued above.

- o   Question 5(d) is a misstatement of the law, while the proper standard for medical leave interference is whether defendant took any action that "'tends to chill' an employee's willingness to exercise [medical leave] rights." *Bachelder v. Am. West. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). Defendant's assertion that plaintiff needs to prove leave was "denied" is misplaced and would confuse the jury.

- Objections to Questions 6 and 7: Defendant's separation of (b) and (c) is confusing because Defendant agrees that Plaintiff was put on administrative leave and terminated, and so it does not seem that this question in (b) is necessary without the "because" element in (c). Plaintiff agrees that "substantial factor" is the correct standard for these claims for causation, but we believe it is clearer as a jury instruction, rather than part of the verdict form. It is a definition of "because," not an ultimate fact of a claim.

Submitted this 25th Day of April, 2024.

                                    _/s Rebecca Cambreleng_
                                    Rebecca Cambreleng, OSB No. 133209
                                    Rebecca@employmentlaw-nw.com
                                    CAMBRELENG & MARTON LLC
                                    3518 S. Corbett Avenue
                                    Portland, OR 97239
                                    *Of Attorneys for Plaintiff*

        Meredith Holley(she/her), OSB No. 125647
        Meredith@ErisResolution.com
        Law Office of Meredith Holley
        207 E 5th Avenue, Suite 254
        Eugene, OR 97401
        Phone: (458) 221-2671
        Fax: (833) 352-3615
        *Of Attorneys for Plaintiff*

Page 6 - **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S VERDICT FORM**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

## CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S VERDICT FORM** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*

>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
    Max Joyner, Paralegal