Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF OREGON LEGISLATIVE ASSEMBLY**, <br><br> Defendant. | Case No.   3:21-CV-00780-SI <br><br> **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST** |

Regarding Jessica Knieling, Sara Gelser Blouin, Jackie Sandmeyer, and Khanh Pham, Plaintiff agrees with Defendant that witnesses on both Plaintiff's and Defendant's lists should be called by both sides during Plaintiff's case in chief, rather than separately.

Plaintiff objects to Defendant's Witness list as follows:

1. Plaintiff objects to the following testimony from Jessica Knieling:

   - "She will also testify about prior accommodation discussions with Gelser Blouin and plaintiff, specifically plaintiff's request to have a panic button installed near her desk out of concern about another legislator, and how that request was resolved." Plaintiff objects to evidence regarding accommodations requested or provided before December 2019. The fact that Defendant may have accommodated Plaintiff in the past does not determine whether Defendant accommodated Plaintiff at a later time and tends to lead the jury to base its decision on character or trait in violation of Fed. R. Evid. 404.

   - Plaintiff objects to Ms. Knieling testifying as to her lay opinion as to whether Sen. Gelser interfered with Plaintiff's medical leave or retaliated against her. Fed. R. Evid. 701.

2. Plaintiff objects to the following testimony from Sara Gelser Blouin:

   - "Gelser Blouin will explain her expectations and needs for staff in her office, and that historically she has had positive, longstanding relationships with her staff that included working with them to accommodate their needs for disabilities, and needs for protected leave." Again, this testimony is impermissible character evidence the relevance of which is only to prove that Sen. Gelser had certain character that she acted in conformance with, which would violate Fed. R. Evid. 404.

   - Regarding Sen. Gelser's testimony about Ms. Hanson's performance before her suspension on January 6, 2020, this should be limited to the reasons for termination to which Sen. Gelser has already testified.

   - "Gelser Blouin will testify about the instances when plaintiff made requests for leave, the first being a request for leave related to a concussion in October 2019, and that Gelser Blouin encouraged plaintiff to take all of the time necessary to

recover from her concussion." Plaintiff does not object to testimony that she had a concussion in October, but does object to testimony regarding the leave related to that concussion. Plaintiff agrees that she took time off related to that incident, and admission of that evidence would only be offered to show that Sen. Gelser acted in conformance with character later. Fed. R. Evid. 404.

- "Gelser Blouin will also explain that she learned during the investigation that plaintiff turned *all* of her text messages with plaintiff, regardless of subject, over to a reporter." This testimony would be inadmissible hearsay, there is no evidence that this actually happened, and the jury should not be allowed to hear this testimony.

3. Plaintiff has no objection to Jackie Sandmeyer testifying as to the topics offered. Plaintiff objects to Mx. Sandmeyer testifying as to their lay opinion as to whether Sen. Gelser interfered with Plaintiff's medical leave or retaliated against her. Fed. R. Evid. 701. Plaintiff objects to cumulative evidence regarding the Rule 27 process.

4. Plaintiff has no objection to Floyd Prozanski testifying to the topics offered except to the extent they are cumulative of other witnesses or irrelevant to the issues in this case. Plaintiff objects to Sen. Prozanski testifying as to his lay opinion as to whether Sen. Gelser interfered with Plaintiff's medical leave or retaliated against her. Fed. R. Evid. 701. Plaintiff objects to cumulative evidence regarding the Rule 27 process.

5. Plaintiff objects to the following testimony from Brenda Baumgart:

- "Baumgart will testify to her experience investigating the self-report by Senator Gelser Blouin of concerns of a "toxic" or "abusive" environment. She will also explain that the investigation turned to another concern with respect to retaliation for taking leave." Ms. Baumgart testified before the Oregon legislature:

    "Had these ["toxic and abusive" texts provided by Sen. Gelser] been the only allegations raised we would not be sitting here and none of this

would be public record unless of course the complainant [Laura Hanson] chose to make it public. We are here because on January 2, the allegations were expanded by the complainant to state claims of interference with or retaliation for taking protected family medical leave. There is no question that these claims originated again by the Complainant. They were not reported by Senator Gelser. And, again these are ultimately the only issues before the committee for resolution."

[Oregon Senate Committee on Conduct Meeting, July 15, 2020, at 21:10](#) (last visited April 21, 2024).

To the extent Defendant's witness statement regarding Ms. Baumgart implies that her investigation started because of Sen. Gelser's report, that is contrary to her prior testimony, would tend to mislead the jury, and should not be allowed. Fed. R. Evid. 403.

- Plaintiff objects to Ms. Baumgart testifying as to her lay opinion as to whether Sen. Gelser interfered with Plaintiff's medical leave or retaliated against her. Fed. R. Evid. 701.

- Plaintiff objects to cumulative testimony regarding the Rule 27 process.

6. Plaintiff objects to testimony from Lina de Morais, Kris Skaro, Bobby Schueller, Nikki Fisher, and Angela Donley. Each of these witnesses was not present for any of the incidents at issue in Ms. Hanson's claims and would only be offered for impermissible character evidence under Fed. R. Evid. 404.

    - Plaintiff specifically objects to the following testimony from Lina de Morais:
        - "De Morais will also testify that she observed performance issues with plaintiff while plaintiff was working in Senator Gelser Blouin's office." While Lina de Morais did work with Plaintiff during legislative session

of 2019, she ended her employment before any of the events at issue in this case. Any testimony about alleged performance issues related to Plaintiff in early 2019 are too far removed from her termination in October 2020 to be relevant to this case and would only be offered to diminish Plaintiff's character. It would be more prejudicial than probative. Fed. R. Evid. 403. This should not be a trial about Plaintiff's performance, especially since Sen. Gelser testified that she did not intend to terminate Plaintiff on January 6, 2020, and Plaintiff was restricted from doing work for Sen. Gelser after that date.

- "De Morais will also testify to plaintiff's disclosures to her during the Rule 27 investigation, including that she was pushing a reporter to write a news story to destroy Senator Gelser Blouin's career." This is contrary to testimony in deposition. Sen. Gelser testified she believed the person who said Plaintiff would "destroy [Sen. Gelser's] career" was Amy Vaught. Gelser Dep. 272:18-22. Ms. de Morais testified she texted with Ms. Hanson briefly regarding the Rule 27 hearing (Ms. Hanson's records do not reflect this, and Defendant has not provided any record of this), but remembered no details, that she watched the July 15 hearing, read the news article about the hearing, and did not learn anything else about the Rule 27 process, and did not really have an opinion about Plaintiff. De Morais. Dep. 67:3-76:7. At no point did Ms. de Morais mention anyone destroying Sen. Gelser's career. This testimony would be contrary to previous testimony and significantly more prejudicial than probative in this case. It should be excluded under Fed. R. Evid. 403.

7. Plaintiff objects to Robin Ye's testimony regarding HB 2619. Plaintiff has not claimed this issue in her case, and this creates a complicated side argument that has more tendency to confuse the jury, cause delay, and has little to no probative value. Plaintiff asks that this be excluded under Fed. R. Evid. 403.

8. Plaintiff objects to testimony from Doyle Canning as cumulative and irrelevant. Ms. Canning testified that she met with Plaintiff "twice in [her] life," was not her supervisor, and had very few interactions with her during her employment. Ms. Canning's testimony would be cumulative of Rep. Pham's and Robin Ye's and should be excluded under Fed. R. Evid. 401 and 403 as irrelevant and lacking probative value.

9. Plaintiff objects to Laura Hanson being called during Defendant's case for a time "TBD." As with the other witnesses called by both parties, Ms. Hanson should be called during Plaintiff's case and examined there by Defendant.

Submitted this 25th Day of April, 2024.

          /s Rebecca Cambreleng
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*

>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
    Max Joyner, Paralegal