Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**,<br><br>        Plaintiff,<br><br>    v.<br><br>**STATE OF OREGON LEGISLATIVE ASSEMBLY**,<br><br>        Defendant. | Case No.   3:21-CV-00780-SI<br><br>**PLAINTIFF'S RESPONSES IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE*** |

Plaintiff Laura Hanson responds to Defendant's Motions *in Limine* as follows:

**I.    Motion 1: Excluding evidence of, or recovery for, damages allegedly caused as a result of litigation.**

No objection.

**II.     Motion 2: Excluding Golden Rule for plea of poverty arguments.**

No objection.

**III.    Motion 3: Barring Evidence of Matters Not "Adverse Employment Actions."**

It would be error for the court to grant Defendant's motion. Plaintiff agrees that tangible employment actions are the relevant ultimate adverse actions for disability discrimination and whistleblower retaliation claims. However, Plaintiff's claims for failure to accommodate and OFLA interference and discrimination do not follow a "tangible employment action" standard. Further, other incidents may be relevant to prove causation and motive for the tangible employment action. Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence."). This Court has already ruled at summary judgment that the January 6, 2020, restriction from work and termination are tangible employment actions for purposes of disability discrimination, adverse employment action claims (Claim 1, count 1; Claim 2, count 1). ECF No. 61 at 14-18. Plaintiff agrees that those actions are also the operative tangible actions related to the retaliation claims. Nevertheless, other actions tend to prove or disprove whether Defendant was motivated by disability discrimination, whether it interfered with Plaintiff's OFLA leave, and whether Defendant failed to accommodate plaintiff. Any conduct of defendant that tends to show disability discrimination is probative to Plaintiff's contention that Defendant was motivated to terminate her based on discriminatory beliefs about people with disabilities like and including hers. Fed. R. Evid. 401.

The proper standard for medical leave interference is whether defendant took any action that "'tends to chill' an employee's willingness to exercise [medical leave] rights." *Bachelder v.*

*Am. West. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). Therefore, any action that would tend to chill an employee's willingness to exercise medical leave rights is relevant to prove the ultimate facts of Plaintiff's OFLA claim. Fed. R. Evid. 401.

To prove Defendant failed to accommodate her, Plaintiff is required to prove she is a qualified person with a disability, that Defendant had notice she had a disability that may require accommodation, and that Defendant could have accommodated her but did not. *See* UCJI 59.05. There may be actions Defendant took that "felt retaliatory" to Plaintiff that tend to prove an element of the accommodation claims. For example, Defendant's investigator included in her Final Report and Addendum to the Final Investigation Report for Defendant's conduct committee statements that "Ms. Hanson suffered a panic attack," and that her therapist certified her diagnoses of "anxiety and depression." Pl. Trial Ex. 53 at 17, 54 at 2. While discussing Ms. Hanson's health diagnoses in a public forum may have "felt retaliatory" to Ms. Hanson, but may not be a tangible employment action under this Court's ruling at ECF No. 61, it is admissible for reasons separate from its association with a tangible employment action, such as notice to Defendant that Ms. Hanson had disabilities that may need accommodation.

Likewise, if evidence is otherwise admissible, the Court should not categorically exclude it simply because it is not a tangible employment action.

**IV.    Motion 4: Excluding "Send a Message" Arguments**

No objection.

**V.    Motion 5: Excluding Non-Party Witnesses.**

No objection.

## VI.    Motion 6: Lay Opinion Regarding Motives of Others.

Plaintiff objects to Defendant's motion regarding lay opinion. As Defendant states, lay opinion may be admissible if it is "predicated upon concrete facts within their own observation and recollection—that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." *U.S. v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006). Likewise, "[D]istrict courts enjoy broad discretion in admitting or rejecting evidence, including the testimony of experts." *Ward v. Westland Plastics, Inc.*, 651 F.2d 1266, 1270 (9th Cir.) (*abrogation on other grounds recognized by Sumner v. San Diego Urban League, Inc.*, 681 F.2d 1140, 1143 n. 3 (9th Cir. 1082).[1]

This should be evaluated as to particular testimony and not as a blanket prohibition. For example, Defendant offers Brenda Baumgart and Sen. Prozanski to testify as to lay opinions regarding Sen. Gelser's conduct related to Plaintiff and Defendant's ultimate conclusions regarding that conduct. We agree that such testimony should be inadmissible.

However, Jackie Sandmeyer's testimony, for example, that use of the word "crazy" is "offensive" is based on personal experience, and, although opinion, is relevant to the case and admissible to support Plaintiff's contention that Ms. Knielings repeated use of the word "crazy" shows discriminatory animus based on disability. Mx. Sandmeyer's opinion in that instance does more to assist the jury, including assisting the jury as to the standards Defendant used during the

---

[1] The Oregon Supreme Court has also reasoned, "The test [regarding admissibility of opinion evidence by experts] is not whether a jury is capable of drawing its own inferences from the evidence presented. Rather, the test is whether the expert's testimony, if believed, will be of help or assistance to the jury." *State v. Middleton*, 294 Or. 427, 435, 657 (1983) (quoting *State v. Stringer*, 292 Or. 388, 391 (1982)).

time of Plaintiff's employment related to disability discrimination, than to impermissibly influence the jury.

Plaintiff asks the Court to evaluate this as to each instance, rather than making a blanket ruling.

## VII. Motion 7: Excluding vouching or similar arguments or evidence

No objection as to attorney vouching as to the truth of witness testimony. *See U.S. v. Preston*, 873 F.3d 829, 843 (9th Cir. 2017) ("Improper vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony.") (quoting *U.S. v. Ruiz*, 710 F.3d 1077, 1085 (9th Cir. 2013). We agree that counsel for the government in this case should not be allowed to put the prestige of the government behind a witness.

While there is Oregon state authority for a broader vouching rule, it does not appear to extend to federal court, which consistently restricts the government from putting its authority behind a witness.

There appears to be no federal authority for restricting witnesses from testifying as to their own truthfulness.

## VIII. Motion 8: Allowing witnesses called by both sides to give defense direct testimony during Plaintiff's case.

No objection.

## IX. Motion 9: Prohibiting rebuttal evidence without first making an offer of proof.

Plaintiff asks the Court to reserve ruling on this issue until it becomes necessary. Plaintiff is not sure at this point whether rebuttal testimony will be required. However, Defendant has cited no case for the authority that the Court must plan an evidentiary hearing regarding rebuttal

evidence ahead of trial or that offers of proof are required before rebuttal evidence is presented. This motion is too intangible to decide at this time.

X.   **Motion 10: Permitting Fed. R. Evid. 104 hearing as to admissibility of expert testimony.**

No objection.

XI.  **Motion 11: Barring Plaintiff from calling cumulative and irrelevant witnesses.**

Plaintiff has the burden of proving damages, and testimony from witnesses is admissible evidence to support non-economic damages. Plaintiff disagrees that 4 lay witnesses are too many to support Plaintiff's damages. Each witness listed has a different perspective regarding the harm Plaintiff experienced and is not cumulative. For example, Logan Gilles was with Ms. Hanson when she was terminated from Sen. Gelser's office and Kean Laffitte was with her when she was terminated from Rep. Pham's office. These are different experiences and not cumulative. Erika Nebel is Ms. Hanson's best friend and Heidi Strauch is her aunt. They have known Ms. Hanson in different contexts and had different experiences of her emotional harm related to her claims. For example, ALJ Strauch spoke with Ms. Hanson over the Christmas holiday of 2019, when she was experiencing panic about work. Ms. Nebel had conversations with Ms. Hanson about how her terminations would impact her career. Plaintiff does not intend to provide needlessly cumulative evidence and asks the Court to allow her witnesses to be called.

XII. **Motion 12: Requiring experts to bring complete files relating to testimony.**

No objection.

XIII. **Motion 13: No reference to investigators being "improperly" licensed.**

Defendant intends to call Brenda Baumgart and ask her to testify as to her qualifications. The fact that she is not a licensed investigator is relevant to her qualifications. ORS 703.405 ("A

person may not act as an investigator or represent that person is an investigator unless that person is licensed under ORS 703.430"). ORS 703.430 lists types of DPSST investigator licensing. Defendant is correct that there is an exception to this rule for "An attorney admitted to practice law in this state *performing the attorney's duties as an attorney*." ORS 703.411(8). Under Oregon law, the duties of an attorney include duties of advocacy and fiduciary responsibilities to protect a client's assets. ("So, for example, we have said that in the lawyer-client relationship, the duty of an attorney toward the client is 'to act as a reasonably competent attorney in protecting and defending the interests of the client.'" *O'Kain v. Landress*, 299 Or. App. 417, 424, (2019) (quoting *Pereira v. Thompson*, 230 Or.App. 640 (2009)).

To the extent any witness testifies that Ms. Baumgart acted as an neutral, disinterested, or unbiased fact finder, it becomes relevant for the jury to know that she does not have a license and that her investigation was only lawful if she was acting to protect and defend the interests of Defendant. If Defendant's witnesses do not characterize Ms. Baumgart as neutral or disinterested, and accurately characterize her as working as an attorney with duties to advocate for and defend Defendant, this argument is becomes unnecessary.

**XIV.  Motion 14: To bar testimony from Nathan Monson.**

It would be error for the Court to completely exclude Mr. Monson's testimony based on Defendant's arguments. Plaintiff does not object to excluding the testimony about the puppy's shock collar.

However, Plaintiff does object to excluding Mr. Monson's testimony related to Plaintiff and Ms. Knieling's descriptions of Plaintiff. These are admissions of a party opponent. Fed. R. Evid. 801(d)(2). They are probative to whether Ms. Knieling made statements showing bias

toward Plaintiff and other individuals with disabilities. Ms. Knieling does not deny frequently using the word "crazy," and so this testimony tends to be reliable.

However, it is "the province of the jury" to determine questions of credibility. *Goldman v. U.S.*, 245 U.S. 474, 477 (1918). Excluding Mr. Monson's testimony entirely would impermissibly invade the province of the jury. There is no basis to say that a witness may not testify because a party believes they are impeachable. It simply is for the jury to decide whether to believe that witness. Defendant's assertion that Mr. Monson's testimony will be based on assumption is not correct.

### XV. Motion 15: To bar testimony relating to the cost of the investigation or of it being stopped by the Stoel firm for lack of payment.

Defendant cites no legal basis for this motion. In fact, it does not appear to be possible for there to be testimony regarding the cost of Ms. Baumgart's investigation because her firm did not designate their time records according to investigation, and so there is no record of how much this investigation cost. It is unclear whether Defendant is trying to exclude testimony that there is no evidence of how much the investigation cost, but Plaintiff objects to that blanket exclusion ahead of time because Defendant has designated many witnesses to discuss its Rule 27 process, and the expectations regarding invoicing are one portion of the Rule 27 process. Likewise, Stoel Rives's contracts with Defendant may be relevant to show expectations related to the investigations and Ms. Baumgart's role with Defendant. Fed. R. Evid. 401.

### XVI. To bar testimony relating to the origin of Plaintiff's PTSD.

Defendant has stipulated that Ms. Hanson has PTSD, and she has no objection to excluding testimony regarding the sexual assault. However, some elements of her experience with the University of Oregon as an institution will likely be relevant to explain some of the

actions she took and her responses to Defendant. Plaintiff agrees this testimony should be brief and not involve testimony related to the sexual assault.

Submitted this 25th Day of April, 2024.

                                        /s Rebecca Cambreleng
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served the foregoing **PLAINTIFF'S RESPONSES IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE*** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*

>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

       CAMBRELENG & MARTON LLC

       By: s/ Maxwell Joyner
        Max Joyner, Paralegal