ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE BOYD, #163478
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
         allie.m.boyd@doj.state.or.us

*Attorneys for Defendant*

Rebecca Cambreleng, OSB No. 133209
rebecca@workplacelawpdx.com
Ashley A. Marton, OSB No. 171584
ashley@workplacelawpdx.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>　　　　Defendant. | Case No. 3:21-cv-00780-SI<br><br>**JOINT STATUS REPORT** |

Plaintiff Laura Hanson and defendant Oregon Legislative Assembly submit the following Joint Status Report:

## I. EXHIBITS

The status of plaintiff's Exhibits is as follows:

| EXH. NO. | DESCRIPTION | STATUS |
|---|---|---|
| 1 | Nov. 14, 2018 Legislative Assistant Position Description | **No objection (same as Exh. 235)**. |
| 2 | Dec. 5, 2018 Hire Form & Pay Letter | **No objection**. |
| 3 | Legislative Branch Personnel Rule 27 (revised)– Effective June 29, 2019 | **No objection (same as Exh. 216)**. |
| 4 | Legislative Branch Personnel Rule 5A: ADA | *Objection*. |
| 5 | Text messages b/w Hanson & Gelser | **No objection**. |
| 6 | Dec. 17, 2019 Memo from Hanson to Gelser | **No objection**. |
| 7 | Response from Gelser to Hanson's Dec. 17, 2019 Memo | **No objection**. |
| 8 | Dec. 18, 2019 Memo from Hanson to Gelser | **No objection**. |
| 9 | Response from Gelser to Hanson's Dec. 18, 2019 Memo | **No objection**. |
| 10 | Reply from Hanson to Gelser's Response to Dec. 18, 2019 Memo | **No objection**. |
| 11 | Dec. 19, 2019 Memo from Hanson to Gelser | **No objection**. |
| 12 | Response from Gelser to Hanson's Dec. 19, 2019 Memo | **No objection**. |
| 13 | Christmas card from Hanson to Gelser | **No objection (but prefer Exh. 234 as it is in color)**. |
| 14 | Dec. 27, 2019 Email from Hanson to Gelser | **No objection**. |
| 15 | Dec. 30, 2019 Handwritten note re: panic attacks | *Objection*. |
| 16 | Dec. 31, 2019 Handwritten notes re: Hanson | *Objection*. |
| 17 | Jan. 2, 2020 Email Exchange b/w Hanson & Knieling | **No objection (same as Exh. 218)**. |
| 18 | Jan. 2, 2020 Email from Baumgart to Knieling RE: I connected with Laura | *Objection*. |

| EXH. NO. | DESCRIPTION | STATUS |
|---|---|---|
| 19 | Stoel Rives Bio - Brenda Baumgart | *Objection*. |
| 20 | Jan. 2, 2020 Email Exchange b/w Knieling & Gelser | *Objection*. |
| 21 | Jan. 3, 2020 Email Exchange b/w Hanson, Mele & Knieling RE: Question about office expenses | **No objection**. |
| 22 | Jan. 5, 2020 Email Exchange b/w Hanson & Knieling RE: Confused about process | **No objection**. |
| 23 | Jan. 5, 2020 Email from Knieling to Baumgart Fwd: Confused about process | **No objection**. |
| 24 | Jan. 6, 2020 Email from Knieling to Baumgart RE: Hanson's Memo of Admin. Leave | **No objection**. |
| 25 | Jan. 6, 2020 Email from Knieling to Hanson & Gelser RE: Meeting at 11 | *Objection*. |
| 26 | Jan. 6, 2020 Memo to Hanson Re: Paid Admin. Leave | *Objection*. |
| 27 | Jan. 10, 2020 Memo From Tom Powers RE: HCR 20– Personnel Rule 27 and Complaints Against Legislators | *Objection*. |
| 28 | Jan. 20, 2020 Hanson FMLA Certification | **No objection**. |
| 29 | Jan. 27, 2020 Email from Hanson to Sandmeyer RE: Rule 27 Investigation | **No objection**. |
| 30 | Jan. 29, 2020 Memo From Sandmeyer to Hanson RE: Follow-up Q&A | **No objection**. |
| 31 | Jan. 15, 2020 Email from Hanson to Knieling RE: Follow up | *Objection*. |
| 32 | July 9, 2020 Email from Sandmeyer to Hanson RE: Confidential Communication-do not forward | *Objection*. |
| 33 | Legislative Branch Personnel Rule 8: Americans with Disabilities Act (2020 update) | *Objection*. |
| 34 | House Concurrent Resolution 221 | **No objection (same as Exh. 217)**. |
| 35 | Sept. 4, 2020 Email Exchange b/w Knieling & Holley RE: Laura Hanson's suspension from work | *Objection*. |
| 36 | Oct. 6, 2020 Memo from Sen. Prozanski RE: Conduct chair agenda 10.7.2020 | *Objection*. |
| 37 | Oct. 7, 2020 Memo from Gelser to Hanson RE: Termination of Employment | **No objection (same as Exh. 225)**. |
| 38 | Oct. 13, 2020 BOLI Complaint | *Objection*. |

Page 3 -   **JOINT STATUS REPORT**

| EXH. NO. | DESCRIPTION | STATUS |
|---|---|---|
| 39 | Dec. 29, 2020 Letter from BOLI RE: Acceptance of Complaint | *Objection.* |
| 40 | Oct. 16, 2020 Tort Claim Notice | *Objection.* |
| 41 | Sabrina Ullmann Mathews Therapy Records and Bills | *Objection.* |
| 42 | August 4, 2022 Declaration of Nathan Monson | *Objection.* |
| 43 | Laura Hanson Workday File | *Objection.* |
| 44 | Dec. 21, 2022 Email from Ye to Pham RE: Question regarding Legislative Assistant position | *Objection.* |
| 45 | Dec. 30, 2022 Email from Ye to Hanson RE: Laura Hanson Onboarding | *Objection.* |
| 46 | Jan. 5, 2023 OKP Google Documents | *Objection.* |
| 47 | Jan. 10, 2023 Email Exchange b/w Knieling & Hanson RE: Rule 27 training and accommodation process | **No objection.** |
| 48 | ADA Employee Accommodation Request form | **No objection (same as Exh. 203).** |
| 49 | Notes from meeting b/w Hanson and Pham | *Objection.* |
| 50 | Feb. 24, 2023 OKP Staff Meeting Notes | *Objection.* |
| 51 | Jan. 25, 2023 Email from Pham RE: Separation memo | **No objection (same as Exh. 267).** |
| 52 | Mar. 20, 2023 Email from Pham to Knieling & Sanders RE: Laura Hanson–legal hold | **No objection.** |
| 53 | July 2, 2020 Final Investigation Report by Brenda Baumgart | *Objection.* **No objection to first 19 pp.** |
| 54 | Sept. 23, 2020 Addendum to Final Investigation Report by Brenda Baumgart | **No objection.** |
| 55 | Jan. 1, 2021 Khanh Pham Legislative Assistant Position Description | *Objection.* |
| 56 | Dec. 23, 2022 email from Pham to Hanson RE: following up! | *Objection.* |

The status of defendant's exhibits is as follows:

| EXH. NO. | DESCRIPTION | STATUS |
|---|---|---|
| 203 | [Hansen MSJ Dec. X3] ADA Accommodation form | **No objection** (same as Exh. 48). |
| 204 | Hanson BAARS-IV" Self-Report: Current Symptoms | *Objection.* |
| 206 | Nov. 12, 2019 Gelser Blouin-Hanson texts | *Objection.* |
| 207 | Jan. 21, 2019-Jan. 5, 2020 Gelser Blouin-Hanson texts | **No objection** but with notes. |
| 208 | Gelser Blouin-Hanson texts incl "toxic environment" | *Objection.* |
| 209 | Sept. 30, 2019 "Sick this morning" e-mail string | *Objection.* |
| 210 | Dec. 18-29, 2019 Gelser Blouin-Hanson texts | *Objection.* |
| 211 | Dec. 19, 2019 Mental Health Day text | *Objection.* |
| 212 | Hanson record of leave taken 2nd half 2019 | *Objection.* |
| 213 | Hanson diagnosis certification | **No objection**. |
| 214 | Dec. 31, 2019 Gelser Blouin e-mail re Hanson concerns | *Objection.* |
| 215 | Dec. 31, 2019 Hanson to Knieling e-mail | *Objection.* |
| 216 | House Concurrent Resolution 20 amending LBPR 27 | **No objection (same as Exh. 3)**. |
| 217 | House Concurrent Resolution 221 further amending LBPR 27 | **No objection (same as (Exh. 34)**. |
| 218 | Dec. 31, 2019-Jan. 2, 2021 Hanson-Knieling e-mail string | **No objection (same as Exh. 17)**. |
| 219 | Jan 6, 2020 Knieling to Hanson re administrative leave | **No objection (same as Exh. 26)**. |
| 220 | Jan 5, 2020 Hanson e-mail to Knieling re "Confused about process" | **No objection (same as part of Exh. 22)**. |
| 221 | Jan. 14-15, 2020 e-mail string Hanson-Knieling | **No objection (same as Exh. 31)**. |
| 222 | Feb. 7-12, 2020 text string Hanson-Vanderhart | *Objection.* |
| 223 | Jan. 29, 2020 Sandmeyer to Hanson e-mail | **No objection (same as Exh. 30)**. |
| 224 | July 14, 2020 Nordlund to Holley e-mail re hearing | **No objection**. |

| EXH. NO. | DESCRIPTION | STATUS |
|---|---|---|
| 225 | Oct. 7, 2020 Gelser Blouin to Hanson removal from service memo | **No objection**. |
| 228 | Nov. 6, 2020 Secretary of State filing | **No objection**. |
| 229 | Hanson pay record | **No objection**. |
| 230 | Job hunt materials | **No objection**. |
| 231 | Dec. 16, 2020 Employment Dept. job offer | **No objection**. |
| 232 | Dec. 17, 2020 revised Employment Department job offer | **No objection**. |
| 233 | June 24, 2021 Employment Department job extension | **No objection**. |
| 234 | Merry Christmas Sarah Holiday note | **No objection (same as Exh. 13)**. |
| 235 | Position Description LA-1 | **No objection (same as Exh. 1)**. |
| 236 | Dec. 18-19, 2019 e-mail string Hanson-Gelser | **No objection (same as Exh. 9)**. |
| 237 | July 26, 2019 e-mail string Gelser-Hanson | *Objection*. |
| 238 | Jan. 9, 2019 e-mail string Gelser-Hanson | *Objection*. |
| 239 | Jan 10, 2023 Hanson-Hoeye e-mail | **No objection** but with notes. |
| 240 | Templates for work product | *Objection*. |
| 241 | Dec. 30, 2019 e-mail Hanson to Gelser | **No objection**. |
| 242 | Dec. 30, 2019 "Welcome back" e-mail Gelser to Hanson | **No objection**. |
| 245 | [G-B Exh 45] notes on Hanson work schedule | **No objection**. |
| 250 | 2023 House Bill 2619 | *Objection*. |
| 251 | ORS 192.005 | *Objection*. |
| 264 | [Pham Exh 64] Ye memo re Hanson deficiencies | **No objection**. |
| 265 | [Canning Exh 65] memo re Hanson deficiencies | *Objection*. |
| 267 | [Pham Exh 67] Jan. 25, 2023 termination letter | **No objection (same as Exh. 51)**. |
| 268 | Hanson ADA request unfilled out | **No objection**. |
| 269 | Dec. 31, 2019-Jan. 2, 2021 Hanson-Knieling e-mail string | Same as 218: **WITHDRAWN**. |

| EXH. NO. | DESCRIPTION | STATUS |
|---|---|---|
| 270 | [Baumgart Dep. Exh. 21] Baumgart Investigative Report | **No objection (same as Exh. 53)**. |

## II.    WITNESSES

Neither side has designated any expert witnesses.  As to lay witnesses, the status is as follows for plaintiff's witnesses:

1. Laura Hanson.  No general objection.  Objection to specifics in listed testimony.

2. Sara Gelser Blouin.  No objection.

3. Jessica Knieling.  No general objection.  Objection to specifics in listed testimony.

4. Jackie Sandmeyer.  No general objection.  Objection to specifics in listed testimony.

5. Nathan Monson.  Objection to general testimony and to specifics listed in testimony.

6. Khanh Pham.  No objection.

7. Sabrina Ullman Matthews.  Objection to general testimony and to specifics listed in testimony.

8. Dmitriy Rakhlin.  Objection to general testimony and to specifics listed in testimony.

9. James Hancey.  General Objection.

10. Heidi Strauch.  Objection to general testimony and to specifics listed in testimony.

11. Erika Nebel.  Objection to general testimony and to specifics listed in testimony.

12. Logan Gilles.  Objection to general testimony and to specifics listed in testimony.

13. Kean Lafitte.  Objection to general testimony and to specifics listed in testimony.

The status for defendant's witnesses is as follows:

1. Jessica Knieling.  No general objection.  Objection to specifics in listed testimony.

2. Sara Gelser Blouin.  No general objection.  Objection to specifics in listed testimony.

3. Jackie Sandmeyer.  No general objection.  Objection to specifics in listed testimony.

4. Floyd Prozanski.  No general objection except to extent it may be cumulative. Objection to specifics in listed testimony.

Page 7 -    **JOINT STATUS REPORT**

5. <u>Brenda Baumgart</u>.  No general objection.  Objection to specifics in listed testimony.

6. <u>Lina de Morais</u>.  Objection to general testimony.  Objection to specifics in listed testimony.

7. <u>Kris Skaro</u>.  Objection to general testimony.

8. <u>Bobby Schuler</u>.  Objection to general testimony.

9. <u>Mikki Fisher</u>.  Objection to general testimony.

10. <u>Angela Donley</u>.  Objection to general testimony.

11. <u>Khanh Pham</u>.  No objection.

12. <u>Robin Ye</u>.  No general objection.  Objection to specifics in listed testimony.

13. <u>Doyle Canning</u>.  Objection to general testimony.

### III.   DEPOSITION DESIGNATIONS

Plaintiff has not submitted any deposition designations.  Defendant submitted designations for Doyle Canning and Brenda Baumgart.  Plaintiff objects to depositions without a showing of witness unavailability.  Both witnesses will be unavailable (Ms. Canning will be out of the country and Ms. Baumgart likely will be in trial) and defendant would prefer to perpetuate.  Plaintiff objects on timeliness grounds.  So deposition designations were submitted in an abundance of caution.  The status is as follows:

| **DOYLE CANNING** | |
|---|---|
| 4:8-11 | **No objection**. |
| 7:21-22 | **No objection**, context: 7:5-20. |
| 9:21-25 | **No objection**. |
| 10:1-6 | No response. |
| 11:14-22 | **No objection**. |
| 11:25-12:6 | **No objection**, context: 12:7-23. |
| 13:2-23 | *Objection* 13:2-9, **no objection**; 13:10-23. |
| 14:1-12 | *Objection* 14:1-6, **no objection**; 14:7-12. |

| 15:13-19 | **No objection**, context: 15:5-12. |
|---|---|
| 17:10-18:7 | **No objection**, context: 18:8-9. |
| 18:10-16 | **No objection**. |
| 19:23-20:19 | **No objection**. |
| 20:23-21:1 | **No objection**, context: 21:2-8. |
| 21:9-18 | **No objection**, context: 21:20-24. |
| 21:25-23:1 | **No objection**. |
| 24:23-25:7 | **No objection**, context: 25:24-27:1. |
| **<u>BRENDA BAUMGART</u>** | |
| 11:1-9 | **No objection**. |
| 12:14-19 | **No objection**. |
| 16:18-17:2 | **No objection**. |
| 18:10-19:1 | **No objection**. |
| 19:19-20:2 | **No objection,** for context 19:8-10. |
| 62:8-11 | **No objection**. |
| 63:5-10 | **No objection**. |
| 66:2-7 | **No objection**. |
| 67:16-19 | **No objection**, for context 67:20-68:18. |
| 68:18-69:2 | **No objection**. |
| 69:24-71:1 | **No objection**. |
| 71:5-21 | **No objection**, for context 71:22-72:9. |
| 73:14-18 | **No objection,** for context 73:7-13. |
| 84:18-22 | **No objection**. |
| 86:23-87:14 | **No objection**. |
| 88:1-10 | **No objection**. |
| 89:1-90:2 | **No objection,** for context 90:10-91:21. |
| 95:22-98:23 | *Objection* to 95:22-96:23, **no objection to remainder**. |
| 102:9-103:8 | **No objection,** for context 102:1-8, 103:9-17; 109:2-5; 117:4-11. |
| 106:3-14 | **No objection**. |
| 121:12-123:4 | **No objection**. |

| | |
|---|---|
| 150:8-21 | **No objection,** for context 150:22-151:9. |
| 165"25-166:24 | **No objection,** for context 166:25-167:18. |
| 173:7-18 | **No objection,** for context 173:19-21. |
| 187:13-25 | *Objection.* |
| 193:3-194:11 | *Objection* 193: 3 – 13**, no objection**, 193:14-194:11. |
| 196:7-21 | *Objection.* |

## IV.  VOIR DIRE QUESTIONS

The status of the proposed voir dire questions of plaintiff is as follows (due to the narrative nature of plaintiff's questions, only their titles are used here):

| | |
|---|---|
| 1. Political Bias. | Defendant does **not object** to the first and third paragraphs of plaintiff's proposed *voir dire* Question No. 1.  Defendant *objects* to the second paragraph. |
| 2. Use of Public Funds. | *Objection.* |
| 3. ADHD and other mental health disorders. | *Objection.* |
| 4. Unconscious Bias—Disabilities in the workplace. | *Objection.* |
| 5. Sexual Assault. | *Objection.* |
| 6. Chronic Reporting and Unconscious Bias Against Women. | *Objection.* |
| 7. "Younger Generations." | *Objection.* |
| 8. Government Workers. | **No objection**. |
| 9. Non-Economic/Emotional Distress Damages. | **No objection**. |
| 10. COVID-19 and January 6th Related Trauma. | **No objection** to COVID-19; *Objection* to January 6th. |
| 11. Media coverage. | *Objection* to first sentence; **No objection** to second sentence. |
| 12. Experience with Human Resources and Managers. | **No objection**. |

Page 10 -  **JOINT STATUS REPORT**

The status of defendant's *voir dire* questions is as follows:

| | | |
|---|---|---|
| 1. | Do you think that it's fair that the party suing has the burden of proving up all their claims?  Does anyone think the defendant in a civil claim should have the burden? | **No objection**. |
| 2. | There are seven stages of trial (jury selection, opening, plaintiff's case, defendant's case, closing, instructions, then deliberation and verdict)–does everyone here think they can keep an open mind until they have heard each phase?  Will the fact that plaintiff gets to go first and tell their whole story impact you all? | **No objection**. |
| 3. | When faced with difficult decisions, some people trust their heart and others trust their head.  How many of you tend to make difficult decisions with your heart rather than your head?  If you have any sympathy for the plaintiff—or favor towards the State for that matter—are you all willing to put that aside and follow the Court's instructions not to allow that to enter into your deliberations? | *Objection*. |
| 4. | Some people believe that just because a lawsuit is filed and gets to court, it doesn't necessarily mean that a person has a good case.  Others believe a lawsuit would not get to trial unless it had considerable merit.  How many of you believe that if a lawsuit gets to court, it must have considerable merit? | **No objection**, but with notes. |
| 5. | Do you all believe that all parties should be treated the same or that bigger parties like corporations or public bodies should be treated differently? | **No objection**. |
| 6. | Studies show that many jurors make up their mind during opening arguments, and that most make up their mind by the close of plaintiff's case.  Do you think you'd have any difficulty keeping an **open mind** until all the evidence is in? | *Objection*. |

| | | |
|---|---|---|
| 7. | Have you ever been involved in a harassment or discrimination or retaliation proceeding? | **No objection**. |
| 8. | Have you ever been involved in an employment dispute?  If so, what? | **No objection**. |
| 9. | I'd like you to pretend with me for a moment.  Let's say your best friend in the world is sitting here, right her in this courtroom.  If I asked them, how would they describe you? | **No objection**. |
| 10. | Do you have a hobby?  What is it?  Tell me what memberships in groups or organizations do you have? | **No objection**. |
| 11. | How do you receive your news?  One source or many?  What newspapers or magazines do you read?  What internet sites do you use most frequently?  What are your favorite TV shows?  Do you listen to talk radio?  If so, which hosts? | **No objection**. |
| 12. | I'd like to ask you about your feelings about the state generally. | **No objection**. |
| 13. | Have you ever been an employee of the State of Oregon?  Which agency?  Tell me about the position you hold or have held.  Has any member or your family, or has any close friend, served as a State of Oregon employee? | **No objection**. |
| 14. | Would anything about that work make you lean towards either side?  Be unable to give the Oregon Legislature a fair shake? | **No objection**, but with notes. |
| 15. | Have any of you, or your family or friends, had any interaction with the Oregon Department of Justice?  Do you have any opinions about ODOJ or Attorney General Ellen Rosenblum, because of what you may have heard about her or positions she and DOJ have taken? | **No objection**. |
| 16. | Who here doesn't like dealing with state agencies? DMV? DOR? Unemployment Compensation Board?  Have any of you | **No objection**. |

| | |
|---|---|
| ever had dealings with the state? Well, anyone have a driver's license? And you went? Took a test? Paid a fee? How many of you are registered to vote? And you went and signed up? And every year you deal with our friends at the Internal Revenue Service and the State Department of Revenue? Any other dealings?<br><br>The Legislature sets taxes on all of us. Which of you might not be able to be neutral about the Legislature because of that? | |
| 17. Who here doesn't like politics and politicians? | **No objection**. |
| 18. Who here feels that the state does as much as they can? | **No objection**. |
| 19. Who here thinks the state interferes with their lives too much? | *Objection*. |
| 20. What are your expectations of government as an employer, with regard to expectations of its employees? Do those views differ, if it all, from your expectations of private employers? | **No objection**. |
| 21. Have any of you ever been annoyed by the way your boss treated you? Can you give me an example? How did you handle it? Did you think it was the employer's obligation to change? Yours? Why? | **No objection**. |
| 22. Have you ever held a management position which required you to hire, train, fire, promote or otherwise evaluate the performance of employees? Where, when, what kind of position held, and so forth. What were your management duties, generally? | **No objection**. |
| 23. Has an employee ever accused you of being unfair in your management practices? Please describe. Would anything about the experience affect your **impartiality** in hearing this case? | **No objection**. |
| 24. Have you ever been discharged from employment, or disciplined by an | **No objection**. |

Page 13 -  **JOINT STATUS REPORT**

| | | |
|---|---|---|
| | employer, under conditions you thought were unfair? Please describe. Would that experience affect your **impartiality** in hearing this case? | |
| 25. | Do you believe you have ever been the subject of workplace harassment? Please tell me about that. What did you do about that? | **No objection**. |
| 26. | Have you ever felt there was someone at your job who wanted you to be fired or to have you quit? If yes, please tell me about that. | **No objection**. |
| 27. | Have you ever known of anyone who falsely claimed he or she was harassed in the workplace in order to obtain a large settlement? | **No objection**. |

## V.    JURY INSTRUCTIONS

The status of plaintiff's proposed jury instruction is as follows:

| <u>NO.</u> | <u>TITLE</u> | <u>COMMENT</u> |
|---|---|---|
| 1. | Modified No. 1: Duty of Jury (MCJI 1.2 modified). | *Objection.* |
| 2. | Modified No. 2: Claims and Defenses (MCJI 1.5 modified). | *Objection.* |
| 3. | Burden of Proof – Preponderance of the Evidence (MCJI 1.6). | **No objection**; defendant also requests. |
| 4. | What is Evidence (MCJI 1.9). | **No objection**; defendant also requests. |
| 5. | What is Not Evidence (MCJI 1.10). | **No objection**; defendant also requests. |
| 6. | Evidence for Limited Purpose (MCJI 1.11). | **No objection**; defendant also requests. |
| 7. | Direct and Circumstantial Evidence (MCJI 1.12). | **No objection**; defendant also requests. |
| 8. | Ruling on Objections (MCJI 1.13). | **No objection**; defendant also requests. |
| 9. | Credibility of Witnesses (MCJI 1.14). | **No objection**; defendant also requests. |

| NO. | TITLE | COMMENT |
|---|---|---|
| 10. | Conduct of Jury (MCJI 1.15). | **No objection**. |
| 11. | Publicity During Trial (1.16). | *Objection*. |
| 12. | No Transcript Available to Jury (1.17). | **No objection**. |
| 13. | Taking Notes (1.18). | **No objection**; defendant also requests. |
| 14. | Modified No. 3: Questions to Witnesses by Jurors During Trial (MCJI 1.19 modified). | *Objection*. |
| 15. | Bench Conferences and Recesses (MCJI 1.20). | **No objection**. |
| 16. | Outline of Trial (MCJI 1.21). | **No objection**. |
| 17. | Stipulations of Fact (MCJI 2.2). | **No objection**. |
| 18. | Modified No. 4: Liability of Legislature (MCJI 4.2 modified). | **No objection**. |
| 19. | Modified No. 5: Scope of Authority Defined (MCJI 4.5 modified). | *Objection*. |
| 20. | Whistleblowing (UCJI 58A.01). | *Objection*. |
| 21. | Whistleblowing (public employer) (UCJI 58A.02). | This is substantially the same as Defendant's Proposed Specific Jury Instruction No. 11, so **no objection**. |
| 22. | Modified No. 5 [sic][actually 6]: ADA Employment Actions—Actual Disability—Elements (MCJI 12.1A). | **No objection**. |
| 23. | Modified No. 6 [sic][actually 7]: ADA—Physical or Mental Impairment (MCJI 12.2 modified). | *Objection*. |
| 24. | Disability Discrimination—Qualified to Perform the Essential Functions of the Job (UCJI 59.03A). | **No objection**. |
| 25. | Disability Discrimination—"Failure to Accommodate" Elements (UCJI 59.05). | *Objection*. |
| 26. | Disability Discrimination—Reasonable Accommodation Defined (UCJI 59.06). | *Objection*. |
| 27. | Modified Instruction No. 7 [sic][actually 8]: OFLA Claim—Overview. | *Objection*. |
| 28. | Modified Instruction No. 8 [sic][actually 9]: OFLA Claim—Interference. | *Objection*. |

| NO. | TITLE | COMMENT |
|---|---|---|
| 29. | Modified Instruction No. 9 [sic][actually10]: OFLA Claim—Discrimination. | *Objection.* |
| 30 | Modified Instruction No. 10 [sic][actually 11]: Disability Discrimination Causation—"But For" (UCJI 23.01 Modified). | **No objection**. |
| 31 | Modified Instruction No. 11 [sic][actually 12]: Whistleblower and OFLA Causation—"Substantial Factor" (UCJI 59A.03 Modified). | **No objection**. |
| 32. | Damages—Proof (MCJI 5.1). | **No objection** *pending determination of the information to be inserted.* |
| 33. | Duty to Deliberate (MCJI 3.1). | **No objection**; defendant also requests. |
| 34. | Communication with Court (MCJI 3.3[sic] [actually 3.2]). | **No objection**; defendant also requests. |
| 35. | Return of Verdict (MCJI 3.5). | **No objection**. |

The status of defendant's proposed jury instruction is as follows:

| NO. | TITLE | COMMENT |
|---|---|---|
| 1. | MCJI 1.1A Duty of Jury (Beginning of Trial). | **No objection,** but with notes. |
| 2. | MCJI 1.1C Duty of Jury. | **No objection**. |
| 3. | MCJI 1.2 Claims and Defenses. | **No objection,** but with notes. |
| 4. | MCJI 1.3 Preponderance of the Evidence (Beginning of Trial). | **No objection**, plaintiff also requests. |
| 5. | MCJI 1.5 Two or More Parties. | *Objection.* |
| 6. | MCJI 1.6 What is Evidence (Beginning of Trial). | **No objection** plaintiff also requests. |
| 7. | MCJI 1.7 What is not Evidence (Beginning of Trial). | **No objection** plaintiff also requests. |
| 8. | MCJI 1.8 Evidence for a Limited Purpose (Beginning of Trial). | **No objection** plaintiff also requests. |
| 9. | MCJI 1.9 Direct and Circumstantial Evidence (Beginning of Trial). | **No objection** plaintiff also requests. |

| <u>NO.</u> | <u>TITLE</u> | <u>COMMENT</u> |
|---|---|---|
| 10. | MCJI 1.10 Ruling on Objections (Beginning of Trial). | **No objection** plaintiff also requests. |
| 11. | MCJI 1.11 Credibility of Witensses (Beginning of Trial). | **No objection** plaintiff also requests. |
| 12. | MCJI 1.12 Conduct of the Jury (Beginning of Trial). | **No objection** plaintiff also requests. |
| 13. | MCJI 1.13 No Transcript Available to Jury (Beginning of Trial). | **No objection** plaintiff also requests. |
| 14. | MCJI 1.14 Taking Notes (Beginning of Trial). | **No objection** plaintiff also requests. |
| 15. | MCJI 1.18 Bench Conferences and Recesses (Beginning of Trial). | **No objection** plaintiff also requests. |
| 16. | MCJI 1.19 Outline of Trial (Beginning of Trial). | **No objection** plaintiff also requests. |
| 17. | MCJI 2.4 Deposition in Lieu of Live Testimony. | *Objection.* |
| 18. | MCJI 2.8 Impeachment Evidence—Witness. | *Objection.* |
| 19. | MCJI 3.1 Duty to Deliberate. | **No objection** plaintiff also requests. |
| 20. | MCJI 3.2 Communication with Court. | **No objection** plaintiff also requests. |
| 21. | MCJI 3.3 Return of Verdict. | **No objection** plaintiff also requests. |
| 22. | MCJI 5.3 Damages—Mitigation. | **No objection**. |
| 23. | MCJI 12.1 ADA Employment Actions—Elements. | **No objection** but with notes. |
| 24. | MCJI 12.2 ADA—Physical or Mental Impairment. | *Objection.* |
| 25. | MCJI 12.3 ADA—Work as a Major Life Activity. | *Objection.* |
| 26. | MCJI 12.5 ADA—Qualified Individual. | *Objection.* |
| 27. | MCJI 12.6 ADA—Ability to Perform Essential Functions—Factors. | *Objection.* |
| 28. | MCJI 12.7 ADA—Reasonable Accommodation. | *Objection.* |
| 29. | MCJI 12.8 ADA—Undue Hardship. | *Objection.* |

| NO. | TITLE | COMMENT |
|---|---|---|
| 30. | MCJI 12.9 ADA—Discrimination—Retaliation. | *Objection.* |
| 31. | MCJI 12.10 ADA—Defenses—Business Necessity. | *Objection.* |
| PSJI 1. | Temporal Proximity. | *Objection.* |
| PSJI 2. | Disability Discrimination (I). | *Objection.* |
| PSJI 3. | Disability Discrimination (II). | *Objection.* |
| PSJI 4. | Failure to Accommodate. | *Objection.* |
| PSJI 5. | Plaintiff's Subjective Belief Regarding Retaliation Insufficient. | *Objection.* |
| PSJI 6. | Business Judgment. | *Objection.* |
| PSJI 7. | Sick Leave Interference (OFLA). | *Objection.* |
| PSJI 8. | [blank]. | Not submitted. |
| PSJI 9. | [blank]. | Not submitted. |
| PSJI 10. | Whistleblowing Under ORS 659A.199. | *Objection.* |
| PSJI 11. | Whistleblowing Under ORS 659A.203. | *Objection.* |
| PSJI 12. | Definitions for ORS 659A.199 and 659A.203. | *Objection.* |
| PSJI 13. | Emotional Distress/Anxiety Arising from Lawsuit is Not a Basis for Damages. | *Objection.* |

## VI.    VERDICT FORM

The verdict forms of the parties are significantly different such that no agreement was possible and both parties maintain that the Court should adopt their verdict form.

## VII.    MOTIONS *IN LIMINE*

The status of plaintiff's motions *in limine* is as follows:

1. Plaintiff's Motion *in Limine* to Ask Leading Questions in the Direct Examination of Sara Gelser-Blouin, Kham Pham, Jessica Knieling, and Jackie Sandmeyer. *Objection*.

2. Plaintiff's Motion *in Limine* to Exclude Testimony Related to Laura Hanson

Retaining Counsel.  **No objection** but prefer defendant's motion *in limine* No. 16.

3. Plaintiff's Motion *in Limine* to Exclude Testimony Related to a Severance Demand Pursuant to Fed. R. Evid. 408.  **No objection**.

4. Plaintiff's Motion *in Limine* to Exclude Improper Evidence, Argument, or Reference of Character.  *Objection*.

The status of defendant's motions *in limine* is as follows:

1. Excluding Evidence of, or Recovery for, Damages Allegedly Caused as a Result of the Litigation.  **No objection**.

2. Excluding Golden Rule and Plea of Poverty Arguments.  **No objection**.

3. Barring Evidence of Matters Not "Adverse Employment Actions."  *Objection*.

4. Excluding "Send a Message" Arguments.  **No objection**.

5. Excluding Non-Party Witnesses.  **No objection**.

6. Motion *in Limine* Regarding Lay Opinion Regarding Motives of Others.  *Objection*.

7. Excluding Vouching or Similar Arguments or Evidence.  *Objection*.

8. Allowing Witnesses Called by Both Sides to Give Defense Direct Testimony During Plaintiff's Case.  **No objection**.

9. Prohibiting Rebuttal Evidence Without First Making an Offer of Proof.  <u>Plaintiff requests ruling be reserved</u>.

10. Permitting Fed. R. Ev. 104 Hearing as to Admissibility of Expert Testimony.  **No objection**.

11. Barring Plaintiff from Calling Cumulative and Irrelevant Witnesses.  *Objection*.

12. Requiring Experts to Bring Complete Files Relating to Testimony.  **No objection**.

13. No Reference to Investigators Being "Improperly" Unlicensed.  *Objection*.

14. To Bar Testimony from Nathan Monson.  *Objection*.

15. To Bar Testimony Relating to the Cost of the Investigation or of It Being Stopped by the Stoel Firm for Lack of Payment.  *Objection*.

16. To Bar Testimony Relating to the Origin of Plaintiff's PTSD.  *Objection*.

DATED May 2, 2024.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General

        *s/ Marc Abrams*
        MARC ABRAMS, #890149
        Assistant Attorney-in-Charge
        ALLIE BOYD, #163478
        Assistant Attorney General
        Trial Attorneys
        Tel (971) 673-1880
        Fax (971) 673-5000
        marc.abrams@doj.state.or.us
        allie.m.boyd@doj.state.or.us
        *Attorneys for Defendant*

        Rebecca Cambreleng, OSB No. 133209
        rebecca@workplacelawpdx.com
        Ashley A. Marton, OSB No. 171584
        ashley@workplacelawpdx.com
        **CAMBRELENG & MARTON LLC**
        3518 S. Corbett Ave.
        Portland, Oregon 97239
        Telephone: (503) 477-4899
        *Attorneys for Plaintiff*

        Meredith Holley(she/her), OSB No. 125647
        Meredith@ErisResolution.com
        Law Office of Meredith Holley
        207 E 5th Avenue, Suite 254
        Eugene, OR 97401
        Phone: (458) 221-2671
        Fax: (833) 352-3615
        *Attorneys for Plaintiff*