ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE BOYD,#163478
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
        allie.m.boyd@doj.state.or.us

*Attorneys for Defendant State of Oregon Legislative Assembly*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>    Defendant. | Case No. 3:21-cv-00780-SI<br><br>**REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST** |

Defendant State of Oregon Legislative Assembly replies to the objections of plaintiff

Laura Hanson to defendant's witness list as follows:

**Jessica Knieling**, Chief Human Resources Officer
Department of Administrative Services

- Objection No. 1: "She will also testify about prior accommodation discussions with Gelser Blouin and plaintiff, specifically plaintiff's request to have a panic button installed near her desk out of concern about another legislator, and how that request was resolved."  Plaintiff objects to evidence regarding accommodations requested or provided before December 2019.  The fact that defendant may have accommodated plaintiff in the past does not determine whether defendant accommodated plaintiff at a later time and tends to lead the jury to base its decision on character or trait in violation of Fed. R. Evid. 404.

Page 1 - **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

It is not character evidence to show how the Legislature and Sen. Gelser Blouin specifically handled plaintiff's prior request for accommodation, and this has clear probative value as to plaintiff's knowledge of the availability and process of accommodation, as well as motives and intent of Knieling and Sen. Gelser Blouin in December 2019 and January 2020 as a directly comparable event.

- Objection No. 2: Plaintiff objects to Ms. Knieling testifying as to her lay opinion as to whether Sen. Gelser interfered with plaintiff's medical leave or retaliated against her. Fed. R. Evid. 701.

Knieling should be allowed to testify to these issues to the extent of her own experience as the Director of Human Resources, including her role in identifying potential Rule 27 violations reported to her, as well as her personal knowledge of what she observed of Sen. Gelser Blouin's actions.

**Sara Gelser Blouin**, Senator
Oregon State Legislature

- Objection No. 1: "Gelser Blouin will explain her expectations and needs for staff in her office, and that historically she has had positive, longstanding relationships with her staff that included working with them to accommodate their needs for disabilities and needs for protected leave." Again, this testimony is impermissible character evidence the relevance of which is only to prove that Sen. Gelser had certain character that she acted in conformance with, which would violate Fed. R. Evid. 404.

Sen. Gelser Blouin's testimony as to her expectations and needs for staff, and her prior experience working with her staff on accommodations and protected is directly relevant to several issues in the case, including the fact that the expectations set for plaintiff were not extraordinary, and therefore not discriminatory or retaliatory, and that plaintiff's failure to meet those expectations negatively impacted the function of Sen. Gelser Blouin's office. Her experience with other staff's disabilities, accommodation needs, and protected leave is relevant and admissible as these are comparator employees similarly situated to plaintiff, and not simply

Page 2 -    **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

examples of Sen. Gelser Blouin's good character.

- Objection No. 2: Regarding Sen. Gelser's testimony about Ms. Hanson's performance before her suspension on January 6, 2020, this should be limited to the reasons for termination to which Sen. Gelser has already testified.

Excluding Sen. Gelser Blouin's testimony as to plaintiff's performance to only those listed as reasons for termination in prior testimony would be an impermissible restriction upon relevant evidence, and plaintiff cites no legal authority for such limitation.  There are likely to be job performance issues that were not specifically the reason for termination, but are relevant and important context for the decision to terminate, as well as context for Sen. Gelser Blouin's prior attempts to coach, train, and otherwise work with plaintiff to help her be successful in her role.

- Objection No. 3: "Gelser Blouin will testify about the instances when plaintiff made requests for leave, the first being a request for leave related to a concussion in October 2019, and that Gelser Blouin encouraged plaintiff to take all of the time necessary to recover from her concussion." Plaintiff does not object to testimony that she had a concussion in October but does object to testimony regarding the leave related to that concussion. Plaintiff agrees that she took time off related to that incident, and admission of that evidence would only be offered to show that Sen. Gelser acted in conformance with character later. Fed. R. Evid. 404.

Plaintiff inexplicably seeks to prevent Sen. Gelser Blouin from testifying about the circumstances of plaintiff's leave request in October 2019 when plaintiff herself claimed that Sen. Gelser Blouin interfered with her taking of leave in October 2019, it was a topic for the investigation by Ms. Baumgart, and part of the Rule 27 determination.  This is clearly directly relevant in this case and cannot be excluded without extreme prejudice to defendant.

- Objection No. 4: "Gelser Blouin will also explain that she learned during the investigation that plaintiff turned *all* of her text messages with plaintiff, regardless of subject, over to a reporter."  This testimony would be inadmissible hearsay, there is no evidence that this actually happened, and the jury should not be allowed to hear this testimony.

Testimony that Sen. Gelser Blouin's learned plaintiff turned all of her text messages to a reporter falls within the exception to hearsay in that it is offered for effect on listener in the

Page 3 -    **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

context of the reasons for Sen. Gelser Blouin's decision to terminate plaintiff's employment.

**Jackie Sandmeyer**, former Legislative Equity Officer
TIX Education Specialists, Principal

Objection: Plaintiff has no objection to Jackie Sandmeyer testifying as to the topics offered.
Plaintiff objects to Mx. Sandmeyer testifying as to their lay opinion as to whether Sen.
Gelser interfered with plaintiff's medical leave or retaliated against her. Fed. R. Evid. 701.
Plaintiff objects to cumulative evidence regarding the Rule 27 process.

While Sandmeyer may not testify as a legal expert on interference with leave or

retaliation, they can still testify to the extent their experience as a legislative equity officer, and

as a consultant to establish processes and procedures for investigations for institutions on the

same topics.

**Floyd Prozanski**, Senator
Co-chair of Oregon Senate Conduct Committee
Oregon State Legislature

Objection: Plaintiff has no objection to Floyd Prozanski testifying to the topics offered
except to the extent they are cumulative of other witnesses or irrelevant to the issues in
this case.  Plaintiff objects to Sen. Prozanski testifying as to his lay opinion as to
whether Sen. Gelser interfered with plaintiff's medical leave or retaliated against her.
Fed. R. Evid. 701.  Plaintiff objects to cumulative evidence regarding the Rule 27
process.

Sen. Prozanski's testimony about whether Sen. Gelser Blouin interfere with plaintiff's

leave or retaliated against her should be allowed because his primary role in this case is as co-

chair of the committee that reached the conclusion that Sen. Gelser Blouin did not violate Rule

27 specifically as to those bases.  Sen. Prozanski's and the Committee's determinations are not

offered as lay opinions but as ultimate facts in the chronology of the case.

**Brenda Baumgart**, Partner
Stoel Rives, LLP

- Objection No. 1: "Baumgart will testify to her experience investigating the self-report
  by Senator Gelser Blouin of concerns of a "toxic" or "abusive" environment.  She will
  also explain that the investigation turned to another concern with respect to retaliation
  for taking leave."  Ms. Baumgart testified before the Oregon legislature:

Page 4 -    **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

"Had these ["toxic and abusive" texts provided by Sen. Gelser] been the only allegations raised we would not be sitting here and none of this would be public record unless of course the complainant [Laura Hanson] chose to make it public.  We are here because on January 2, the allegations were expanded by the complainant to state claims of interference with or retaliation for taking protected family medical leave.  There is no question that these claims originated again by the Complainant.  They were not reported by Senator Gelser.  And, again these are ultimately the only issues before the committee for resolution."

Oregon Senate Committee on Conduct Meeting, July 15, 2020, at 21:10 (last visited April 21, 2024).

To the extent Defendant's witness statement regarding Ms. Baumgart implies that her investigation started because of Sen. Gelser's report, that is contrary to her prior testimony, would tend to mislead the jury, and should not be allowed. Fed. R. Evid. 403.

Nothing about the quoted testimony conflicts with defendant's summary, and there should be no issue of fact that Sen. Gelser Blouin's self-report initiated the investigation,[1] and that plaintiff added her allegations as to leave interference and retaliation days later, and that this shifted the focus of the investigation.

- Objection No. 2: Plaintiff objects to Ms. Baumgart testifying as to her lay opinion as to whether Sen. Gelser interfered with Plaintiff's medical leave or retaliated against her. Fed. R. Evid. 701.

Baumgart was the investigator into allegations that Sen. Gelser Blouin interfered with Plaintiff's medical leave or retaliated against her, and she should not be restricted from being able to speak to the factual conclusions she reached in her investigation.

**Rule 27 Testimony**

Objection: Plaintiff objects to cumulative testimony regarding the Rule 27 process.

Plaintiff objects to duplicative testimony from multiple witnesses testifying to Rule 27. Plaintiff objects to testimony from Lina de Morais, Kris Skaro, Bobby Schueller, Nikki Fisher, and Angela Donley.  Each of these witnesses was not

---

[1] Plaintiff herself testified in her deposition that she spoke with Jessica Knieling on December 31, 2019 at which time Knieling told her that she would proceed with hiring an outside investigator.  (Ptf. dep. at 121:1-5).

Page 5 -    **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

present for any of the incidents at issue in Ms. Hanson's claims and would only be offered for impermissible character evidence under Fed. R. Evid. 404.

As made clear by the witness summaries, each of the witnesses who will testify to Rule 27 will speak to different aspects and roles in the Rule 27 process that will not be duplicative, and their testimony should not be preemptively barred.

**Lina de Morais**, Legislative Staff for Senator Gelser Blouin

- <u>Objection No. 1</u>: "De Morais will also testify that she observed performance issues with plaintiff while plaintiff was working in Senator Gelser Blouin's office." While Lina de Morais did work with plaintiff during legislative session of 2019, she ended her employment before any of the events at issue in this case. Any testimony about alleged performance issues related to plaintiff in early 2019 are too far removed from her termination in October 2020 to be relevant to this case and would only be offered to diminish plaintiff's character. It would be more prejudicial than probative. Fed. R. Evid. 403. This should not be a trial about plaintiff's performance, especially since Sen. Gelser testified that she did not intend to terminate plaintiff on January 6, 2020, and plaintiff was restricted from doing work for Sen. Gelser after that date.

De Morias has relevant testimony regarding plaintiff's job performance in 2019 given that plaintiff was terminated, in significant part, because of her performance issues throughout her time in Sen. Gelser Blouin's office in 2019.

- <u>Objection No. 2</u>: "De Morais will also testify to plaintiff's disclosures to her during the Rule 27 investigation, including that she was pushing a reporter to write a news story to destroy Senator Gelser Blouin's career." This is contrary to testimony in deposition. Sen. Gelser testified she believed the person who said plaintiff would "destroy [Sen. Gelser's] career" was Amy Vaught. Gelser Dep. 272:18-22. Ms. de Morais testified she texted with Ms. Hanson briefly regarding the Rule 27 hearing (Ms. Hanson's records do not reflect this, and defendant has not provided any record of this), but remembered no details, that she watched the July 15 hearing, read the news article about the hearing, and did not learn anything else about the Rule 27 process, and did not really have an opinion about plaintiff. De Morais. Dep. 67:3-76:7. At no point did Ms. de Morais mention anyone destroying Sen. Gelser's career. This testimony would be contrary to previous testimony and significantly more prejudicial than probative in this case. It should be excluded under Fed. R. Evid. 403.

There are no legal grounds to exclude de Morias' testimony on the grounds that it is

Page 6 -    **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

contrary to another witness's recollection, or on the basis that she previously did not recall that testimony.  It is common for a witness to refresh their recollection in preparation for giving testimony at trial, and it would lead to absurd results if such a practice would result in exclusion of their testimony.

### Exclusion of Lina de Morais, Kris Skaro, Bobby Scheuller, Nikki Fisher, and Angela Donley

Objection: Plaintiff objects to testimony from Lina de Morais, Kris Skaro, Bobby Schueller, Nikki Fisher, and Angela Donley.  Each of these witnesses was not present for any of the incidents at issue in Ms. Hanson's claims and would only be offered for impermissible character evidence under Fed. R. Evid. 404.

Plaintiff collectively objects to these five witnesses testifying because they were not present for "any of the incidents at issue" and would only be offered for character evidence (an argument that, ironically, applies to plaintiff's witness Nate Monson).  Lina de Morais was present for some of the events at issue in this case.  The other four witnesses are each former Chiefs of Staff to Sen. Gelser Blouin and serve as comparator employees to plaintiff who can each testify to their experiences navigating her expectations for them as employees with each of their unique needs for disability accommodation and protected leave that came up in the course of their employment.

**Khanh Pham**, Representative
Oregon State Legislature

Plaintiff states no objection to the testimony of Khanh Pham.

**Robin Ye**, former Chief of Staff for Representative Pham

Objection: Plaintiff objects to Robin Ye's testimony regarding HB 2619.  Plaintiff has not claimed this issue in her case, and this creates a complicated side argument that has more tendency to confuse the jury, cause delay, and has little to no probative value.  Plaintiff asks that this be excluded under Fed. R. Evid. 403.

Robin Ye's testimony regarding HB 2619 is highly relevant to plaintiff's claims

Page 7 -   **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

involving her employment in Rep. Pham's office because plaintiff alleges whistleblower

retaliation on the basis that she opposed what she believed to be a requirement in HB 2619 that

applicants to the Oregon Transportation Commission disclose their disabilities.  Mr. Ye will

testify that plaintiff characterizes the bill incorrectly and that it never received a hearing.

**Doyle Canning**, Legislative Director

Objection: Plaintiff objects to testimony from Doyle Canning as cumulative and
irrelevant.  Ms. Canning testified that she met with plaintiff "twice in [her] life,"
was not her supervisor, and had very few interactions with her during her
employment.  Ms. Canning's testimony would be cumulative of Rep. Pham's and
Robin Ye's and should be excluded under Fed. R. Evid. 401 and 403 as irrelevant
and lacking probative value.

The testimony of Doyle Canning is not duplicative or cumulative because she can testify

to her personal experiences with plaintiff during her time in Rep. Pham's office, which is directly

relevant to the decision to terminate plaintiff given that she prepared a memorandum on this

topic to Rep. Pham that was considered in the decision to terminate plaintiff.

**Laura Hanson**, Plaintiff

Objection: Plaintiff objects to Laura Hanson being called during defendant's case
for a time "TBD."  As with the other witnesses called by both parties, Ms. Hanson
should be called during plaintiff's case and examined there by defendant.

Plaintiff is unique among witnesses in that she likely will be put back on the stand at the

end of the trial in rebuttal, and, as such, the "testify only once" principle does not apply.  While

defendant can estimate a time for plaintiff's testimony, it is dependent upon the length of

plaintiff's direct testimony in her case-in-chief.  Accordingly, defendant requests that it not be

required to estimate the length of plaintiff's direct testimony.  That said, defendant anticipates

needing not less than one-half day for cross and/or direct of plaintiff.

///

///

Page 8 -    **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

DATED May 2, 2024.

Respectfully submitted,
ELLEN F. ROSENBLUM
Attorney General

_s/ Marc Abrams_
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE BOYD, #163478
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
allie.m.boyd@doj.state.or.us
_Attorneys for Defendant_