ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
            allie.m.boyd@doj.state.or.us

*Attorneys for Defendant State of Oregon Legislative Assembly*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOUTHERN DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>              Plaintiff,<br><br>      v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>              Defendant. | Case No. 3:21-cv-00780-SI<br><br>**REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST** |

Defendant Oregon Legislative Assembly replies to the objections of plaintiff Laura Hanson to defendant's proposed exhibits as follows:

| **EX. NO.** | **EXHIBIT DESCRIPTION** | **OBJECTION** | **REPLY** |
|---|---|---|---|
| 203 | [Hansen MSJ Dec. X3] ADA Accommodation form | **No objection.** Also Ex. 48. | |
| 204 | Hanson BAARS-IV" Self-Report: Current Symptoms | Objection. This exhibit is cumulative of other evidence. There is no dispute that plaintiff and Sen. Gelser had challenging communication and plaintiff struggled with | This document constitutes an admission of a party opponent about her capacity to perform work, an essential element of a defense to allegations of discriminatory |

Page 1 -   **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION | REPLY |
|---|---|---|---|
| | | some tasks and expectations during her employment with Sen. Gelser and this triggered her to inquire about whether she had ADHD. Plaintiff does not dispute this document but asks that it be excluded as unnecessarily cumulative under Fed. R. Evid. 403. To the extent defendant intends to offer this document to support the contention that terminating plaintiff was a bad employee, that argument in itself demonstrates discrimination and should not be allowed under Fed. R. Evid. 408. | intent in employment decisions. Plaintiff does not say in relation to *what* this document would be cumulative. Fed. R. Ev. 408 relates to compromise offers and is irrelevant to this document or the admissibility of evidence of poor performance. *See* Second Am. Cp. ⁋ 94, defense: "94. Defendant had valid, legitimate, objectively reasonable, non-discriminatory and non-retaliatory reasons for all actions taken, and such actions were not based upon any improper motive or taken for any improper purpose." |
| 206 | Nov. 12, 2019 Gelser Blouin-Hanson texts | Objection. Evidence regarding plaintiff's leave for her concussion is only offered as impermissible character evidence to show that Sen. Gelser allowed leave in the past and acted in conformance with that in December 2019. This should be excluded under Fed. R. Evid. 404. | Plaintiff makes an inaccurate assertion that Exh. 206 is being offered as character evidence. It is being offered for a number of purposes, including to show *facts* as to how she handles managing her staff and negates intent. |
| 207 | Jan. 21, 2019-Jan. 5, 2020 Gelser Blouin-Hanson texts | Plaintiff does not generally object to the Hanson/Gelser texts, and many of these messages overlap with Ex. 5. Plaintiff does object to them being used to show Gelser acted in conformance with a character to allow leave, accommodate disabilities, or generally that Gelser or plaintiff acted in conformance | Showing that leave was generally allowed negates the allegation that the Senator objected to use of leave. Plaintiff appears to believe only evidence showing bad intent is admissible; evidence showing absence of such intent is also admissible. |

Page 2 -    **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION | REPLY |
| --- | --- | --- | --- |
|  |  | with character as prohibited by Fed. R. Evid. 404. These messages also have unredacted private constituent information and medical information of Sen. Gelser and her child that are irrelevant. Plaintiff reserves the right to make additional objections should defendant introduce these messages for improper purpose. Some of these messages overlap with Ex. 206. | Defendant does not object to redaction of confidential information if plaintiff is more specific. |
| 208 | Gelser Blouin-Hanson texts incl "toxic environment" | Objection. These appear to be the same as messages in Ex. 207 and are therefore cumulative. Fed. R. Evid. 403. | Although Exh. 207 and 208 do to some extent overlap, Exh. 208 is far shorter and will allow focus on the specific issues contained therein. |
| 209 | Sept. 30, 2019 "Sick this morning" e-mail string | Objection under Fed. R. Evid. 401 and 404. These emails are irrelevant and would only be used to show Gelser's character and conformance with character. They should be excluded. | Plaintiff makes an inaccurate assertion that Exh. 206 is being offered as character evidence. It is being offered for a number of purposes, including to show *facts* as to how she handles managing her staff and negates intent. |
| 210 | Dec. 18-29, 2019 Gelser Blouin-Hanson texts | Objection. These appear to be cumulative of Ex. 207. | Plaintiff is incorrect. This exhibit covers mostly the period Dec. 18-23, 2019. That period is a gap in Exh. 207 at 27-28. |
| 211 | Dec. 19, 2019 Mental Health Day text | Objection. This is an incomplete and misleading document. Page 1 appears to be the top of Ex. 11 and the second page is from page 2 of Ex. 7, except the color changes may mean it is from a different date. Providing this | Defendant has no reason to believe the document is incomplete and plaintiff offers no support for that assertion. Plaintiff's argument that it is misleading is similarly unsupported, and goes to |

Page 3 -   **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION | REPLY |
|---|---|---|---|
| | | exhibit out of context would be misleading to the jury. It is also inaccurate to call these a "text." This document should not be offered to the jury. Fed. R. Evid. 403. | weight at the most, not admissibility. Her assumption about the *color* of various parts is speculative, as the use of the word "may" indicates. Plaintiff admitted writing this memo in deposition. Hanson dep. Vol 1, 74:25-75:2. |
| 212 | Hanson record of leave taken 2nd half 2019 | Objection. Lack of foundation. | Foundation will be provided by Sara Gelser Blouin and/or Jessica Knieling |
| 213 | Hanson diagnosis certification | **No objection.** Also Ex. 28. | |
| 214 | Dec. 31, 2019 Gelser Blouin e-mail re Hanson concerns | Objection. Cumulative of Ex. 218. | Defendant agrees and will withdraw. |
| 215 | Dec. 31, 2019 Hanson to Knieling e-mail | Objection. Cumulative of Ex. 218. | Defendant agrees and will withdraw. |
| 216 | House Concurrent Resolution 20 amending LBPR 27 | **No objection.** Also Ex. 3. | |
| 217 | House Concurrent Resolution 221 further amending LBPR 27 | **No objection.** Also Ex. 34. | |
| 218 | Dec. 31, 2019-Jan. 2, 2021 Hanson-Knieling e-mail string | **No objection.** Also Ex. 17. | |
| 219 | Jan 6, 2020 Knieling to Hanson re administrative leave | **No objection**. Also Ex. 26. | |
| 220 | Jan 5, 2020 Hanson e-mail to Knieling re "Confused about process" | **No objection.** Included in Ex. 22. | |

Page 4 -   **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION | REPLY |
|---|---|---|---|
| 221 | Jan. 14-15, 2020 e-mail string Hanson-Knieling | **No objection.** Also Ex. 31. | |
| 222 | Feb. 7-12, 2020 text string Hanson-Vanderhart | Objection. This is a 93-page document with an enormous amount of hearsay and it more prejudicial than probative. Fed. R. Evid. 403, 802. Dirk Vanderhart is not listed as a witness in this case and the left portion of the messages purport to be his but are hearsay. Fed. R. Evid. 802. Additionally there are references irrelevant to this case that could be confusing to the jury. For example, there is a discussion of a person named Meredith who is unrelated to this case and not a reference to Meredith Holley, one of plaintiff's attorneys. There are a number of references to hearsay statements from others including a BOLI investigator, plaintiff's attorneys, and defendant's own witnesses. Fed. R. Evid. 802. To the extent plaintiff discusses her experiences, these texts are cumulative of her testimony and should be excluded under Fed. R. Evid. 403. | Exh. 222 is only 3 pages, not 93. It constitutes admissions of a party opponent as it is texts from Ms. Hanson, who, of course, is a witness. "Meredith" is *not* referred to in the three-page document (HANSON005601-03). Plaintiff initiated an attempt to generate publicity, which goes to her motivation to harm Senator Gelser Blouin. Somehow plaintiff has the wrong document. |
| 223 | Jan. 29, 2020 Sandmeyer to Hanson e-mail | **No objection.** Also Ex. 30. | |
| 224 | July 14, 2020 Nordlund to Holley e-mail re hearing | **No objection.** | |

Page 5 -   **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION | REPLY |
|---|---|---|---|
| 225 | Oct. 7, 2020 Gelser Blouin to Hanson removal from service memo | **No objection.** | |
| 228 | Nov. 6, 2020 Secretary of State filing | **No objection.** Also Ex. 37. | |
| 229 | Hanson pay record | **No objection.** | |
| 230 | Job hunt materials | **No objection.** | |
| 231 | Dec. 16, 2020 Employment Dept. job offer | **No objection.** | |
| 232 | Dec. 17, 2020 revised Employment Department job offer | **No objection.** | |
| 233 | June 24, 2021 Employment Department job extension | **No objection.** | |
| 234 | Merry Christmas Sarah Holiday note | **No objection.** Also Ex. 13. | |
| 235 | Position Description LA-1 | **No objection.** Also Ex. 1. | |
| 236 | Dec. 18-19, 2019 e-mail string Hanson-Gelser | **No objection**, and agrees the exhibit should be in color. | |
| 237 | July 26, 2019 e-mail string Gelser-Hanson | Objection. This appears to be offered as impermissible character evidence under Fed. R. Evid. 404 for reasons described in other exhibits above. | Plaintiff makes an inaccurate assertion that Exh. 206 is being offered as character evidence. It is being offered for a number of reasons, including to show performance issues that relate to the defense of legitimate, objectively reasonable, non-discriminatory and non-retaliatory reasons for all actions taken, and such |

Page 6 -   **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION | REPLY |
|---|---|---|---|
| | | | actions were not based upon any improper motive or taken for any improper purpose. |
| 238 | Jan. 9, 2019 e-mail string Gelser-Hanson | Objection. This email appears to be irrelevant to this case. Fed. R. Evid. 401. | Plaintiff's subjective belief that this is irrelevant is unfounded. Senator Gelser Blouin will explain the relevance and the Court can make a ruling at the time. This objection is, at the least, premature. |
| 239 | Jan 10, 2023 Hanson-Hoeye e-mail | No objection to the full content of this email, but it should be fully provided. The top of the first email appears to be cut off. Fed. R. Evid. 106. | Defendant will replace Exh. 239 with a version with the missing e-mail header. |
| 240 | Templates for work product | Objection. This exhibit appears to be an irrelevant calendar event. Fed. R. Evid. 401. This case is not about any confusion over scheduling calendar events and making it so would tend to waste time and confuse the jury. Fed. R. Evid. 403. | Defendant respectfully disagrees with plaintiff that this case is not about calendaring. Her competence is clearly at issue as the legitimate and alternative reason for defendant's actions. See prior replies relating to the affirmative defense. |
| 241 | Dec. 30, 2019 e-mail Hanson to Gelser | **No objection.** | |
| 242 | Dec. 30, 2019 "Welcome back" e-mail Gelser to Hanson | **No objection.** | |
| 245 | [Gelser Blouin Exh 45] notes on Hanson work schedule | **No objection.** | |
| 250 | 2023 House Bill 2619 | Objection. Irrelevant under Fed. R. Evid. 401. This would confuse the jury and is | Plaintiff has alleged that one of the reasons actions were taken against her was that she "opposed" requiring |

Page 7 -   **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION | REPLY |
|---|---|---|---|
| | | not at issue in this case. Fed. R. Evid. 403. | people to disclose their disabilities to serve on a commission. This bill is the proposal to which she ostensibly responded. The nature of its terms is very clearly before the jury in this action. |
| 251 | ORS 192.005 | Objection. This exhibit would tend to instruct the jury about laws that are not the laws the jury needs in order to decide the facts of the case itself. This tends to be more confusing than probative. Fed. R. Evid. 403. It is also not relevant. Fed. R. Evid. 401. | Plaintiff has alleged that one of the reasons actions were taken against her was that she drew attention to the staff of Rep. Phan "destroying" e-mails in "violation" of the public records act. This statute shows she was incorrect. That is *not* one of the laws needed to decide the case, but its existence is an independent fact of which she should have known before making a spurious allegation and now claiming it is a predicate for whistleblowing. It shows her belief to be unreasonable. |
| 264 | [Pham Exh 64] Ye memo re Hanson deficiencies | **No objection.** | |
| 265 | [Canning Exh 65] memo re Hanson deficiencies | Objection. This is cumulative of other evidence. Ms. Canning testified that she met plaintiff only twice, making this letter not credible and more prejudicial than probative of any matter. Fed. R. Evid. 403. | Plaintiff makes no showing that this is unduly prejudicial. It is not. It is part of the materials on which Rep. Pham based her decision. How often the people involved interacted goes to weight not credibility. |

Page 8 -   **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

| EX. NO. | EXHIBIT DESCRIPTION | OBJECTION | REPLY |
|---|---|---|---|
| 267 | [Pham Exh 67] Jan. 25, 2023 termination letter | **No objection.**  Also Ex. 51. | |
| 268 | Hanson ADA request unfilled out | **No objection.** | |
| 269 | [Hanson MSJ Dec. Exh. 9] Jan. 2, 2020 Hanson e-mail | Objection.  Cumulative of Ex. 218.  Also Ex. 17. | Withdrawn. |
| 270 | [Baumgart Dep. Exh. 21]  Baumgart Investigative Report | **No objection**.  Also Ex. 53, except that 53 also includes the redacted version from the Committee hearing. | |

DATED May 2, 2024.

Respectfully submitted,
ELLEN F. ROSENBLUM
Attorney General

    *s/ Marc Abrams*
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
allie.m.boyd@doj.state.or.us
*Attorneys for Defendant*

Page 9 -   **REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**