Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley, OSB No. 125647
Meredith@erisresolution.com
**Law Office of Meredith Holley**
207 E 5th Avenue, Suite 254
Eugene, Oregon 97401
Telephone: (458) 221-2671
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF OREGON LEGISLATIVE ASSEMBLY**, <br><br> Defendant. | Case No.   3:21-CV-00780-SI <br><br> **PLAINTIFF'S TRIAL BRIEF REGARDING DEFENDANT'S AFFIRMATIVE DEFENSES** |

### INTRODUCTION

Defendant alleged four affirmative defenses: failure to state a claim; objective, non-discriminatory reasons, Plaintiffs [sic] responsible for harm; and failure to mitigate damages. Ans. and Defenses to Third Am. Compl. at 15 (ECF No. 135). Defendant now argues that certain of these "Affirmative Defenses" are not "specific" and therefore Defendant does not have the burden

to prove them. Def. Obj. to Pl. Proposed Jury Instr. at 6 (ECF No. 105). Defendant additionally asks this Court to instruct the jury on affirmative defenses Defendant failed to plead: Undue Hardship and Business Necessity. Def. Proposed Jury Instr. at 2 (ECF No. 97). However, Defendant has waived the affirmative defenses of undue hardship and business necessity, as they failed to plead them. In the alternative, to allow the affirmative defenses at trial would be prejudicial to Plaintiff.

## I. Defendant has Waived the Affirmative Defense of Undue Hardship

This Court has distinguished between a "negative defense," which "does no more than point out a defect in a plaintiff's prima facia case," and an affirmative defense. *Unigestion Holding, S.A. v. UPM Technology, Inc.*, 350 F. Supp.3d 1134, 1143 (D. Or. 2018) (striking Defendant's allegations of "failure to state a claim" and "lack of standing" as improperly alleged negative defenses) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). An affirmative defense, by contrast, is a "defense that does not negate the elements of plaintiff's claim, but instead precludes liability even if all of the elements of plaintiff's claims are proven." *Addison v. City of Baker City*, 285 F.Supp.3d 1207, 1239-40 (D. Or. 2017) (quoting *Mathew Enter., Inc. v. Chrystler Grp. LLC*, 250 F.Supp.3d 409, 416 (N.D. Ca. 2017). Here, Defendant's asserted affirmative defenses are more properly characterized as negative defenses and Plaintiff agrees they are not properly submitted to the jury.

Contrary to Defendant's assertion, undue hardship and business necessity are affirmative defenses because they generally assume the truth of the plaintiff's case, but preclude liability. 42 U.S.C. § 12112(b)(5)(A), 12113; *Snapp v. United Transportation Union*, 889 F.3d 1088, 1100 (9th Cir. 2018) ("[T]he ADA itself …expressly places the burden on the employer to prove [] the affirmative defense of 'undue hardship'"); *Bates v. United Parcel Service, Inc.* 511 F.3d 974, 995 (9th Cir. 2007) (citing *Cripe v. City of San Jose*, 261 F.3d 877, 890 (9th Cir. 2001) for the holding that it is the employer's burden to prove the business necessity defense). *See also Brown v. NW*

*Permanente, P.C.*, No. 3:22-CV-986-SI, 2023 WL 6147178, at *4 (D. Or. Sept. 20, 2023) (holding that "the absence of an undue hardship on a defendant is not an essential element of a plaintiff's claim under Title VII; it is an affirmative defense.").

Defendant has waived its right to assert affirmative defenses of undue hardship and business necessity. *See* Fed. R. Civ. P. 12 (b), "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense …"); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1118-19 (9th Cir. 2022) ("[A] 'defendant's failure to raise an 'affirmative defense' in his answer effects waiver of that defense.'") (quoting *In re. Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007). This Court has additionally previously reasoned that the plausibility pleading standards required under *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) is appropriately applied to affirmative defenses. *Hayden v. U.S.*, 147 F.Supp.3d 1152, 1128) (D. Or. 2015). Defendant's burden to allege and prove affirmative defenses is substantive and provides important notice to Plaintiff. We believe it would be error to instruct the jury on affirmative defenses not alleged at all, let alone plausibly alleged.

## II. Even if Not Waived, to Allow Undue Hardship as a Defense Now Would be Prejudicial to Plaintiff.

Even if the Court does not agree that the Defendant has waived the affirmative defense of undue hardship at this late stage in the proceeding, to allow the affirmative defense would be prejudicial and unfair to Plaintiff.

To prove the affirmative defense of undue hardship requires specific factual showings. *Quinn v. Legacy Health*, No. 3:23-CV-00331-JR, 2023 WL 10354251, at *7 (D. Or. June 16, 2023), report and recommendation adopted, No. 3:23-CV-00331-JR, 2024 WL 620344 (D. Or. Feb. 13, 2024) *citing. Cf. Sturgill v. United Parcel Serv., Inc*., 512 F.3d 1024, 1033 n.4 (8th Cir.

2008) ("an employer must establish that the hardship is real rather than speculative[,] merely conceivable, or hypothetical" and "[u]ndue hardship cannot be proved by assumptions nor by opinions based on hypothetical facts") (citation and internal quotations omitted); *see also Anderson v. Gen. Dynamics Convair Aerospace Div.*, 589 F.2d 397, 402 (9th Cir. 1978) (reversing the district court's dismissal of the plaintiff's Title VII claim because the defendants relied only on a general statement and failed to offer any evidence proving the truth of that statement or that "the accommodation of [of the plaintiff's religious beliefs] would otherwise have been an unduly difficult problem").

This is most properly done on a motion for summary judgment. *Id. see also Quinn v. Legacy Health*, No. 3:23-CV-00331-JR, 2023 WL 10354251, at *7 (D. Or. June 16, 2023), report and recommendation adopted, No. 3:23-CV-00331-JR, 2024 WL 620344 (D. Or. Feb. 13, 2024) (finding that the undue burden affirmative defense is a question best decided on a motion for summary judgment.)

Courts have held that allowing a defense that was not raised in the pleading <u>at the summary judgment phase</u> is only appropriate if it does not result in prejudice to the plaintiff. *See Healy Tibbitts Const. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982); *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir. 1995).

Because Plaintiff has not been given notice of the facts and argument underlying the undue hardship or business necessity from Defendant, Plaintiff has not been afforded the ability to refute or respond to the claims through a motion to dismiss or for summary judgment. It would be prejudicial to instruct the jury on affirmative defenses Defendant has failed to allege, where Plaintiff has met every element of the claims necessary to survive summary judgment, and such instruction would hold Defendant to an impermissibly lower standard.

## CONCLUSION

Defendant has failed to provide Plaintiff with notice of undue hardship and business necessity defenses, and has therefore waived those defenses. Plaintiff asks the Court to deny Defendant's request to instruct the jury on unalleged defenses.

Dated this 16th day of May, 2024.

Respectfully submitted,

 /s Rebecca Cambreleng
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on May 16, 2024, I served the foregoing **PLAINTIFF'S TRIAL BRIEF REGARDING DEFENDANT'S AFFIRMATIVE DEFENSES** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*

>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

>CAMBRELENG & MARTON LLC

>By: s/ Maxwell Joyner
>      Max Joyner, Paralegal