Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley, OSB No. 125647
Meredith@erisresolution.com
**Law Office of Meredith Holley**
207 E 5th Avenue, Suite 254
Eugene, Oregon 97401
Telephone: (458) 221-2671
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**,<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF OREGON LEGISLATIVE ASSEMBLY**,<br><br>Defendant. | Case No.   3:21-CV-00780-SI<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"** |

### INTRODUCTION

Defendant asks this Court to treat Plaintiff's claims differently than other claims because her claims involve allegations of disability discrimination. Defendant seems to concede that the Court may instruct on implicit or unconscious bias to some extent. Despite Defendant's narrowing

Page 1 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

of its argument, it would be error to grant Defendant's motion, and Plaintiff asks the Court to deny Defendant's motion.

## IMPLICIT BIAS IS A WELL-ESTABLISHED LEGAL CONCEPT

Implicit and unconscious bias are well-established legal concepts. Defendant argues that unconscious and implicit bias are social science concepts, citing Oregon's UCJI for this statement, but Oregon's UCJI, in fact, accurately calls unconscious bias a "reality," stating, "*Unconscious bias* is a term used by social scientists to describe the *reality* that everyone has feelings, assumptions, perceptions, fears, and stereotypes, that is 'unconscious biases,' that we may not be aware of." UCJI 5.01 (second emphasis added). Both this Court's proposed jury instruction and state uniform jury instructions clearly define implicit or unconscious bias as biases "we might not be [fully] aware of." There is nothing confusing about that definition.

The Sixth Amendment to the United States Constitution provides the right in criminal prosecutions to "speedy and public trial, by an impartial jury." The Seventh Amendment extends the right to jury trial to civil trials. It is axiomatic that "all persons otherwise qualified for jury service are subject to examination as to actual bias." *U.S. v. Wood*, 299 U.S. 123, 133 (1936) (discussing a previous statutory ban on government employees serving as jurors in criminal trials in Washington D.C. because of the risk they might be implicitly biased in favor of the government). 28 U.S.C. § 1866(c) provides that a juror may be excluded for inability to "render impartial jury service." Rule 47 of the Federal Rules of Civil Procedures also codifies the process of examining jurors to discover bias.

The Supreme Court has long recognized that examining jurors for actual bias may include examination for implicit bias. Over a hundred years ago, the Supreme Court reasoned,

> Bias or prejudice is such an elusive condition of the mind that it is most difficult, if not impossible, to always recognize its existence, and it might exist in the mind of one (on account of his relations with one of the parties) who was quite positive that

Page 2 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

> he had no bias, and said that he was perfectly able to decide the question wholly uninfluenced by anything but the evidence. The law therefore most wisely says that, with regard to some of the relations which may exist between the juror and one of the parties, bias is implied, and evidence of its actual existence need not be given.

*Crawford v. United States*, 212 U.S. 183, 196 (1909) (the statute at issue was later reversed as reflected in the *Wood* case above). The Supreme Court has additionally reasoned, "The bias of a prospective juror may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as a matter of law. … Impartiality is not a technical conception. It is a state of mind." *Id.* at 133, 145.

More recently, the Seventh Circuit relied on the Ninth Circuit to reason,

> The concept of implied bias is well-established in the law. Many of the rules that require excusing a juror for cause     are based on implied bias, rather than actual bias. For example, a court must excuse a juror for cause if the juror is related to one of the parties in the case, or if the juror has even a tiny financial interest in the case.

*U.S. v. Polichemi*, 219 F.3d 698, 704 (7th Cir. 2000) (citing *U.S. v. Annigoni*, 96 F.3d 1132, 1138 (9th Cir. 1996) (overruled on unrelated grounds *U.S. v. Lindsey*, 634 F.3d 541, 544 (9th Cir. 2011))).

Defendant's arguments that the concepts of implicit and unconscious bias are non-legal or confusing are not correct.

### THIS COURT SHOULD FOLLOW REGULAR PRACTICE

We believe it would be error for this Court to divert from regular practice, in essence discriminating regarding Plaintiff's claims, because this case involves allegations of disability discrimination. Defendant primarily cites state law and out-of-circuit cases, which are not controlling law, related to expert testimony regarding implicit bias which is not at issue here. To deviate from the Court's regular practice based on case law discussing expert testimony that is not at issue here would be in error. Instructing the jury regarding its obligation to be unbiased is distinct from allowing expert testimony regarding the elements of the claims.

Page 3 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

Defendant additionally relies on two unreported Washington cases with differing opinions regarding whether it was appropriate to show the Court's normal video regarding jury bias in cases with claims of race-based discrimination. *Williams v. Vilsack*, 2021 WL 4786188 *3-4 (W.D. Wash. Oct. 4, 2021) (J., Coughenour) (showing the video); *Thomas v. Cannon*, 2017 WL 11423601 (W.D. Wash. June 20, 2017) (J., Rothstein) (declining to show the video).[1] In both of those cases, race, a topic expressly identified by the video, was at issue and the judges considered whether that would confuse the jury. In the case at bar, race-based discrimination is not an allegation, nor are age or gender, the other two topics called out by the video. Disability discrimination is not referenced in the video at all, which makes the arguments in *Williams* and *Thomas*, which focused specifically on the mention of the word "race," irrelevant to this case.

In fact, Plaintiff in this case has a right to have an unbiased jury that is equal to the rights of other parties to other types of litigation. The fact that the jury must examine its own bias to fulfill its duty to be impartial is equally important in cases involving discrimination-based harm as it is in other cases. Defendant asks the Court to treat cases brought by people alleging that they have been harmed by discrimination differently than other cases, which would create the inevitable result of treating cases involving discrimination as not deserving of unbiased juries. There is no basis for Defendant's concern that this instruction relates to testimony or would change the jurors' evaluation of the standards of proof in the case. Other instructions make the standards of proof clear as to each claim.

The reality of unconscious bias is well-established in federal and Oregon law, and this instruction is an important caution to jurors to decide the claims based on the evidence, without allowing bias they may not consciously realize they hold to hold sway.

---

[1] Ironically and contrary to its underlying argument, Defendant implies that because Judge Coughenour "is the author" of the video, the Court should not follow his ruling because authorship might have made him implicitly biased in favor of showing the video. Def. Memo. at 4 n. 1 (ECF No. 137).

Page 4 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

## CONCLUSION

Plaintiff asks the Court to follow its normal practice regarding jury instructions on unconscious bias and show the video in its entirety.

Dated this 22nd day of May, 2024.

                Respectfully submitted,

                 /s Rebecca Cambreleng
                Rebecca Cambreleng, OSB No. 133209
                Rebecca@employmentlaw-nw.com
                CAMBRELENG & MARTON LLC
                3518 S. Corbett Avenue
                Portland, OR 97239
                *Of Attorneys for Plaintiff*

                Meredith Holley(she/her), OSB No. 125647
                Meredith@ErisResolution.com
                Law Office of Meredith Holley
                207 E 5th Avenue, Suite 254
                Eugene, OR 97401
                *Of Attorneys for Plaintiff*

Page 5 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

# CERTIFICATE OF SERVICE

I certify that on May 22, 2024, I served the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

>Meredith Holley, OSB No. 125647
>Meredith@erisresolution.com
>Eris Conflict Resolution
>207 E 5th Avenue, Suite 254
>Eugene, Oregon 97401
>*Of Attorneys for Plaintiff*

>Marc Abrams, OSB No. 890149
>Marc.abrams@doj.state.or.us
>Allie Boyd, OSB No. 163478
>Allie.m.boyd@doj.state.or.us
>Oregon Department of Justice
>100 SW Market Street
>Portland, Oregon 97201
>*Attorneys for Defendant*

CAMBRELENG & MARTON LLC

By: s/ Maxwell Joyner
    Max Joyner, Paralegal

Page 6 - **PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899