ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
             allie.m.boyd@doj.state.or.us

*Attorneys for Defendant State of Oregon Legislative Assembly*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOUTHERN DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>    Defendant. | Case No.  3:21-cv-00780-SI<br><br>**RESPONSE MEMORANDUM REGARDING DEFENSES** |

## REQUEST

Plaintiff, on the eve of trial, requests that the defense not be allowed to, well, defend itself.  They base this request on the flimsiest of technicalities, one that requires ignoring the commonsense reading of the existing defenses and striking from a timely filed Answer to a newly filed Complaint defenses worded to satisfy their demands.

Plaintiff's suggestion is not designed to create a fair trial, but to game the playing field. It should be rejected.

Page 1 -    **RESPONSE MEMORANDUM REGARDING DEFENSES**

## FACTS

In their first Answer (Docket No. 17) to plaintiff's first Complaint, defendant Legislature[1] included the following two defenses:

### SECOND DEFENSE
### OBJECTIVE, NON-DISCRIMNATORY REASONS

129.

Defendants had valid, legitimate, objectively reasonable, non-discriminatory and non-retaliatory reasons for all actions taken, and such actions were not based upon any improper motive or taken for any improper purpose.

### THIRD DEFENSE
### PLAINTIFFS RESPONSIBLE FOR HARM

130.

Some or all of the harm complained of was a result of the plaintiff's own actions or inactions.

Those defenses have been included in every Answer filed thereafter in this action, including in the Answer to the Third Amended Complaint, filed May 10, 2024.  Docket No. 135.

Thereafter, plaintiff contended in its Brief Regarding Affirmative Defenses, that these were not sufficient to state defenses of "undue burden" and "business necessity."  Docket No. 139.  Although defendant disputes this conclusion, in an abundance of caution, and within the 14 days provided for by Fed. R. Civ. P. 15 after the filing of a complaint, defendant filed an amended answer, explicitly setting forth those defenses word-for-word.  Docket No. 140.

## DISCUSSION

Because of the limited importance of pleadings in federal court, "[m]otions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp .3d 850, 858 (N.D. Cal. 2014).

---

[1] At the time, Senators Floyd Prozanski and Chuck Thomsen were also defendants.

Page 2 -    **RESPONSE MEMORANDUM REGARDING DEFENSES**

I. **Undue Hardship and Business Necessity are implicitly contained within Defenses Two and Three.**

Plaintiff cannot reasonably claim, more than three years into this litigation, not to understand that the Legislature believes and has asserted that she did not perform her jobs adequately so that the employment decisions of defendant were based on non-discriminatory reasons such a competence, effectiveness and personal fit. Nor can plaintiff reasonably claim after more than three years ignorance that the Legislature intends to rely at least in part on plaintiff's own, self-destructive actions, such as accusing Sen. Gelser Blouin of creating a "toxic environment," which made her continued employment impossible in a role in which trust and loyalty are essential.

Such issues were baked into the Second and Third Defenses, which have been in *every* answer to *every* complaint in this action. Plaintiff's argument is one requiring a precise wording or else a substantive right is waived. This is simply not the nature of notice pleading and is not the rule as regards affirmative defenses. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

II. **Plaintiff's filing the Third Amended Complaint mooted plaintiff's concerns.**

Plaintiff on May 9, 2024, filed a Third Amended Complaint. Docket No. 134. Thereafter, defendant had a right to file an answer to that new pleading within 14 days. Fed. R. Civ. P. 15(a)(3). Defendant did so, but then, given that plaintiff thereafter, but within that 14-day window, raised her objection to defendant's defenses not being explicitly in its Answer, filed an Amended Answer to the Third Amended Complaint—still within the 14-day window—now explicitly putting forth those defenses. Docket No. 140.

Defendant is unaware of any limitation barring the assertion of all defenses available to it once the right to file an answer is triggered by a new complaint, regardless of the structure or

contents of that complain. There is no such limitation contained in Rule 15. Accordingly, even though defendant believes it has always made the appropriate assertion of its defenses, the issue is now at the very least mooted by the Amended Answer to the Third Amended Complaint.

### III.     The issues in this case have been clear for three years and there is no prejudice.

Plaintiff asserts that she would be prejudiced by allowing the defendant to assert defenses. How that can be so is difficult to discern. Since even prior to the commencement of litigation, the issues of what accommodations were appropriate or feasible and the issues of what requirements are necessary to run the State's legislative body have been squarely and clearly part of this matter. Plaintiff has at all times had fair notice. *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010). Such fair notice only required describing the defense in general terms. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)).

Plaintiff cannot reasonably be heard to contend she was unaware that Senator Gelser Blouin was dissatisfied with her work and that the adjustments plaintiff suggested were unacceptable even back in December 2019. Similarly, the quantum of accommodation allegedly needed by plaintiff in the office of Rep. Pham was part of the decision-making process that was clear not only within this litigation, but on the ground in that office in real time. None of the documents defendant has submitted as exhibits are even remotely ones plaintiff can claim to be unaware of or could not have reasonably concluded, in some cases years ago, she would be seeing if and when this matter came to trial.

Moreover, as noted above, an assertion that there were "objectively reasonable, non-discriminatory and no-retaliatory reasons" for the actions of defendant is merely a paraphrase of "business necessity" and "undue burden." Defendant is uncertain what plaintiff claims would be

Page 4 -   **RESPONSE MEMORANDUM REGARDING DEFENSES**

unclear about such assertions, which have been a part of this litigation since the initial Answer to the initial Complaint. Defendant is unaware of any requirement that precise, talismanic language must be used or a defense is forfeited, and any such requirement would be inconsistent with federal notice pleading. To the contrary, an affirmative defense need only be stated in "short and plain terms." Fed. R. Civ. P. 8(c)(1); *Unigestion Holdings, S.A. v. UPM Technology, Inc.*, 205 F. Supp. 3d 1134, 1140 (D. Or. 2018).

## CONCLUSION

For the foregoing reasons, defendant suggests this Court has already reached the proper conclusions about the scope of the cases to be presented, and no further changes should be made.

DATED May 22, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Marc Abrams*
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
allie.m.boyd@doj.state.or.us
*Attorneys for Defendant*