ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
ALLIE M. BOYD, #163478
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
          allie.m.boyd@doj.state.or.us

Attorneys for Defendant State of Oregon Legislative Assembly

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOUTHERN DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>　　　　Defendant. | Case No.  3:21-cv-00780-SI<br><br>**REPLY MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"** |

## ARGUMENT

Plaintiff absolutely correctly contends that "[d]efendant asks this Court to treat Plaintiff's claims differently from other claims because her claims involve allegations of disability discrimination." That is *precisely* what defendant suggests, because it is the logical and legally sound thing to do.

In her Response, plaintiff offers this Court not one single citation to a case in which instructions such as the ones at issue were allowed. Rather, plaintiff cites to only three cases—

Page 1 -   **REPLY MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"**

*U.S. v. Wood*, 299 U.S. 123 (1936); *Crawford v. United States*, 212 U.S. 183 (1909); and *U.S. v. Polichemi*, 219 F.3d 598 (7th Cir. 2000)—none of which relate to employment law, none of which relate to characteristics such as age, race or gender (the matters discussed by Ms. Hayes), all of which pertain to *criminal law*, one of which is nearly a century old and one of which is well *more* than a century old.  These cases are so unrelated to the issue before the Court as to be non-sequiturs.

These cases simply do not assist the decision here.  The "bias" discussed in *Crawford* was whether a juror might be a "master, servant, steward, councilor or attorney of either party." 212 U.S. at 195.  In *Wood,* the issue was one of whether potential jurors who worked for the government might be biased towards the government, essentially a discussion of *financial* interest.  299 U.S. at 133.  Similarly, in *Polichemi*, the court's concern was one of whether there was a bias from being a relative of one of the actors or having a financial stake.  219 F.3d at 704.

Defendant does not dispute that these are concerns that potentially create bias, and might make a party or a court not select a juror.  But none of these cases concern *advising* the jurors about bias.  None of these cases concerned whether bias was an inherent issue in the underlying case, which it was not in any of the three.  None of these cases have any similarity with the issue this Court must decide: whether to *instruct* a jury on matters about which they should think, matters that bear a confusing similarity to the issues before them.

The defense has provided several cases (not merely the "two unreported[1] Washington cases" claimed by plaintiff) in which the courts have declined to offer such instruction, noting that only the *author* of the instruction, Judge Coughenour, has ruled in the other direction.

---

[1] Plaintiff makes overmuch of her implicit belittling of these cases as "unreported."  These days, *most* cases are "unreported" in that they are not produced in bound editions.  That said, they are *not* unpublished, and neither decision comes with any such limiting instruction.

Page 2 -   **REPLY MEMORANDUM IN SUPPORT OF REQUEST TO LIMIT DISCUSSION OF "IMPLICIT BIAS"**

Plaintiff makes no response to *Jones v. National Council of YMCA*, 34 F. Supp. 3d 896, 901 (N.D. Ill. 2014), *Karlo v. Pittsburgh Glass Works, LLC*, 2015 WL 4232600 (W.D. Pa. July 13, 2015), *Johnson v. Seattle Pub. Utils.*, 2018 WL 2203321 (Wash. Ct. App. May 14, 2018), or *White v. BNSF Railway Co.*, 726 Fed. Appx. 603, 604 (9th Cir. 2018), all of which also support defendant's position.

Plaintiff then—utterly without support or citation—asserts that "[t]he reality of unconscious bias is well-established in federal and Oregon law." If so, one would expect plaintiff to provide citations to Oregon case law. She has none.

The simple problem with plaintiff's position is she asks the Court to blind itself to the very real and very significant distinctions between discussions of how jurors might be *selected* in *criminal* cases and how jurors might be *instructed* in *employment* cases. She simply doesn't address that at all. By contrast, defendant has pointed out that discussions of bias close by in subject matter to the underlying issues of the case yet not based in any specific facts would, logically, have a tendency to confuse. As previously noted, there is little to permit a conclusion that there is a logical connection between the mere existence of implicit or unconscious bias and the results of employment decisions made by supervisors and managers who are armed with data and personally invested in the results of a process. *Jones, supra,* 34 F. Supp 3d at 900.

## CONCLUSION

Defendant suggests plaintiff is simply inaccurate when she asserts discussions of implicit bias occur in the courts all the time. Defendant is unaware of any statistical support for that, but counsel has not ever had such material presented to the jury in an employment discrimination case. Even were plaintiff correct that there is a general approach to discussions of implicit bias in the courts, trials concerning bias and discrimination provide the most logical carve out.

Defendant would note, yet again, it is *not* asking that much of the material regarding bias be excluded, but only that the materials that uncomfortably and confusingly border the subject of this case be left out.  There is no harm in doing so, and plaintiff has identified none.  But there is potentially considerable harm in including this material.

The paragraph on the third page of the proposed jury instructions should not be given and the last third of the Venire Video should not be played.

DATED May 22, 2024.

                                                    Respectfully submitted,

                                                    ELLEN F. ROSENBLUM
                                                    Attorney General

                                                    *s/ Marc Abrams*
                                                  MARC ABRAMS, #890149
                                                  Assistant Attorney-in-Charge
                                                  ALLIE M. BOYD, #163478
                                                  Assistant Attorney General
                                                  Trial Attorneys
                                                  Tel (971) 673-1880
                                                  Fax (971) 673-5000
                                                  marc.abrams@doj.state.or.us
                                                  allie.m.boyd@doj.state.or.us
                                                  *Attorneys for Defendant*