ELLEN F. ROSENBLUM
Attorney General
ALLIE M. BOYD  #163478
Assistant Attorney General
ALLIE BOYD #163478
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  allie.m.boyd@doj.state.or.us
        allie.m.boyd@doj.state.or.us

*Attorneys for Defendant State of Oregon Legislative Assembly*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAURA HANSON,<br><br>      Plaintiff,<br><br>    v.<br><br>STATE OF OREGON LEGISLATIVE ASSEMBLY,<br><br>      Defendant. | Case No.  3:21-cv-00780-SI<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF REGARDING BACK PAY |

## INTRODUCTION

Defendant State of Oregon Legislative Assembly responds to plaintiff's Supplemental Trial Brief Regarding Back Pay as follows. Upon a review of the law, it is not clear to Defendant whether consideration of an equitable remedy should be preserved for the Court or should be given to the jury. Plaintiff's claims concerning the issue of back pay are claims of mixed legal and equitable remedies, and there is little legal precedent considering the application of ORS 659A.885(3)(b) to such claims.

Page 1 -   DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF
           REGARDING BACK PAY
    AB9/j4b/963104173
                        Department of Justice
                        1162 Court Street NE
                        Salem, OR 97301-4096
                        (503) 947-4700 / Fax: (503) 947-4791

## A. Oregon Supreme Court's application of ORS 659A.885.

ORS 659A.885 can be reasonably interpreted to provide that an entire action is to be tried to a jury if chosen by a party seeking compensatory damages under ORS 659A.885(3)(b). ORS 659A.885(1) provides, in part, "Except as provided in subsection (3) of this section: (a) [t]he judge shall determine the facts in an action under this subsection; . . ." Turning to subsection (3) of ORS 659A.885, the statute provides:

> In any action under subsection (1) of this section alleging a violation of [statutes including ORS 659A.112, 659A.199, and 659A.203]:
>
> (a) The court may award, in addition to the relief authorized under subsection (1) of this section, compensatory damages or $200, whichever is greater, and punitive damages;
>
> (b) At the request of any party, *the action* shall be tried by a jury; . . ."

(emphasis supplied).

The reasonable interpretation of this statutory language is that the entire action would go to a jury at the point that a party is seeking compensatory damages and has requested a jury trial.

However, at least one Oregon state court case has indicated that the court has the right to rule on equitable remedies within a claim under ORS 659A.885 that was otherwise tried to a jury. *See Summerfield v. Oregon Liquor Control Commission*, 366 Or. 763, 472 P.3d 231 (2020). In *Summerfield*, the plaintiff's case was tried to a jury that decided the defendant employer was liable for whistleblower retaliation, but awarded the plaintiff zero dollars in damages. *Id.* at 769. The plaintiff then subsequently moved the court to grant other equitable relief, which the court considered and ultimately declined to award. *Id.* Upon review, the Supreme Court upheld the trial court's decision, recognizing, "[w]hen, as here, a plaintiff has brought an action pursuant to ORS 659A.885(1), a trial court '*may* order injunctive relief and any other equitable relief that

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

may be appropriate, including but not limited to reinstatement or the hiring of employees with or without backpay.' (Emphasis added.) Thus, a trial court has discretion regarding whether to order equitable relief, even if the relief is appropriate." *Id.* at 786.

This tracks with this Court's determination in *Karthauser v. Columbia 9-1-1 Comm. Dist.*, 2023 WL 371649 *9-10 (D. Or. Jan. 24, 2023) that common questions of fact for determining liability would go to the jury, as well as issues of compensatory damages. *Summerfield* supports the Court's statutory interpretation of ORS 659A.885 that certain claims under ORS chapter 659A can be tried to a jury on the issues of fact necessary to determine liability and legal remedies under subsection (3) of the statute, and then the Court may consider ordering any equitable remedies under subsection (1) of the statute.

### B. *Teutscher v. Woodson* is distinguishable from this case.

*Teutscher v. Woodson*, 835 F.3d 936 (9th Cir. 2016), does not appear to be particularly instructive on this issue either way because it is distinguishable from the present case. In *Teutscher*, the Ninth Circuit contemplated whether a district court could award front pay and reinstatement as equitable remedies for retaliatory discharge after a jury already awarded compensatory damages that contemplated front pay. On the plaintiff's state law claims, the jury was instructed to decide "the amount that Plaintiff would have earned up to today, including any benefits and pay increases," to which they were instructed to add "the present cash value of any future wages and benefits that he would have earned for the length of time the employment with defendant was reasonably certain to continue" as well as damages for pain and suffering. *Id.* at 941. This resulted in a lump sum award with no breakdown of the amount of any particular category. *Id.* The trial court then decided the plaintiff's remaining claim under ERISA, ordering front pay and reinstatement and denying back pay. *Id.* at 942.

Page 3 -   DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF
         REGARDING BACK PAY
AB9/j4b/963104173                         Department of Justice
                                          1162 Court Street NE
                                          Salem, OR 97301-4096
                                          (503) 947-4700 / Fax: (503) 947-4791

The Ninth Circuit found abuse of discretion in the court's award of front pay, when it appeared the jury was instructed to consider front pay. In reaching its decision, the Ninth Circuit recognized that the plaintiff's state law claims and ERISA claim were legal in nature with respect to the right they protect, but that the ERISA claim was equitable in the nature of its remedies. *Id.* at 943. As a result, the Ninth Circuit determined "because of the wholly equitable nature of the available ERISA remedies, [the plaintiff's] ERISA claim is categorized as equitable—meaning he had no right to a jury trial on that claim." *Id.* at 944.

The present case is distinguishable from *Teutscher* because plaintiff's claims in question, ORS 659A.112, 659A.199, and 659A.203, do not exclusively provide equitable remedies. These claims cannot be said to be purely equitable in nature because, under ORS 659A.885(1) and (3), a plaintiff is entitled to seek equitable and legal remedies. Thus, the analysis under *Teutscher* does not appear to address the question in this case, whether the entirety of a claim with mixed equitable and legal remedies should be tried to a jury, or if the issue of equitable remedies may be separated out and decided by the Court.

### C. Defendant agrees with plaintiff to the extent that there are common issues of fact for the jury to decide that the Court would be obligated to follow.

Defendant agrees that there are common issues of fact that would be relevant to determine equitable and legal remedies for plaintiff's claims. However, that does not appear to preclude the Court from deciding on equitable remedies as long as it comports with the jury's determinations. This Court made that clear in *Karthauser*, wherein it acknowledged the Seventh Amendment binds a judge by the jury's decision on all issues common to the requests for legal and equitable relief. *Karthauser* at *10.

*Teutscher* also supports this, as the Ninth Circuit explained, "in a case where legal claims are tried by a jury and equitable claims are tried by a judge, and [those] claims are based on the

Page 4 -    DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF
            REGARDING BACK PAY
AB9/j4b/963104173
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

same facts, the trial judge must follow the jury's implicit or explicit factual determinations in deciding the equitable claims." 835 F.3d at 944 (internal quotations omitted) (quoting *L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (quoting *Miller v. Fairchild Indus.*, 885 F.2d 498, 507 (9th Cir. 19989))).

## CONCLUSION

Plaintiff's claims concerning the issue of back pay are claims of mixed legal and equitable remedies that do not easily allow a determination of this issue under existing precedence. However, *Summerfield v. OLCC* provides at least one example of the Court's proposed construction of ORS 659A.885, in which the claims were tried to the jury, with the question of any equitable remedy reserved for the Court.

DATED May 23, 2024.

                                                Respectfully submitted,

                                                ELLEN F. ROSENBLUM
                                                Attorney General

                                                *s/ Allie M. Boyd*
                                                MARC ABRAMS, #890149
                                                Assistant Attorney-in-Charge
                                                ALLIE BOYD, #163478
                                                Assistant Attorney General
                                                Trial Attorneys
                                                Tel (971) 673-1880
                                                Fax (971) 673-5000
                                                marc.abrams@doj.state.or.us
                                                allie.m.boyd@doj.state.or.us
                                                *Of Attorneys for Defendant*

Page 5 -    DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF
           REGARDING BACK PAY
    AB9/j4b/963104173
                                                Department of Justice
                                                1162 Court Street NE
                                                Salem, OR 97301-4096
                                                (503) 947-4700 / Fax: (503) 947-4791