Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CAMBRELENG & MARTON LLC**
3518 S. Corbett Ave.
Portland, Oregon 97239
Telephone: (503) 477-4899
*Of Attorneys for Plaintiff*

Meredith Holley, OSB No. 125647
Meredith@erisresolution.com
**Law Office of Meredith Holley**
207 E 5th Avenue, Suite 254
Eugene, Oregon 97401
Telephone: (458) 221-2671
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**,<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF OREGON LEGISLATIVE ASSEMBLY**,<br><br>Defendant. | Case No.   3:21-CV-00780-SI<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S TRIAL BRIEF REGARDING DEFENDANT'S AFFIRMATIVE DEFENSE** |

### INTRODUCTION

Plaintiff asks the Court not to instruct the jury on the affirmative defenses of Undue Hardship and Business Necessity as Defendant failed to timely plead those defenses and it would be unduly prejudicial to Plaintiff.

I.     **Undue Hardship and Business Necessity are not wrapped into Defendant's pleaded affirmative defenses.**

Defendant appears to concede now that Undue Hardship and Business Necessity are affirmative defenses, but now argues that they are wrapped within the affirmative defenses of Legitimate, Non-Discriminatory Reason and "Plaintiffs Responsible for Harm." Defendant's pleaded affirmative defenses, however, are clearly distinct from Undue Hardship and Business Necessity.

First, Defendant has not proposed any jury instruction consistent with its alleged third affirmative defense of "Plaintiffs Responsible for Harm," which Defendant has alleged as, "Some or all of the harm complained of was the result of the plaintiff's own actions or inactions." Undue Hardship and Business Necessity are not related to any action taken by Plaintiff, and therefore are not wrapped into that alleged defense. Defendant's proposed jury instruction regarding Undue Hardship, MCJI 12.10, describes Undue Hardship, in part, as follows:

> If the defendant proves by a preponderance of the evidence that providing an accommodation will impose an undue hardship on the operation of the defendant's business, the defendant is not liable under the ADA for failure to provide that accommodation.

> The term "undue hardship" means an action requiring significant difficulty or expense.

The Undue Hardship defense clearly has nothing to do with any action taken by Plaintiff and was not alleged in Defendant's Third Affirmative Defense.

Likewise, Defendant's proposed jury instruction regarding business necessity, MCJI 12.11, describes that defense, in part, as follows:

> If you find that the defendant's application of a standard, criterion, or policy has [the effect of screening out or otherwise denying a job or benefit to individuals with

plaintiff's disability] [a disparate impact on individuals with plaintiff's disability],[1] the defendant must prove, by a preponderance of the evidence, each of the following four elements regarding that standard, criterion, or policy:

First, it is uniformly applied;

Second, it is job-related;

Third, it is consistent with business necessity; and

Fourth, it cannot be met by a person with plaintiff's disability even with a reasonable accommodation.

Like Undue Hardship, Business Necessity is unrelated to any action taken by Plaintiff and was not alleged in Defendant's third affirmative defense. Defendant has also argued that it does not need to prove its third affirmative defense and so this defense should be disregarded. Def. Obj. to Pl. Proposed Jury Instructions at 6 (ECF No. 105).

Second, Defendant's second affirmative defense of "Legitimate, Non-Discriminatory Reason" is unrelated to Undue Hardship or Business Necessity. Defendant has argued that it intends to present evidence that plaintiff "did not perform her jobs adequately so that the employment decisions of defendant were based on non-discriminatory reasons such as competence, effectiveness and personal fit." Nothing prevents Defendant from arguing that it made the alleged adverse actions at issue for non-discriminatory reasons. That is a separate issue, though, from the issues of Undue Hardship or Business Necessity. Undue Hardship requires a defendant to plead and prove essentially that it may have taken an adverse action against a plaintiff because of her disability, but Defendant is excused for liability for that adverse action because accommodation was too expensive or difficult to implement. That is a distinct argument from the argument that a defendant did *not* take adverse action based on disability.

---

[1] The disparate impact claim in this case was previously dismissed at summary judgment. Opinion and Order, January 3, 2023, ECF No. 61 at 31-33.

Likewise, Business Necessity requires a Defendant to plead and prove that although it followed a standard, criterion, or policy that either screened out individuals with disabilities or had an adverse impact on individuals with disabilities, it followed that standard because of a business necessity. That is distinct from the alleged affirmative defense for the same reason as Undue Hardship: it assumes the action was discriminatory. Moreover, there is no allegation that Plaintiff was screened out from a hiring or benefit—rather the allegation is that Plaintiff was actively restricted and terminated.

Undue Hardship and Business Necessity are not wrapped into Defendant's Affirmative Defenses and the jury should not be instructed on those defenses.

## II.    Defendant's Amended Answer to Third Amended Complaint (ECF No. 140) should be stricken.

Defendant attempts to cure its failure to plead Undue Hardship and Business Necessity through filing of an Amended Answer (ECF No. 140), and Plaintiff asks the Court to strike this answer. Plaintiff's counsel, Meredith Holley, conferred with Defendant's counsel, Marc Abrams, pursuant to LR7-1, on May 16, 2024, and Mr. Abrams stated he believed Defendant was able to file the Amended Answer without conferring as a matter of right. Mr. Abrams emailed, "This is part of our response to your attack on our case, and will be referenced in our response to the memo you filed yesterday.  Feel free to address it in your reply." Plaintiff believes filing of the Amended Answer was not timely filed, Defendant failed to confer or get authority from the Court to file, and it does not cure Defendant's failure to plead Undue Hardship or Business Necessity. It would be prejudicial to Plaintiff if the Court allows these defenses to go forward.

Fed. R. Civ. P. 15(a)(1) provides that any party may amend its pleading "once as a matter of course" within 21 days after serving the pleading. Here, Defendant filed its Answer responding to Plaintiff's substantive allegations regarding the 2020 restriction and termination on February 1,

2022, and this amendment at ECF No. 140 was filed more than 2 years later. Defendant filed its Answer to the allegations regarding the 2023 termination on April 13, 2023, more than a year before this amendment. Defendant did not confer regarding its Amended Answer at ECF No. 140.

Plaintiff's Third Amended Complaint only removed and clarified allegations. It did not assert any new facts that would have justified new affirmative defenses. As previously argued, a defendant waives a defense if it does not allege that defense in response to the original allegations. Fed. R. Civ. P. 8(c)(1); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1118-19 (9th Cir. 2022) ("[A] 'defendant's failure to raise an "affirmative defense" in his answer effects waiver of that defense.'") (quoting *In re. Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007)). A defendant is not required to file a new answer to an amended complaint "when the allegations in the amended complaint do not 'change the theory or scope of the case.'" *KST Data, Inc. v. DXC Technology Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (quoting *Stanley Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 665 (E.D. Cal. 1990)). An amended complaint, however, does not re-set Defendant's waiver of defenses from its original response to substantive allegations. *See id.* (considering *Moore v. Chase, Inc.* 2016 WL 866121 *6 (E.D. Cal. March 7, 2016) (defendant waived affirmative defense before summary judgment by failing to plead it in responsive pleading)). *See also Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997) ("… if an amended complaint does not change the theory or scope of the case, a decant [sic] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim.").

As previously argued, discovery has ended in this case, and the affirmative defenses of Undue Hardship and Business Necessity would require factual pleading and discovery as they are distinct from Defendant's alleged defenses. Additionally, in its Response, Defendant cites to no facts that would actually support the Undue Hardship or Business Necessity theories, but merely argues that it wishes to argue it was motivated by non-discriminatory reasons. This argument is distinct from both newly asserted defenses in that both new defenses essentially admit

discrimination, but that non-discrimination would have been too costly or difficult or that business necessity required the discriminatory outcome.

Instructing the jury on Undue Hardship or Business necessity would prejudice Plaintiff.

CONCLUSION

Defendant has failed to provide Plaintiff with notice of undue hardship and business necessity defenses, and has therefore waived those defenses. Plaintiff asks the Court to deny Defendant's request to instruct the jury on unalleged defenses.

Dated this 30th day of May, 2024.

Respectfully submitted,

_/s Rebecca Cambreleng_____
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S. Corbett Avenue
Portland, OR 97239
*Of Attorneys for Plaintiff*

Meredith Holley(she/her), OSB No. 125647
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
*Of Attorneys for Plaintiff*

Page 6 - **PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE TO PLAINTIFF'S TRIAL BRIEF
REGARDING AFFIRMATIVE DEFENSE**

Cambreleng & Marton LLC
3518 S Corbett Ave
Portland, Oregon 97239
(503) 477-4899

## CERTIFICATE OF SERVICE

I certify that on May 30, 2024, I served the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S TRIAL BRIEF REGARDING DEFENDANT'S AFFIRMATIVE DEFENSE** upon the parties hereto via electronic means through the Court's Case Management/Electronic Case File system and via electronic mail:

> Meredith Holley, OSB No. 125647
> Meredith@erisresolution.com
> Eris Conflict Resolution
> 207 E 5th Avenue, Suite 254
> Eugene, Oregon 97401
> *Of Attorneys for Plaintiff*
>
> Marc Abrams, OSB No. 890149
> Marc.abrams@doj.state.or.us
> Allie Boyd, OSB No. 163478
> Allie.m.boyd@doj.state.or.us
> Oregon Department of Justice
> 100 SW Market Street
> Portland, Oregon 97201
> *Attorneys for Defendant*

CAMBRELENG & MARTON LLC


By: s/ Maxwell Joyner
Max Joyner, Paralegal