IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**STATE OF OREGON, LEGISLATIVE ASSEMBLY**,<br><br>　　　　Defendant. | Case No. 3:21-cv-780-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　　　Laura Hanson brings this case against her former employer, the Legislative Assembly of the State of Oregon (the Legislature). Among other claims, Hanson alleges state-law claims of disability discrimination under Oregon Revised Statutes (ORS) § 659A.112 and whistleblower retaliation under ORS §§ 659A.199 and 659A.203. For these claims, Hanson seeks both compensatory damages, and equitable relief in the form of back pay. Hanson argues that under ORS § 659A.885, which governs civil actions for claims of employment discrimination and retaliation, her claim for back pay must be tried to a jury at her request. For the reasons explained

PAGE 1 – ORDER

below, the Court rejects Hanson's argument. Under ORS § 659A.885, Hanson's claim for back pay must be tried to the Court.

Whether Hanson's claim for back pay must to be tried to a jury hinges on the relationship between two subsections of ORS § 659A.885: subsection (1), which provides for equitable relief (including back pay[1]); and subsection (2), which provides for compensatory and punitive damages.[2] Subsection (1) provides that for violations of certain state laws, including the disability discrimination and whistleblower retaliation laws under which Hanson brings her claims, "the court may order injunctive relief and any other equitable relief that may be appropriate, including but not limited to reinstatement or the hiring of employees with or without back pay." Subsection (1) further provides that "*except as provided in subsection (3) of this section*," "[t]he judge shall determine the facts in an action under this subsection." ORS § 659A.885(1), (1)(a) (emphasis added). Subsection (3), in turn, provides that for an "action . . . alleging a violation of" an enumerated *subset* of the laws referenced in subsection (1)—a subset that includes the disability discrimination and whistleblower retaliation laws under which Hanson brings her claims—a court may award, in addition to equitable relief authorized under subsection (1), compensatory and punitive damages. ORS § 659A.885(3)(a). Subsection (3) further provides that for "any action . . . alleging a violation of" the enumerated laws, "[a]t the

---

[1] "A request for back pay . . . is an equitable claim." *Seitz v. Albina Human Res. Ctr.*, 100 Or. App. 665, 673 (1990) (construing *former* ORS § 659.121, the precursor to ORS § 659A.885); *see also Holien v. Sears, Roebuck, & Co.*, 298 Or. 76, 95 (1984) (explaining that by enacting the provisions of Oregon disability law that are now codified at ORS § 659A.885(1), the Oregon Legislature allowed aggrieved employees to obtain only equitable relief, and not compensatory or punitive damages (construing *former* ORS § 659.121)).

[2] Hanson does not seek punitive damages.

PAGE 2 – ORDER

request of any party, *the action* shall be tried to a jury." ORS § 659A.885(3)(b) (emphasis added).

Hanson argues that because the statute provides that "[t]he judge shall determine the facts in an action [under subsection (1)]" "*except as provided in subsection (3),*" the requirement in subsection (3) that "the *action*" be tried to a jury upon a party's request, supersedes the requirement in subsection (1) that "[t]he judge shall determine the facts in an action under [subsection (1)]," including a claim for equitable relief. In other words, according to Hanson, "the action" as that term is used in ORS § 659A.885(3) extends to *all* forms of relief sought for an alleged violation of a particular law.[3] Thus, Hanson concludes, for her disability discrimination and whistleblower retaliation claims, the jury must not only decide Hanson's claims for compensatory damages, but also must decide her claim for back pay.

Hanson's theory proves too much. Under that theory, a plaintiff who brings a claim under any of the provisions enumerated in subsection (3) and seeks equitable relief available under subsection (1) must have her claim for equitable relief tried to a jury—even a claim for injunctive relief "including but not limited to reinstatement or the hiring of employees." *See* ORS § 659A.885(1). That interpretation of the statute is not plausible. Rather, the most logical reading of ORS § 659A.885(3) is that a claim for compensatory or punitive damages must be tried to a jury if a party so requests, whereas a claim for equitable relief, including for back pay, must be decided by the court.

---

[3] Hanson relies in part on the broad definition of "action" found in ORS § 18.005(1), which defines "action" to mean "any proceeding commenced in a court in which the court may render a judgment." That definition, however, applies only to "action" as that term is used in ORS Chapter 18, which governs judgments. *See* ORS § 18.005 ("As used in this chapter . . . .").

PAGE 3 – ORDER

Because the Court concludes that ORS § 659A.885 does not require Hanson's claim for back pay to be tried to a jury, Hanson's claim for back pay will be decided by the Court. Any facts decided by the jury in resolving her claims for other types of relief, however, will be binding on the Court in resolving her claim for back pay. *See Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016) ("[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge, and those claims are based on the same facts, the trial judge must follow the jury's implicit or explicit factual determinations." (cleaned up)).

**IT IS SO ORDERED.**

DATED this 4th day of June, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER