IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA HANSON**, | Case No. 3:21-cv-780-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **STATE OF OREGON, LEGISLATIVE ASSEMBLY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Laura Hanson brings this case against her former employer, the Legislative Assembly of the State of Oregon (the State). Hanson asserts five claims under state and federal law, including for disability discrimination in violation of Oregon Revised Statutes (ORS) § 659A.112; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Among other claims, Hanson alleges discrimination based on actual disability, and discrimination based on a failure to accommodate. In Count One of Hanson's First Claim, brought under Oregon law, and Count One of Hanson's Second Claim, brought under federal law, Hanson alleges that the State unlawfully took adverse

actions against her because of her disability, including placing her on paid administrative leave and terminating her employment. In Count Two of Hanson's First Claim, brought under Oregon law, and Count Two of Hanson's Second Claim, brought under federal law, Hanson alleges that the State unlawfully failed to accommodate her disabilities. For purposes of this Order, the Court will refer to these four Counts collectively as the "Disability Discrimination Claims."

The State proposes that the Court instruct the jury on two defenses related to the Disability Discrimination Claims. First, the State proposes that the Court's Final Jury Instructions include the Ninth Circuit's Model Civil Jury Instruction (MCJI) 12.10, which instructs a jury on the affirmative defense of "undue hardship."[1] Second, the State proposes the inclusion of MCJI 12.11, which instructs a jury on the affirmative defense of "business necessity."[2] Hanson opposes the inclusion of those instructions. For the reasons explained below, if warranted by the evidence presented at trial, the Court will instruct the jury on the affirmative defense "undue hardship." The Court, however, will not instruct the jury on the affirmative defense of "business necessity."

## BACKGROUND

As discussed, the parties dispute whether the Court's Final Jury Instructions should include MCJI 12.10, which instructs the jury on the affirmative defense of "undue hardship," and MCJI 12.11, which instructs the jury on the affirmative defense of "business necessity."  MCJI 12.10 provides in part:

> The defendant has asserted the affirmative defense of "undue hardship." A defendant is not required to provide an

---

[1] The State references MCJI 12.8. In the current Manual of Model Civil Jury Instructions, the "undue hardship" instruction is MCJI 12.10.

[2] The State references MCJI 12.10. In the current Manual of Model Civil Jury Instructions, the "business necessity" instruction is MCJI 12.11.

accommodation that will impose an undue hardship on the operation of the defendant's business. If the defendant proves by a preponderance of the evidence that providing an accommodation will impose an undue hardship on the operation of the defendant's business, the defendant is not liable under the ADA for failure to provide that accommodation.

The term "undue hardship" means an action requiring significant difficulty or expense. It considers the financial realities of the particular defendant and refers to any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business.

MCJI 12.10 then lists several factors that may be included in the consideration of whether an accommodation would cause "undue hardship." MCJI 12.11 provides:

Business necessity is a defense to a claim of discrimination under the ADA.

If you find that the defendant's application of a standard, criterion, or policy has [the effect of screening out or otherwise denying a job or benefit to individuals with plaintiff's disability] [a disparate impact on individuals with plaintiff's disability], the defendant must prove, by a preponderance of the evidence, each of the following four elements regarding that standard, criterion, or policy:

First, it is uniformly applied;

Second, it is job-related;

Third, it is consistent with business necessity; and

Fourth, it cannot be met by a person with plaintiff's disability even with a reasonable accommodation.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff, unless you also find that the defendant has proved each of the elements of this affirmative defense, in which event your verdict should be for the defendant.

(brackets in original).

Hanson argues that the State waived the defenses of undue hardship and business necessity by failing to plead those defenses until May 16, 2024, when the State filed its Amended

PAGE 3 – ORDER

Answer to the Third Amended Complaint (Amended Answer). Hanson further argues that

allowing those defenses at this stage would be unfairly prejudicial.

      The State responds that the affirmative defenses of undue hardship and business necessity

were implicitly contained in the other defenses asserted in each of its prior Answers. Those

earlier-asserted defenses include the following:

OBJECTIVE, NON-DISCRIMNATORY REASONS

> Defendant had valid, legitimate, objectively reasonable, non-
> discriminatory and nonretaliatory reasons for all actions taken, and
> such actions were not based upon any improper motive or taken for
> any improper purpose.

*See, e.g.*, ECF 17 (Answer to Complaint) ¶ 129; ECF 66 (Answer to Second Amended

Complaint) ¶ 94. The State also argues that the relevant issues in this case have been clear for

years and that Hanson therefore cannot plausibly claim that she would be prejudiced if the State

is permitted to assert these defenses. Finally, the State argues that the affirmative defenses of

undue hardship and business necessity should be permitted because the inclusion of those

defenses in the State's Amended Answer "mooted plaintiff's concerns."

      On reply, Hanson disputes the State's contention that the two defenses are incorporated

into the State's earlier-asserted defenses, and she reprises her arguments regarding prejudice.

Hanson also asks that the Court strike the State's Amended Answer.

**DISCUSSION**

**A.  Undue Hardship**

      For two reasons, the Court finds unpersuasive Hanson's arguments that the jury should

not be instructed on the defense of undue hardship. First, the Ninth Circuit has implicitly

recognized that whether an accommodation imposes an undue hardship goes directly to the

question of whether a proposed accommodation is reasonable—an element of a claim of

discrimination for failure to accommodate. *See, e.g.*, *Dark v. Curry County*, 451 F.3d 1078, 1090 (9th Cir. 2006) ("Even an extended medical leave, or an extension of an existing leave period, may be a reasonable accommodation *if it does not [im]pose an undue hardship* on the employer." (emphasis added) (quoting *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999))); *Nunes*, 164 F.3d at 1247 ("Determining whether a proposed accommodation . . . is reasonable, *including whether it imposes an undue hardship on the employer*, requires a fact-specific inquiry." (emphasis added)). Consistent with those cases, the Court finds persuasive the reasoning of courts that have concluded that a defendant who fails to plead undue hardship does not thereby waive that defense. As one court explained:

> [P]laintiff has the burden of production to establish a prima facie case of disability discrimination, which includes a failure to reasonably accommodate, at which point the burden of production shifts to the defendant to show "undue hardship" just as a defendant in a race discrimination case would have the burden of producing evidence of a legitimate non-discriminatory reason for the adverse employment action. Such evidence directly contravenes the claim that the proposed accommodation—in this case the use of a wheelchair on the job—was reasonable. Accordingly, the claim of "undue hardship" is not a true affirmative defense that is waived if not pled.

*Chou v. Potter*, 2009 WL 10674159, at *2 (C.D. Cal. June 12, 2009); *see also Furlow v. TWC Admin.*, 2019 WL 9834332, at *10 n.12 (C.D. Cal. Aug. 23, 2019) (noting that "[u]ndue hardship has been determined to be relevant to a plaintiff's prima facie showing" (citing *Nunes*)); *Salgado v. Iqvia, Inc.*, 459 F. Supp. 3d 1318, 132 n.4 (S.D. Cal. 2020) (ratifying *Chou*). Accordingly, the Court rejects Hanson's argument that a party who fails to assert a defense of undue hardship thereby waives that defense.

Second, even if undue hardship *is* an affirmative defense that is waived if not pled, the Court agrees with the State that the defense of undue hardship is subsumed within the general defense of "Objective, Non-Discriminatory Reasons" that the State has pled in each of its

Answers: "Defendant had valid, legitimate, objectively reasonable, non-discriminatory and nonretaliatory reasons for all actions taken, and such actions were not based upon any improper motive or taken for any improper purpose." The Court thus finds unavailing Hanson's argument that she lacked notice of the defense of undue hardship and would therefore suffer unfair prejudice if the State asserts that defense. *See Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). Accordingly, if warranted by the evidence presented at trial, the Court will instruct the jury on the affirmative defense of undue hardship.

## B. Business Necessity

Under 42 U.S.C. § 12112(b)(6), the defense of "business necessity" applies to a claim that an employer has "us[ed] qualification standards, employment tests[,] or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities." Similarly, under ORS § 659A.112(2)(g), the defense of "business necessity" applies to a claim that an employer "uses qualification standards, employment tests[,] or other selection criteria . . . that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test[,] or other selection criterion."

Hanson does not allege that she was not selected for a job or benefit because of her disability—let alone not selected for a job or benefit because of "selection criteria" that are discriminatory under the ADA. As Hanson acknowledges, "there is no allegation that Plaintiff was screened out from a hiring on benefit—rather[, Plaintiff's] allegation is that Plaintiff was actively restricted and terminated."[3] *See also* MCJI 12.11, cmt. (collecting cases discussing

---

[3] Employment discrimination claims brought under a theory of "disparate impact" involve allegations of "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (quotation

application of the business necessity defense). Providing an instruction on a defense to a claim

that Plaintiff does not assert would confuse to the jury. Accordingly, the Court declines to

instruct the jury on the defense of business necessity.[4]

## C.  Motion to Strike

On May 10th, 2024, the State filed an Answer to the Third Amended Complaint.

ECF 135. In that Answer, the State asserts the same defenses asserted in its prior Answers; none

of those Answers expressly asserted defenses of undue hardship or business necessity. On

May 16th—the same day that Hanson filed a trial brief arguing for the exclusion of the two jury

instructions discussed above—the State filed its Amended Answer. ECF 140. In the Amended

Answer, the State expressly asserts, for the first time, the following defense of "undue hardship":

"The accommodation(s) requested by plaintiff would have constituted an undue hardship such

that defendant is not liable for failure to provide any such accommodation it might have been

required to provide." *Id.* ¶ 77. The State also asserts, for the first time, the following defense,

which the State titles "Business Necessity": "Defendant applied job-related standards uniformly

and for reasons of business necessity[,] such that plaintiff could not have performed even with a

reasonable accommodation, should such have been required." *Id.* ¶ 78.

---

marks omitted). The Court granted summary judgment against Hanson's disparate impact claim
in January 2023. *Hanson v. Or., Legis. Assembly*, 2023 WL 22196, at 15 (D. Or. Jan. 3, 2023)
(ECF 61 at 31-33).

[4] In its Amended Answer, the State expressly asserts for the first time the following
defense, under the heading "Business Necessity": "Defendant applied job-related standards
uniformly and for reasons of business necessity[ ]such that plaintiff could not have performed
even with a reasonable accommodation, should such have been required." ECF 140 ¶ 78. The
Court's decision not to include MCJI 12.11 does not preclude the State from arguing, consistent
with that asserted defense, that the State took the allegedly discriminatory actions for reasons
having nothing to do with Hanson's disability, or that Hanson was not a qualified individual;
both arguments go directly to elements of Hanson's Disability Discrimination Claims.

Hanson moves to strike the Amended Answer. According to Hanson, the filing of the Amended Answer was improper because the Third Amended Complaint only removed and clarified allegations and did not allege any new facts that would have justified new affirmative defenses. For the reasons explained above—reasons unrelated to the State's filing of the Amended Answer—the Court has resolved the question of whether to include the affirmative defenses of undue hardship and business necessity. Accordingly, the Court denies Hanson's motion to strike.

## CONCLUSION

If warranted by the evidence presented at trail, the Court will instruct the jury on the affirmative defense of "undue hardship." The Court, however, will not instruct the jury on the affirmative defense of "business necessity." The Court DENIES Plaintiff's request to strike Defendant's Amended Answer. *See* ECF 6 at 4-5.

**IT IS SO ORDERED.**

DATED this 11th day of June, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge